**COLLIER, HALPERN, NEWBERG, NOLLETTI & BOCK, LLP**
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 684-6800
FAX (914) 684-6986
http://www.chnnb.com

PHILIP M. HALPERN (ALSO CT)
DAVID A. NEWBERG
HARRY J. NICOLAY, JR. (ALSO NJ)
JAMES J. NOLLETTI †
SCOTT M. SALANT (ALSO MA)

† Fellow, American Academy of Matrimonial Lawyers

HOWARD S. BONFIELD (ALSO NJ)
EFREM Z. FISCHER (ALSO NJ)
ANDREW H. FRIED
EILEEN GONG (ALSO CA)
SHARI B. HOCHBERG (ALSO NJ)
ALEXANDRA M. MAXWELL (ALSO CT)

WALLACE BOCK
WILLIAM J. COLLIER, JR. (ALSO CT)
    SENIOR COUNSEL

HON. PETER P. ROSATO (ret.)
LEWIS W. SIEGEL
    COUNSEL

July 23, 2014

NEW YORK OFFICE:
630 THIRD AVENUE - 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 431-1300
FAX: (212) 696-4064

CONNECTICUT OFFICE:
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 348-5255

PAUL J. MONSELL (1948-1993)
DONALD L. WALLACE (1925-2002)

**VIA ELECTRONIC FILING AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District Of New York
500 Pearl Street
New York, New York 10007

> Re:  **XL Specialty Insurance Company v. John R. Lakian,
> Diane W. Lamm, & Kobre & Kim LLP (S.D.N.Y.) (14-CV-5225)**

     We represent Proposed Intervenors Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW"), both of which seek intervention as of right in the above-referenced interpleader action pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, permissive intervention pursuant to Fed. R. Civ. P. 24(b). In accordance with Rule III.A of Your Honor's Individual Practices, we are writing to request a pre-motion conference to permit Knox and DJW to file a motion to intervene in this action.

    *The Instant Interpleader Action*

     As set forth in the Complaint (ECF Doc No. 2), this interpleader action was filed as a means to resolve "conflicting and competing demands" as to the remaining $1,372,596.10 of the $3,000,000 insurance policy that the Plaintiff issued to its insured Capital L Group, LLC ("Capital L"), and "[t]o permit all interested parties to present their claims to the Policy in an orderly manner." Complaint, ¶¶ 1, 4, 7. Proposed Intervenors Knox and DJW are the Plaintiffs in the Knox Action that is referenced in paragraph 2 of the Complaint and described in greater detail in paragraphs 37-44 thereof, while the three Defendants to the Knox Action – Capital L,

John R. Lakian ("Lakian"), and Diane W. Lamm ("Lamm") - - are all insureds under the Policy at issue in this interpleader action. Complaint, ¶¶ 1, 23.

### Knox And DJW Have Unsatisfied Judgments Against Insured Capital L

On March 27, 2014, a Judgment was filed and docketed in the County Clerk's Office of the Supreme Court of the State of New York, County of New York in favor of Knox against Capital L in the Knox Action in the amount of $2,573,918.63. On that same date, a Judgment was filed and docketed in the County Clerk's Office of the Supreme Court of the State of New York, County of New York in favor of DJW against Capital L in the Knox Action in the amount of $64,566.10. A copy of the Judgment in favor of Knox and DJW against Capital L is attached hereto as Exhibit A. Although the Judgment was served upon Capital L, it remains unsatisfied to date, as no payment has been received in connection therewith. Furthermore, as to insureds Lakian and Lamm, as expressly stated in the Complaint in this interpleader action, "XL Specialty *acknowledged coverage* under the Policy for Lakian and Lamm for the Knox Action." Complaint, ¶ 38 (emphasis supplied).

### Knox And DJW Are Entitled To Intervene Under Fed. R. Civ. P. 24(a)

Knox and DJW satisfy all four of the requirements to intervene as of right under Fed. R. Civ. P. 24(a) - - namely that: (1) Knox/DJW's motion to intervene would be timely, as the instant interpleader action was filed on July 14, 2014, such that none of the existing parties would be prejudiced by Knox/DJW's intervention in this action at this juncture; (2) Knox and DJW, by virtue of their unsatisfied Judgment against insured Capital L (and the insurer's recognition of coverage for insureds Lakian and Lamm in the Knox Action), have direct and legally protectible interests in the funds that are the subject of this interpleader action; (3) Knox and DJW are so situated that, without intervention, the disposition of the interpleader action may as a practical matter impair or impede their ability to protect their interests in the funds at issue; and (4) the interests of Knox and DJW are not adequately represented or protected by the existing parties to the interpleader action, as Knox and DJW are the only parties with claims to the funds at issue that have actually been reduced to judgment. *See* Fed. R. Civ. P. 24(a).

### Alternatively, Knox And DJW Are Entitled To Permissive Intervention Under Fed. R. Civ. P. 24(b)

Alternatively, this Court should allow Knox and DJW to permissively intervene under Fed. R. Civ. P. 24(b) on the grounds that: (a) their intervention would be timely and would not prejudice any of the existing parties to the interpleader action or otherwise delay the proceedings; (b) their intervention is especially appropriate here given that the nature of an interpleader action is to adjudicate the respective rights of all parties with interests in the interpleaded funds, thereby enabling the Court to resolve all competing claims in a single proceeding; and (c) the claims of Proposed Intervenors Knox and DJW and the existing Defendants share common questions of law and fact, as the named parties and the Proposed Intervenors all seek the same relief from the Court – an adjudication of the parties' respective interests in the interpleaded funds.

We respectfully request that the Court promptly schedule a pre-motion conference with regard to Knox's and DJW's proposed motion to intervene.

Respectfully submitted,

Philip M. Halpern