# ANDERSON KILL P.C.

Attorneys and Counsellors at Law

1055 WASHINGTON BOULEVARD, SUITE 510 ■ STAMFORD, CT 06901
TELEPHONE: 203-388-7950 ■ FAX: 203-388-0750
www.andersonkill.com

Edward J. Stein, Esq.
Estein@andersonkill.com
203-388-7945

*Via ECF Filing*                                                  August 4, 2014

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

              Re:    **XL Specialty Insurance Company v. Lakian, et al.**
                     Case No. 14-cv-5225 (AT)

Dear Judge Torres:

      We represent Kobre & Kim LLP, a named defendant in the above-referenced case. We write (1) to respond to the July 23, 2014 pre-motion conference requested by proposed intervenors, Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW"), which seek intervention pursuant to Fed. R. Civ. P. 24(a) or, in the alternative, Fed. R. Civ. P. 24(b) (the "Knox & DJW Request"); and (2) to provide the Court with an update with respect to the status of the dispute that led to the interpleader action being filed in this case.

     (1) Response to the Knox & DJW Request to Intervene

      The proposed intervention is futile and fails as a matter of law because Knox and DJW do not have "direct and legally protectible [sic] interests in the funds that are the subject of this interpleader action." *See* Knox & DJW Request at 2. If the motion is permitted, then Kobre & Kim will oppose it, for reasons including but not limited to the following:

      As stated in their July 23 letter, Knox & DJW obtained a default judgment against Capital L earlier this year. XL Specialty Insurance Company ("XL Specialty"), the plaintiff here, issued an insurance policy under which certain claims against Capital L might be covered. A copy of the insurance policy is attached as Exhibit A. The policy provides:

1035680.3

> (1) It shall be the duty of the **Insureds** to defend any **Claim** under this **Policy**.
>
> (2) No **Insured** may incur any **Defense Expenses** or admit any liability for . . . any **Claim** without the Insurer's consent . . . . The Insurer will have the right to make investigations and conduct negotiations and, with the consent of the **Insured**, enter into such settlement of any **Claim** as the Insurer deems appropriate.

Ex. A, Form FD 71 04 09 00 at pp. 2-3, § II.(B) (emphasis in original). The policy also states that "As a condition precedent to any right to payment under the Policy, the **Insured** shall give written notice to the Insurer of any **Claim** as soon as practicable after it is first made." *Id.* at p. 3, § II.(C)(1) (emphasis in original).

To the extent Capital L might otherwise be covered under the policy for the claims asserted by Knox & DJW, its material breach of the insurance policy by failing to defend and defaulting is indisputable. We also are informed and believe that Capital L breached its obligation to provide timely notice of the suit by Knox & DJW.

XL Specialty has no obligations to Capital L under the policy, because of Capital L's failures to, *inter alia,* provide timely notice of the suit, defend it, and provide XL Specialty an opportunity to investigate or consent to what amounts to an admission of liability through the entry of default. *See, e.g., Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y.3d 332 (2005) (under policy requiring notice "as soon as practicable," notification to insurance company of underlying claim after entry of default held unreasonable as a matter of law, forfeiting coverage); NY Ins. Law § 3420(c)(2)(B) ("irrebuttable presumption of prejudice shall apply if, prior to notice, the insured's liability has been determined by a court of competent jurisdiction ... "); *id.* § 3420(c)(2)(C) ("[t]he insurer's rights shall not be deemed prejudiced *unless the failure to timely provide notice materially impairs the ability of the insurer to investigate or defend the claim.*") (emphasis added); *Matter of State Farm Indem. Co. v. Moore*, 58 A.D.3d 429, 430 (2009) (when an insured deliberately fails to cooperate, insurer may disclaim coverage); *Rocco v. Cont'l Ins. Co.*, No. CV990171669SX05, 2003 WL 21235478 (Conn. Super. Ct. May 13, 2003) ("A substantial or material breach of a cooperation clause in an insurance policy puts an end to an underwriter's obligation to its insured.") (collecting cases).

Furthermore, Knox & DJW have not shown any right to commence a direct action against Capital L's insurance company. Yet, even if they could "step into the shoes" of Capital L and seek payment from XL Specialty under the policy,

Honorable Analisa Torres
August 4, 2014
Page 3

they would not obtain any greater rights than Capital L and are equally subject to XL Specialty's absolute coverage defenses against Capital L under the policy. *See D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 665 (N.Y. 1990); *Fisher v. Hanover Ins. Co.*, 288 A.D.2d 806 (2001) (in a direct action under New York law, where insured failed to comply with notice requirement, insurance company was not liable for default judgment against the insured, even though it might have had notice of accident and claim through settlement discussions); *Tucker v. Am. Intern. Group, Inc.*, 745 F. Supp. 2d 53, 59 (D. Conn. 2010).

Finally, as Capital L's subrogees, Knox & DJW certainly would not have any greater rights than other insureds who have fulfilled their policy obligations, such as Defendant Dianne Lamm. Knox & DJW have not shown any reason why XL Specialty should not simply pay out the limit of its policy for the benefit of the first insured to make a legitimate claim. *See STV Group v. American Continental Props.*, 234 A.D.2d 50, 51 (1996) ("An insurer may settle with less than all of the claimants under a particular policy even if such settlement exhausts the policy proceeds ... , especially where ... there is a *bona fide* issue as to whether the disfavored claim is covered under the policy.")(citation omitted); *see generally* 70A NY Jur Insurance § 2216 ("In the absence of a policy provision for prorating, where judgments were obtained or are about to be obtained against an insured in different actions, the insurance proceeds are to be distributed on a first-come, first-served basis, according to priority of judgment.")

Accordingly, the proposed motion to intervene by Knox & DJW should fail as a matter of law, and we will urge the Court to deny it.

(2) <u>Status of Dispute That Led to Filing of Interpleader Action</u>

On July 14, 2014, XL Specialty filed this action, alleging a dispute between Kobre & Kim and its former client, insured Dianne Lamm, regarding entitlement to payment of money under the policy. Essentially, XL Specialty took the position that it was a neutral stakeholder in a dispute between its insured and its former counsel regarding entitlement to the remaining policy proceeds and sought permission to deposit the balance of the policy with the Court to determine who was entitled to the money.

      Since the filing of the interpleader complaint, Kobre & Kim and the other interpleader defendants (Lamm and John Lakian) have engaged in settlement discussions and have reached a settlement in principle regarding how the interpleader proceeds should be divided. Accordingly, we expect that the parties will make an application with the Court seeking disbursement of the interpleaded funds shortly.

                                                  Sincerely,

                                                  Edward J. Stein

Enclosure

cc:    Hon. Analisa Torres (Torres_NYSDChambers@nysd.uscourts.gov)
        Philip M. Halpern, Esq. (phalpern@chnnb.com)
        John H. Eickemeyer, Esq. (jeickemeyer@vedderprice.com)
        Jonathan Wexler, Esq. (jwexler@vedderprice.com)
        David H. Topol, Esq. (DTopol@wileyrein.com)
        Leland H. Jones IV, Esq. (LJonesIV@wileyrein.com)
        Richard A. Berran, Esq. (rberan@mccarter.com)