

August 6, 2014

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:  *XL Specialty Insurance Company v. Lakian, et al.*
      Civil Action No. 14-cv-5225

Dear Judge Torres:

Defendants John R. Lakian and Diane W. Lamm will oppose intervention by Knox and DJW for the same reasons identified by Kobre & Kim in its August 4, 2014 pre-motion response.  Namely, the proposed motion to intervene would be futile.

In addition, Knox/DJW do not have a right to maintain a direct action against XL. *See* N.Y. Ins. Law § 3420(a) (limiting scope of statute to policies "insuring against liability for injury to person . . . or for injury to, or destruction of, property."); *see also Commonwealth Land Title Ins. Co. v. A.M. Signature Servs., Inc.*, No. 13-cv-3266, 2014 WL 672926, at *7, n.6 (E.D.N.Y. Feb. 20, 2014) (suggesting the language of 3420 does not apply to a professional liability policy).  The policy at issue here is a director's and officer's policy that does not insure -- and specifically excludes -- bodily injury and property damage claims.

Even if the Court somehow finds that Knox/DJW have the right to pursue a direct action (which it should not), Knox/DJW have taken none of the necessary steps to enforce that right.  We understand from XL's counsel that Knox/DJW have never communicated with XL regarding Capital L in any respect.  Thus, they have failed to meet the conditions precedent to any direct action.  *See, e.g,* N.Y. Ins. Law § 3420(a)(2)-(4) (prescribing service and notice requirements prior to commencement of a direct action); N.Y. C.P.L.R. 5230(b) (providing procedure for a judgment creditor to seek to enforce the underlying default judgment); *see also, Lang v. Hanover Insur. Co.*, 3 N.Y.3d 350, 354 (NY 2004) (noting that compliance with section 3420 is a condition precedent to any direct action against an insurer). In short, Knox/DJW should not be permitted to sidestep all procedural requirements by intervening in this action.

Brian J. Osias
Partner
T. 973-639-6956
F. 973-297-3904
bosias@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

BOSTON

HARTFORD

NEW YORK

NEWARK

PHILADELPHIA

STAMFORD

WASHINGTON, DC

WILMINGTON

Furthermore, we understand from XL's counsel that XL intends to take "no position" and remain "neutral" in connection with Knox/DJW's proposed motion to intervene. Such a stance, however, is inconsistent with XL's fiduciary obligations to its insureds. *See, e.g., Hartford Acc. & Indem. Co. v Mich. Mut. Ins. Co.*, 462 N.Y.S.2d 175, 178 (N.Y. App. Div. 1983) *affd*, 463 NE2d 608 (N.Y. 1984). XL should confirm that Capital L forfeited any right it may have had to coverage for the reasons expressed previously by Kobre & Kim. At a minimum, XL should not be permitted to stand idly by, leaving its insureds to quarrel with third-party claimants over questions of coverage and risk the loss of their rightful policy benefits in favor of a stranger to the insurance relationship; any such loss would expose XL to extracontractual liability in order to make their insureds whole.

Finally, Knox/DJW's attempt to intervene in this action is delaying and prejudicing two pending actions, *Knox, LLC, et al. v. Capital L Group, LLC, et al.*, No. 651880/2012 (N.Y. Sup. Ct., N.Y. Cnty.), and *Braingan, et al. v. Lakian, et al.*, No. 651957/2012 (N.Y. Sup. Ct., N.Y. Cnty.). Knox is the plaintiff in the first action. Mr. Lakian and Ms. Lamm are defendants in each of these actions and must respond to imminent deadlines. Without a resolution of the coverage issues in this action, Mr. Lakian and Ms. Lamm are rendered unable to fund their defense. Knox/DJW's motion to intervene, coupled with XL's inaction, will only delay that resolution and prejudice Mr. Lakian and Ms. Lamm.

In light of the time sensitive considerations described above, we respectfully request an expedited conference.

We look forward to discussing these matters further with the Court.

Respectfully submitted,

*/s/ Brian J. Osias*

Brian J. Osias

cc: All Counsel of Record (via ECF)