EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

A PROFESSIONAL CORPORATION

805 THIRD AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE (212) 752-1000

FACSIMILE (212) 355-4608

August 7, 2014

**BY ELECTRONIC FILING AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District Of New York
500 Pearl Street
New York, New York 10007

      Re: **XL Specialty Insurance Company v. John R. Lakian**
           **Diane W. Lamm, & Kobre & Kim LLP (S.D.N.Y.) (14-CV-5225)**

Dear Judge Torres,

      I am a member of Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK"), former counsel for Diane W. Lamm, a defendant in the above-referenced interpleader action (the "Interpleader"). Pursuant to Fed. R. Civ. P. 24, ELLK seeks leave to file a motion to intervene in the Interpleader. I write, in accordance with Rule III-A(ii) of Your Honor's Individual Practices in Civil Cases, to request a pre-motion conference concerning ELLK's proposed motion for intervention. However, in light of the Court's order entered August 7, 2014, denying proposed intervenors Knox and DJW's[1] similar request for a pre-motion conference, ELLK, in the alternative, requests leave to file its motion for intervention on the same briefing schedule as was ordered for Knox and DJW, unless the parties to this action will consent to ELLK's intervention.

      The Interpleader was filed as a means to resolve alleged "conflicting and competing demands" as to the remaining $1,372,596.10 (the "Remaining Policy Amount") of a $3,000,000 insurance policy (the "Policy") that the plaintiff issued to Capital L Group, LLC. Complaint ¶¶ 1, 4. The Policy provides insurance coverage to "Insured Persons" with respect to certain losses, among which are "Defense Expenses." Id. ¶ 17. Defense Expenses include "reasonable legal fees and expenses incurred in the defense of any Claim[.]" Id. ¶18. Defendant Diane W. Lamm is among the "Insured Persons" under the Policy. Id. ¶¶ 1, 23.

      In June 2013, ELLK was retained to represent Ms. Lamm in connection with (i) a New York Supreme Court action captioned *Knox, LLC et al. v. Capital L Group, LLC et al.* (651880/2012), in which Ms. Lamm is a defendant and (ii) a Judicial and Mediation Services arbitration captioned *Mark Branigan, et al. v. John R. Lakian, et al.* (No. 1425012628), in which Ms. Lamm is a respondent. Plaintiff has acknowledged coverage under the Policy for Ms. Lamm in connection with both of the aforementioned actions and has agreed to advance Defense

---

[1] Those terms are used as defined in Knox and DJW's letter to the Court dated July 23, 2014 (D.E. 4).

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS

August 7, 2014
Honorable Analisa Torres
*XL Specialty Insurance Company v. John R. Lakian, et al. (14-CV-5225)*
Page 2 of 2

Expenses incurred by Ms. Lamm in the defense of both actions. Id. ¶¶ 28, 38. As such, ELLK's legal fees and costs in connection with representing Ms. Lamm in the two actions constitute Defense Expenses which are covered by the Policy.

On August 1, 2014, Ms. Lamm terminated ELLK's representation. ELLK's unpaid fees and expenses in connection with the two cases total approximately $145,000.

ELLK satisfies all of the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a). First, ELLK's motion would be timely. The Interpleader was filed on July 14, 2014, and ELLK was terminated on August 1, 2014. Because the Interpleader is in the earliest stages, no party will be prejudiced by ELLK's intervention. Second, because ELLK's unpaid fees are "Defense Expenses" covered by the Policy, ELLK has an interest in the Remaining Policy Amount, which is the property that is the subject of the Interpleader. Third, because there are over $1 million of claims against the Remaining Policy Amount, we expect the entire $1,372,596.10 will be disbursed at the conclusion of the Interpleader. Thus, ELLK must be a party in order to protect its interest in the Remaining Policy Amount. Fourth, no existing party represents ELLK's interests.

In the alternative, the Court should allow ELLK to intervene permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B), which allows for intervention by parties who have "a claim or defense that shares with the main action a common question of law or fact." As described above, ELLK asserts an entitlement to the property in dispute in this action. As such, common issues of law and fact will inevitably arise between ELLK's claim and the main action. Further, as the purpose of an interpleader action is to resolve claims that "may expose a plaintiff to double or multiple liability" (Fed. R. Civ. P. 22(a)(1)), intervention by ELLK is clearly appropriate.

For the foregoing reasons, we respectfully request that the Court schedule a pre-motion conference on ELLK's proposed motion to intervene as soon as is practicable or, in the alternative, grant ELLK leave to file its motion for intervention on the same briefing schedule as previously ordered for Knox and DJW.

Respectfully Submitted,

Eric R. Levine