**BRIEF CARMEN & KLEIMAN, LLP**
ATTORNEYS AT LAW
805 THIRD AVENUE
NEW YORK, NEW YORK 10022

MATTHEW J. BRIEF
RICHARD E. CARMEN
IRA KLEIMAN*

www.briefjustice.com

* ALSO ADMITTED IN THE DISTRICT OF COLUMBIA

TELEPHONE
(212) 758-6160
(212) 832-5570

FACSIMILE
(212) 832-1747
(212) 832-7221

August 21, 2014

<u>**VIA ELECTRONIC FILING AND EMAIL**</u>

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  XL Specialty Insurance Company v. John R. Lakian,
     Diane W. Lamm and Kobre & Kim
     <u>Civil Action No. 14-cv-5225 (SDNY)</u>

Dear Judge Torres:

      Brief Carmen & Kleiman, LLP ("BCK"), the firm of which the undersigned is a member, is counsel for John R. Lakian (named as a Defendant in the instant action) in a New York Supreme Court Action entitled <u>Knox, LLC et al v. Capital L Group, LLC et al</u>, Index No. 651880/2012 (hereinafter the "Knox Action").

      As we understand it, the above interpleader action was filed by plaintiff herein as a means to resolve alleged "conflicting and competing demands" for a remaining policy amount (of $1,372,596.10) (the "Remaining Policy Amount") of a $3,000,000 insurance policy (the "Policy") issued to an entity called Capital L Group, LLC. (Complaint, ¶¶ 1, 4.). As the Policy provides insurance coverage to "Insured Persons" with respect to certain losses, including "Defense Expenses". Id. at ¶ 17. These defense expenses include "reasonable legal fees and expenses incurred in the defense of any Claim[.]". Id. at ¶ 18. Mr. Lakian is an "Insured Person" under the Policy. Id. at ¶¶ 1, 23.

      Pursuant to Fed. R. Civ. P 24, BCK seeks leave to file a motion to intervene in the Interpleader. In keeping with your Honor's Individual Practices in Civil Cases, at Rule III-A (ii), we write to request a pre-motion conference concerning BCK's proposed motion for intervention. We are also aware of the Court's orders entered August 7 and August 8, 2014, respectively denying similar requests of proposed intervenors Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW") and of proposed intervenor Eiseman Levine Lehrhaupt & Kakoyiannis, P. C. ("ELLK"). Thus, in the alternative, BCK requests leave to file its motion for intervention on the same briefing schedule as was ordered for Knox, DJW and ELLK (unless the parties to the instant action will so consent to BCK's intervention).

      BCK was retained in or about June of 2013 to represent Mr. Lakian in the Knox Action. Plaintiff has acknowledged coverage under the Policy for Mr. Lakian in connection with the Knox

August 21, 2014
Honorable Analisa Torres
*XL Specialty Insurance Company v. John R. Lakian, et al, 14-CV-5225*
Page 2 of 2

Action and agreed to advance 75% of Defense Expenses incurred by Mr. Lakian in defense of the Knox Action, Id. at ¶ 38. Therefore, that percentage of BCK's legal fees and expenses in connection with representing Mr. Lakian in the Knox Action constitute Defense Expenses covered by the Policy. The outstanding unpaid fees and expenses presently due BCK through the end of July, 2014 for Mr. Lakian's Defense Expenses covered under the Policy in the Knox Action is $53,097.56.

BCK would satisfy the requirements for intervention as of right pursuant to Fed. R. Civ. P. 24(a). Its motion would be timely, as the interpleader was filed on July 14, 2014. The interpleader is in its earliest stages and no party will be prejudiced by BCK's intervention. As noted, the unpaid fees and expenses are "Defense Expenses" under the Policy, and therefore BCK has an interest in the Remaining Policy Amount, the property which is the subject of this interpleader action. It is to be noted that BCK remains Counsel for Mr. Lakian in the Knox action, and as such, there will be further outstanding and increasing Defense Expenses for our client in that action. There are, upon information and belief, over $1,000,000.00 of claims against the Remaining Policy Amount, and it is expected that the entire Remaining Policy Amount of $1,372,596.10 will be disbursed at the conclusion of this interpleader. Unlike Defendant Kobre & Kim, LLP (who no longer represents either Mr. Lakian or Ms. Lamm), or proposed intervenor ELLK, which is no longer counsel for Ms. Lamm in the JAMS Arbitration Proceeding, or in the Knox Action, having moved to formally withdraw therein, BCK remains Counsel for Mr. Lakian in the Knox Action with ongoing obligations. Parenthetically, BCK also remains Counsel for Mr. Lakian and the entity Respondents in the JAMS Arbitration Proceeding. Therefore, BCK must be made a party to adequately protect its own interests in the Remaining Policy Amount.

Alternatively, this Court should allow BCK to intervene permissively under Fed. R. Civ. P 24(b)(1)(B), whereby intervention is allowed for parties who "have a claim or defense that shares with the main action a common question of law or fact." BCK asserts entitlement to property in dispute in this action, and inevitably, common questions of law or fact would between BCK's claim and the main action. As the claims in this action "may expose … [the] plaintiff [(i.e. the insurer in this instance)] to double or multiple liability… ." (Fed. R. Civ. P. 22 (a) (1)), BCK's intervention is appropriate.

On the foregoing basis, BCK respectfully requests that the Court schedule a pre-motion conference on BCK's proposed motion to intervene or, alternatively, grant BCK leave to file its motion to intervene on the same briefing schedule as previous ordered for Knox, DJW and ELLK.

Respectfully submitted,

Richard E. Carmen