**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------- X

XL SPECIALTY INSURANCE COMPANY,          :        **ECF FILING**

                  Plaintiff,        :       14 Civ. 5225 (AT)

        - v. -                :

JOHN R. LAKIAN, DIANE W. LAMM and KOBRE &amp;   :
KIM LLP,

                       :

            Defendants.

                       :
-------------------------------------------------------------------------- X

## <u>DECLARATION OF RICHARD E. CARMEN</u>

RICHARD E. CARMEN, an attorney duly admitted to the Bar of this Court, declares the following, pursuant to 28 U.S.C. § 1746:

1.      I am the attorney for proposed intervenor the law firm of Brief Carmen & Kleiman, LLP (referred to herein as "BCK") of which I am a member. I am fully familiar with the pleadings and proceedings heretofore had herein.

2.      I submit this affidavit in support of BCK's Motion to Intervene in this action pursuant to Federal Rule of Civil Procedure ("FRCP") 24.

3.      The instant action for interpleader was commenced by complaint dated and filed July 14, 2014. Plaintiff XL Specialty Insurance Company ("plaintiff") asserts it is subject to "conflicting and competing demands" for the remaining limit of a $3 million insurance policy (the "Policy") issued to an entity called Capital L Group, LLC ("Capital L"). See Complaint, attached hereto as Exhibit A. Complaint at pp. 1.

4.      The named defendants are John R. Lakian ("Lakian"), Diane W. Lamm ("Lamm") and the law firm of Kobre & Kim LLP. See Exhibit A, at pp. 1-2.

5.      Lakian and Lamm, are "Insured Persons" as defined in the Policy.  Complaint at pp. 2.

6.      Both Lakian and Lamm have been named as parties defendants in a civil action entitled "Knox, LLC, et al. v. Capital L Group, LLC, et al." (the "Knox action") in the Supreme Court of the State of New York, County of New York, under Index # 651880/2012.

7.      Plaintiffs in the Knox action seek damages in excess of $2,000,000.00, alleging that Lakian and Lamm fraudulently induced plaintiffs to make investments in Capital L and committed breach of fiduciary duty by allegedly misusing such investments.  Complaint at pp. 37.

8.      Lakian and Lamm were also named as defendants in an action placed in this Supreme Court of the State of New York, County of New York, Index No. 651975/2012, entitled "Branigan, et al. v. Lakian, et al." (the "Branigan action").  Complaint at pp. 2.

9.      Plaintiffs in the Branigan action sought damages against Lakian and Lamm, among others, in excess of $10 million, alleging causes for fraud, breach of fiduciary duty and other causes.  In September of 2012 the parties in the Branigan action stipulated to resolve their claims in that action through arbitration.  That arbitration proceeding is placed before Judicial and Mediation Services ("JAMS") in New York City, JAMS Reference No. 142501268 and this arbitration process remains pending.  Complaint at pp. 26-27.

10.     Plaintiff acknowledged coverage for both Lakian and Lamm for the Knox action and agreed to advance defense expenses incurred by Lakian and Lamm in defense of the Knox action.  Complaint at pp. 38.

11.     Defendant Kobre & Kim LLP was initially retained by Lakian and Lamm in the Knox action and in the Branigan action. Complaint at pp. 29, 38-39.

12.     Although plaintiff acknowledged coverage for Lamm of defense expenses in the Branigan action and JAMS arbitration, it denied coverage to Lakian in respect of same. Complaint at pp. 28, 32.

13.     In or about early June of 2013, defendant Kobre & Kim LLP, asserting a newly discovered conflict of interest, withdrew from representation of Lakian and Lamm in the Knox action (and from representation of Lamm in the Branigan action/JAMS arbitration). Complaint at pp. 40.

14.     BCK was retained by Lakian during in or about June of 2013 to represent Lakian in the Knox action, and formally substituted by filed written consent by Kobre & Kim LLP on or about July 31, 2013. See Exhibit B.

15.     Plaintiff XL Specialty Insurance Company acknowledged coverage under the Policy for Lakian in connection with the Knox action, Complaint at pp. 38, 41-44, and with respect to BCK's retention, plaintiff agreed to advance 75% of defense expenses incurred by Lakian in the Knox action.

16.     From in or about June of 2013 through June, 2014, XL Specialty Insurance Company advanced defense expenses covered under the Policy for the benefit of Mr. Lakian, in the sum of $87,059.10.

17.     As of July 31, 2014, the outstanding unpaid fees and expenses presently due BCK are $53,097.56, which sum plaintiff was requested by BCK to advance on behalf of Lakian as a defense expense under the Policy.

3

18.     As of August 31, 2014, the sum outstanding to BCK under the Policy, being 75% of defense expenses for Lakian in the Knox action, is $53,930.06.

19.     The Knox action is in the discovery stages, with continuing and ongoing document production (and costs associated therewith) and scheduling for depositions.

20.     In fact, a status/discovery compliance conference is scheduled for the morning of September 16, 2014 before the Court in the Knox action.

21.     Kobre & Kim LLP no longer represents Lakian or Lamm in any of the legal actions aforesaid still pending, and proposed intervenor Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK") has unilaterally withdrawn from the JAMS Arbitration and formally moved to withdraw from the Knox action as Lamm's counsel.

22.     However, BCK remains counsel for Mr. Lakian in the Knox action[1] with ongoing obligations to its Client.

23.     This interpleader action, regarding the disposition of the remaining proceeds of $1,372,596.10 under the Policy, arose as a result of the demands by defendant Kobre & Kim LLP for payment to XL Specialty Insurance Company on behalf of Lamm, with an outstanding sum alleged to be due by Kobre & Kim LLP of over $1,000,000.00.  Complaint at pp. 45-48.

24.     The demand of defendant Kobre & Kim LLP when subtracted from the Policy limit of liability, allows merely $200,000.00 remaining to fund Policy defense expenses for Mr. Lakian and Ms. Lamm and/or settlement of the Knox action and the Branigan action.

25.     In addition, with possible intervention motions by other anticipated Claimants, including potential movants ELLK and the plaintiffs in the Knox action, and as further alleged by XL Specialty Insurance Company, defense expenses and/or settlement of the Knox action and the Branigan action on behalf of Lakian's co-defendant Lamm, there would be conflicting and

---

[1]   BCK also remains Counsel for Mr. Lakian and the entity Respondents in the JAMS Arbitration.

4

competing demands for the remaining limits of the Policy and far exceeding same. Complaint at pp. 5-7; see, e.g., Exhibit C (Docket Sheet in this action, at entries 14, 17, 19).

26.    BCK's interest in the remaining Policy amount for the recovery of its duly owing and ongoing fees, will be impaired without a grant of intervention by BCK, as its rights and obligations with respect to the stake deposited[2] with this Court and its rights, if any, to prosecute any action against plaintiff with respect to policy proceeds will be wholly foreclosed by adjudication in this action

27.    In addition, BCK's interests will not adequately be represented by the current parties (and other potential intervenors) should the defendants (and such intervenors) opt to settle this action or should this Court adjudicate the rights and obligations of said defendants and respective proposed intervenors without BCK's intervention.

28.    Based on the foregoing, and as set forth more fully in the accompanying Memorandum of Law, BCK meets the requirement for intervention as of right under FRCP 24(a). Even if BCK did not, its proof on this motion more than adequately demonstrates the appropriateness of permissive intervention under FRCP 24(b).

## THE SOUTHERN DISTRICT OF NEW YORK HAS
## SUPPLEMENTAL JURISDICTION OVER THE CLAIM OF BCK

29.    As set forth more fully in the accompanying memorandum of law, the basis for this Court's jurisdiction for BCK to intervene as of right and join the action in the Southern District of New York is set forth in 28 U.S.C. §1367 and FRCP Rule 24, which governs supplemental jurisdiction and intervention.

30.    Pursuant to 28 U.S.C. §1367, a party that seeks to intervene in an action may proceed in Federal court if it would be in the interests of judicial economy.

---

[2]   Plaintiff was ordered to deposit the stake, $1,372,596.10, into the registry of the Court on July 16, 2014, by order filed that date. See Exhibit D.

31.     28 U.S.C. §1367(b) does not bar BCK from intervening as that section prevents *original plaintiffs – but not defendants or third parties* – from circumventing the requirements of diversity.

32.     Thus section 1367(b) would not bar the Court from exercising supplemental jurisdiction over claims brought by BCK (a New York limited liability partnership, whose members are New York residents).

## BCK IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)

33.     A party seeking to intervene pursuant to FRCP 24(a)(2) must:  (1) file a timely application; (2) demonstrate an interest in the action; (3) show an impairment arising from an unfavorable disposition; and (4) have an interest not otherwise protected by the parties.

### THE INSTANT APPLICATION TO INTERVENE IS TIMELY

34.     BCK has not delayed in seeking intervention.  This action is still in the early stages. Indeed, the Complaint was filed less than two months ago.

35.     Upon review of the papers herein, BCK decided to seek intervention and a pre-motion conference was filed on August 21, 2014.  BCK has proceeded assiduously and with due diligence.  As such, the motion to intervene is timely.

36.     To date, no party has filed any answer or substantive motion and no party has yet sought the Court's consideration of the merits.

37.     Rather, a briefing schedule has been established by this Court for proposed intervenors.

38.     Moreover, there is as of yet no discovery.  Responsive pleadings have yet to be filed.

39.     Allowing BCK to intervene in this action will not prejudice any of the parties. Plaintiff is seeking adjudication of competing and inconsistent claims on remaining Policy limits. Defendant Kobre & Kim LLP is no longer counsel for any co-defendants named herein, and would also be seeking such adjudication, as would Lamm and Lakian.

40.     More important, BCK's intervention will not change the nature of the action, or make the action more complex.  BCK is not adding any new issues to this action.  Accordingly, allowing BCK to intervene should not complicate the case in any significant manner.

**BCK HAS A SIGNIFICANT PROTECTABLE INTEREST IN THIS ACTION**

41.     BCK has sufficiently demonstrated an interest that is "direct, substantial and legally protectable" in order to satisfy the interest requirement of Rule 24(a)(2).

42.     Defense expenses under the Policy advanced or to be advanced on behalf of Mr. Lakian to BCK are without dispute direct, substantial and legally protectable such that the interest requirement is satisfied.

**A DISPOSITION IN THIS ACTION COULD IMPAIR**
**BCK'S ABILITY TO PROTECT ITS INTEREST**

43.     BCK's ability to protect its interest will be impaired if it is not permitted to intervene here.  If BCK was not permitted to intervene, they would be constrained to file an action against plaintiff in state court.

44.     If the Court determines that BCK may not intervene and BCK is forced to go to state court to pursue its claims, there is the potential for the rendering of adverse and inconsistent verdicts that could harm the rights of the parties to the instant litigation as well as BCK.

45.     Accordingly, BCK must be permitted to intervene, and to determine otherwise would irreparably harm the rights of the parties and BCK as proposed intervenor.

## DEFENDANTS CANNOT ADEQUATELY PROTECT BCK'S INTEREST

46.     While Lakian is a defendant in this action, Lakian himself and his counsel do not have the same interest that BCK has in insuring that BCK's bills are paid. Lakian's counsel in this action also represents Lamm, who is also entitled to coverage in the Knox Action and in the JAMS Arbitration. Thus, no party to this action exists that could solely, fully and fairly advance BCK's interests better than BCK.

## IN THE ALTERNATIVE, BCK SHOULD BE PERMITTED TO
## INTERVENE UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)

47.     Even if the Court determines that BCK is not entitled to intervene as of right, BCK should be entitled to permissively intervene pursuant to FRCP 24(b). Rule 24(b) provides in part:

> On timely motion, the court may permit anyone to intervene who…
> (B) has a claim or defense that shares with the main action a common question of law or fact.

48.     Here, as stated above, BCK has moved timely, has interests that are extensive, though not fully – with the other parties to the litigation and their participation will ensure full development of the underlying factual issues here.

49.     It is also indisputable that there are questions of law and fact in common between BCK's claims and those in this case.

50.     Simply put, where, as here, the intervention claims involve many of the same questions of law and fact raised by the original action, wholesale consideration of these questions in one single lawsuit would save time and judicial resources, and intervention should be permitted.

WHEREFORE, it is respectfully requested that the motion be granted in all respects.

Dated: New York, New York
       September 8, 2014

                              /s/Richard E. Carmen

8