# COSNER YOUNGELSON
## COUNSELLORS AT LAW

Alan G. Cosner
Staci A. Cosner*
Marc D. Youngelson*
Rebecca A. Hand*
Jillian E. Madison
Rachelle H. Milstein*‡
‡ Of Counsel

*Admitted NJ & NY

197 Highway 18, Suite 104
East Brunswick, NJ 08816
Phone: 732-937-8000
Fax: 732-937-5439
cosner@cosnerlaw.com
www.cosnerlaw.com

File No. M2994

September 9, 2014

**Via Electronic Filing**

Honororable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   XL Specialty Insurance Company v. John R. Lakian, Diane W. Lamm
      & Kobre Kim LLP
      (S.D.N.Y.) (14-CV-5225)

Dear Judge Torres:

I represent Merrill Communications LLC ("Merrill") in the above-referenced interpleader action (the "Interpleader"). Pursuant to Fed. R. Civ. P.24, Merrill seeks leave to file a motion to intervene in the Interpleader.

According to its complaint, plaintiff XL Specialty Insurance Company ("XL") filed the Interpleader to resolve alleged "conflicting and competing demands" as to the remaining $1,372,596.10 (the "Remaining Policy Amount") of a $3,000,000 insurance policy (the "Policy") plaintiff issued to Capital L Group, LLC. (Compl. ¶¶ 1, 4.) We understand that the Policy (i) provides insurance coverage to "Insured Persons" with respect to certain losses, among which are "Defense Expenses;" (ii) Defense Expenses include "reasonable legal fees and expenses incurred in the defense of any Claim;" and (iii) defendant Diane W. Lamm is among the "Insured Persons" under the Policy. (Id. ¶¶ 1, 17-18 and 23.)

Merrill provided LextraNet Services – i.e., an E-discovery virtual Data Site for document discovery – to the parties (John Lakian and Diane Lamm) and their counsel (including Kobre Kim LLP, Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. and Brief Carmen & Kleiman, LLP) in the underlying litigation. Merrill's invoices initially were paid by XL. However, XL has stopped remitting payment to Merrill and, as noted, filed the Interpleader. To date, Merrill's unpaid invoices for the services it provided exceed approximately $70,000.

Hon. Analisa Torres, U.S.D.J.
September 9, 2014
Page 2

      Merrill submits that it satisfies the requirements for (i) intervention as of right pursuant to Fed. R. Civ. P. 24 (a); or (ii) permissive intervention pursuant to Fed. R. Civ. P. 24 (b).

      For the foregoing reasons, we respectfully request that the Court grant Merrill leave to file a Motion for Intervention pursuant to a reasonable briefing schedule.[1] Thank you.

Respectfully submitted,

Marc D. Youngelson

MDY/sb
cc:      All counsel of record (via ecf)

---

[1] Alternatively, pursuant to Your Honor's Individual Practices, Merrill respectfully requests that the Court schedule a pre-motion conference concerning Merrill's proposed motion to intervene. However, we understand that the Court previously has denied similar requests and instructed the proposed intervenors to file their respective motions.