UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XL SPECIALTY INSURANCE COMPANY,

               Plaintiff,

      v.

JOHN R. LAKIAN, DIANE W. LAMM, &
KOBRE & KIM LLP,

               Defendants.

ECF CASE
14-Civ-5225(AT)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT KOBRE & KIM LLP'S OPPOSITION TO
## KNOX, LLC d/b/a KNOX, LLC OF NEW YORK & DJW ADVISORS, LLC'S
## MOTION TO INTERVENE

ANDERSON KILL P.C.
Edward J. Stein, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Defendant Kobre & Kim LLP*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................... 1

BACKGROUND ........................................................................................................................... 2

ARGUMENT ................................................................................................................................. 4

I.     KNOX AND DJW ARE NOT ENTITLED TO INTERVENE AS A MATTER OF
      RIGHT .................................................................................................................................. 4

      A.    Knox and DJW's Alleged Interest in the Policy's Proceeds to Satisfy Potential
          Judgments in their Pending Actions Against Lakian and Lamm is Too Remote ............... 5

      B.    Knox and DJW's Alleged Interest in the Policy's Proceeds as Judgment Creditors is
          Frivolous on its Face ......................................................................................................... 6

II.    KNOX AND DJW ARE NOT ENTITLED TO PERMISSIVE INTERVENTION .............. 8

CONCLUSION.............................................................................................................................. 9

i

# TABLE OF AUTHORITIES

## Cases

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238 (2d Cir. 2006) .................. 8

*Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123 (2d Cir. 2001) ......................................... 4

*Ceribelli v. Elghanayan*, No. 91 CIV. 3337, 1994 WL 529853 (S.D.N.Y. Sept. 28, 1994) .......... 9

*D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 563 N.Y.S.2d 24,
    564 N.E.2d 634 (1990) ........................................................................................ 7

*Donaldson v. United States*, 400 U.S. 517 (1971) ......................................................... 5

*Floyd v. City of N.Y.*, --- F.R.D. ----, 2014 WL 3765729 (S.D.N.Y. July 30, 2014) ..................... 4

*Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284 (2d Cir. 1997) ................................ 6

*In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998) ........................ 4

*In re Platinum & Palladium Commodities Litig.*, No. 10-CV-3617, 2014 WL 3500655
    (S.D.N.Y. July 15, 2014) ..................................................................................... 5

*Kalinski v. Bacot (In re Bank of N.Y. Derivative Litig.)*, 320 F.3d 291(2d Cir. 2003) ................... 8

*N.Y. News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992) ................................................... 4

*S.E.C. v. Callahan*, --- F. Supp. 2d ---, 2014 WL 860041 (E.D.N.Y. Mar. 5, 2014) ..................... 2

*State Farm Indem. Co. v. Moore*, 58 A.D.3d 429, 872 N.Y.S.2d 82 (1st Dep't 2009) ................. 7

*Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 79 N.Y.2d 576, 584 N.Y.S.2d 290,
    594 N.E.2d 571 (1992) ....................................................................................... 6

*United States v. Barry Fischer Law Firm, LLC*, No. 10 CIV. 7997,
    2012 U.S. Dist. LEXIS 23212 (S.D.N.Y. Feb. 23, 2012) ........................................... 7

*United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411 (2d Cir. 2001) ................................ 5

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66 (2d Cir. 1994) ............................................. 1, 4, 8

*United States v. State of New York*, 820 F.2d 554 (2d Cir. 1987) ....................................... 4

*Valuebank v. UP2U, LLC*, No. 2:12-CV-294, 2013 U.S. Dist. LEXIS 179010
    (S.D. Tex. Dec. 20, 2013) .................................................................................... 7

*Van Gordon v. Otsego Mut. Fire Ins. Co.*, 232 A.D.2d 405, 648 N.Y.S.2d 306
    (2d Dept. 1996) ................................................................................................ 7

nydocs1-1037828.2

*Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92 (2d Cir. 1990) ........... 5

**Rules**

Fed. R. Civ. P. 24 .................................................................................................................. 4, 8

**Treatises**

16 *Williston on Contracts* § 49:106 (4th ed.) ................................................................................ 6

Defendant Kobre & Kim LLP respectfully submits this memorandum of law in opposition to the motion to intervene filed by Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW") (Docket Entry 26).  Kobre & Kim LLP does not oppose the motions to intervene simultaneously filed by Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. (Docket Entry 21) and Brief Carmen & Kleinman, LLP (Docket Entry 30), nor would it oppose the anticipated motion to intervene of Merrill Corporation pursuant (see Docket Entries 34 and 35).

### PRELIMINARY STATEMENT

"Intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994).  Permitting Knox and DJW to intervene would defeat both policies.

The intervention of Knox and DJW would not promote efficiency, because their grounds for intervention are not only futile but are completely unprecedented.  They seek to intervene to assert their purported rights to the proceeds of an insurance policy—the subject of the pending interpleader action—on the grounds that: (1) they may one day obtain judgments against Defendants John R. Lakian and Diane W. Lamm which may be covered by the policy, and (2) they have default judgments against the primary insured.  Their first ground for intervention fails, as it is well settled in the Second Circuit that contingent interests in the subject of an interpleader action are insufficient to permit intervention.  Their second ground for intervention is similarly without merit: Knox and DJW seek to enforce a default judgment against an insurance policy that explicitly requires the *insured* (in whose shoes Knox and DJW seek to

1

stand) to defend against all claims and not admit liability without the insurer's consent or do anything else that would increase the insurer's exposure under the policy. Indeed, no court has ever permitted an insured—let alone a third party standing in its shoes—to recover from its insurer under these circumstances.

Permitting Knox and DJW to intervene on the basis of futile grounds for relief would unnecessarily complicate and elongate these proceedings, and, accordingly, for the reasons discussed in more detail below, their motion to intervene should be denied.

## BACKGROUND[1]

Plaintiff XL Specialty Insurance Company ("XL Specialty") issued a financial services liability policy (the "Policy," attached to the Complaint as Exhibit A) to Capital L Group, LLC ("Capital L") in or around November 2011. (Compl. ¶ 15.) The Policy imposes the following duties on the "Insureds" thereunder (including Capital L), as material terms and/or conditions precedent to recovery:

- Insureds' duty to defend: "It shall be the duty of the Insureds to defend any Claim under this Policy." (Compl. Ex. A, General Terms & Conditions § II(B)(1).)

- Insured's duty to seek consent prior to admitting liability: "No Insured may incur any Defense Expenses or admit any liability for, make any settlement offer with respect to, or settle any Claim without the Insurer's consent, such consent not to be unreasonably withheld." (Id. § II(B)(2).)

- Insureds' duty of cooperation: "The Insured agrees to provide the Insurer with all information, assistance and cooperation that the Insurer may reasonably request, and further agrees that it will do nothing which in any way increases the Insurer's exposure under this Policy or in any way prejudices the Insurer's potential or actual rights of recovery." (Id. § II(I)(1).)

---

[1] The following facts are drawn from the Complaint and Knox and DJW's motion to intervene. For the purposes of this motion only, Kobre & Kim LLP accepts as true all non-conclusory and non-frivolous allegations in Knox and DJW's motion. *See, e.g., S.E.C. v. Callahan*, --- F. Supp. 2d ---, 2014 WL 860041, at *8 (E.D.N.Y. Mar. 5, 2014) ("In considering a motion to intervene, the court must accept as true non-conclusory allegations of the motion. Allegations that are frivolous on their face need not be considered by the court." (citations omitted)).

2

The Policy also provides that all of "[t]he terms, conditions and limitations" of the Policy, including those enumerated above, "may only be waived or changed by written endorsement signed by the Insurer." (*Id.* § II(L)(4).)

In May 2012, Knox and DJW commenced an action against Capital L, Defendants Lakian and Lamm, and another entity in New York Supreme Court, New York County. *See Knox, LLC v. Capital L Group, LLC*, No. 651880/2012 (N.Y. Cnty. Sup. Ct.) (the "Knox Action"). (Compl. ¶ 37; Halpern Aff. ¶ 2 & Ex. A.) Lakian and Lamm, who are both covered by the Policy, provided notice of the lawsuit to XL Specialty, and in June 2012, "XL Specialty acknowledged coverage under the Policy *for Lakian and Lamm* in the Knox Action and agreed to advance Defense Expenses incurred *by Lakian and Lamm* in defense of the Knox Action." (Compl. ¶ 38 (emphasis added); *see also* Halpern Aff. ¶ 17.)

While Lakian and Lamm asserted defenses and litigated the Knox Action, incurring the "Defense Expenses" (as defined by the Policy and acknowledged by XL Specialty) that are the subject of the pending interpleader action, Capital L failed to answer, appear, or otherwise defend against the amended complaint filed in the Knox Action, and, in March 2014, Knox and DJW obtained default judgments against it in the amount of $2,573,918.63. (Halpern Aff. ¶¶ 8-12.)

On July 14, 2014, XL Specialty commenced this interpleader action—naming Lakian, Lamm, and Kobre & Kim LLP as defendants—to resolve their competing demands for the Policy's remaining $1.37 million of coverage. (Compl. ¶¶ 1, 4.) Through their pending motion, Knox and DJW seek to intervene based on their mistaken contention that they have legally protectable interests in the remaining Policy proceeds.

3

<u>**ARGUMENT**</u>

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure, which provides for both intervention as a matter of right and permissive intervention. In an attempt to accommodate the two "competing policies" underlying intervention—the efficient administration of disputes and the avoidance of unnecessarily long and complex litigation, the Second Circuit has held that parties should not be permitted to intervene to assert claims that are "frivolous on their face." *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 490 (S.D.N.Y. 1998) (citing *Pitney Bowes,* 25 F.3d at 69); *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129 (2d Cir. 2001) (internal quotation marks and citation omitted); *see also, e.g., Floyd v. City of N.Y.*, --- F.R.D. ----, 2014 WL 3765729, at *48 & n.25 (S.D.N.Y. July 30, 2014) (Torres, J.) (noting that futility is a proper basis for denying a motion to intervene). The burden is on the putative intervenor to establish that intervention is appropriate. *In re NASDAQ*, 187 F.R.D. at 490.

For the reasons described in more detail below, Knox and DJW have failed to satisfy their burden of establishing their entitlement to either form of intervention under Rule 24.

## I.   KNOX AND DJW ARE NOT ENTITLED TO INTERVENE AS A MATTER OF RIGHT

To intervene as a matter of right, the movant must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *N.Y. News, Inc. v. Kheel*, 972 F.2d 482, 485 (2d Cir. 1992); *see also* Fed. R. Civ. P. 24(a)(2). "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." *N.Y. News*, 972 F.2d at 485 (citing *United States v. State of New York*, 820 F.2d 554, 556 (2d Cir. 1987)) (internal quotation marks omitted). As Knox and DJW lack a

4

cognizable interest in the Policy proceeds that would be impaired by the disposition of this action, their motion to intervene as a matter of right should be denied.

For an interest to be cognizable under Rule 24(a), it must be "direct, substantial, and legally protectable." *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)); *accord United States v. Peoples Benefit Life Ins. Co.*, 271 F.3d 411, 415 (2d Cir. 2001). Knox and DJW argue that their interest in the Policy's proceeds is direct, substantial, and legally protectable "by virtue of their judgment against insured Capital L" and "their pending claims against Lakian and Lamm" (for which XL Specialty has recognized coverage). (Knox/DJW Mot., Docket Entry 28, at 8, 9.) Neither alleged interest warrants intervention as a matter of right.

## A.    Knox and DJW's Alleged Interest in the Policy's Proceeds to Satisfy Potential Judgments in their Pending Actions Against Lakian and Lamm is Too Remote

"An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *Wash. Elec. Co-op.*, 922 F.2d at 97. Here, resolution of the question of whether Knox and/or DJW have a colorable interest in the Policy's proceeds is contingent on two events: first, they must obtain judgments against Lakian and Lamm in the Knox Action, and then, assuming they are able to do so, they must establish that their judgments are covered by the Policy. Courts in the Southern District have found similar contingencies to preclude intervention as a matter of right. *See, e.g., In re Platinum & Palladium Commodities Litig.*, No. 10-CV-3617, 2014 WL 3500655, at *7 (S.D.N.Y. July 15, 2014) (finding that the putative intervenor's alleged interest in the proceeds of insurance policies to satisfy potential future judgments against the policyholder was too remote and speculative to allow intervention, because the interest was "contingent on

5

obtaining a judgment" and also on proving "that the judgment was covered by any of the policies at issue"). Accordingly, because Knox and DJW's interest in the Policy's proceeds as it relates to potential judgments against Lakian and Lamm is contingent on the occurrence of future events, their motion to intervene as a matter of right on this ground must be denied.

## B.   Knox and DJW's Alleged Interest in the Policy's Proceeds as Judgment Creditors is Frivolous on its Face

Similarly, although Knox and DJW have obtained a judgment against Capital L in the Knox Action, they will be unable to establish that their judgment is covered by the Policy. XL Specialty has no obligation to provide coverage under the Policy because it is indisputable that Capital L failed to defend against the Knox Action and effectively admitted liability without XL Specialty's consent by defaulting in violation of the Policy.

"[O]ne seeking to escape the obligation to perform under a contract must demonstrate a material breach or prejudice." *Unigard Sec. Ins. Co. v. N. River Ins. Co.*, 79 N.Y.2d 576, 581, 584 N.Y.S.2d 290, 292, 594 N.E.2d 571, 573 (1992). Here, Capital L's defaulting in the Knox Action indisputably constitutes a material breach of the Policy's provisions requiring Capital L to: (1) defend any claim under the Policy, (2) seek XL Specialty's consent before conceding liability, and (3) do "nothing which in any way increases [XL Specialty]'s exposure under th[e] Policy." (Compl. Ex. A, General Terms & Conditions § II(I)(1).) *See, e.g., Frank Felix Assocs., Ltd. v. Austin Drugs, Inc.*, 111 F.3d 284, 289 (2d Cir. 1997) (stating that for a breach of contract to be material, such that it excuses the other party's duty to perform, "it must go to the root of the agreement between the parties" and be "so substantial that it defeats the object of the parties in making the contract" (internal quotation marks and citation omitted)); *cf.* 16 *Williston on Contracts* § 49:106 (4th ed.) ("The purpose of a cooperation clause is to require that the insured cooperate in good faith with the insurance company in the defense of claims [to] preserv[e] the

6

insurer's right to adequately prepare a defense . . . ."). Capital L's default constituted a wholesale failure to defend (as it was required to do) and caused irrefutable prejudice to XL Specialty thereby vitiating Capital L's right to coverage. *Cf. State Farm Indem. Co. v. Moore*, 58 A.D.3d 429, 430, 872 N.Y.S.2d 82, 83 (1st Dep't 2009) (noting that an insurer is relieved from its duty to provide coverage when the insured "deliberately fails to cooperate with its insurer in the investigation of a covered incident as required by the policy").

Moreover, Knox and DJW, as putative subrogees, "stand[] in the shoes" of Capital L and have no greater rights to the Policy proceeds than Capital L. *D'Arata v. N.Y. Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 665, 563 N.Y.S.2d 24, 27, 564 N.E.2d 634, 637 (1990) ("Plaintiff, by proceeding directly against [the insurer], does so as subrogee of the insured's rights and is subject to whatever [defenses] would apply to the insured."); *see also Van Gordon v. Otsego Mut. Fire Ins. Co.*, 232 A.D.2d 405, 406, 648 N.Y.S.2d 306, 306 (2d Dept. 1996) ("The noncooperation of an insured party in the defense of an action is a ground upon which an insurer may deny coverage and may be asserted by the insurer as a defense in an action on a judgment by an injured party pursuant to Insurance Law § 3420(a)(2)."). *(See also* Knox/DJW Mot. to Intervene at 9 (noting in a parenthetical that a judgment creditor only has standing to enforce its judgments in an interpleader action "against a stake in which the judgment debtor retains an interest" (quoting *United States v. Barry Fischer Law Firm, LLC*, No. 10 CIV. 7997, 2012 U.S. Dist. LEXIS 23212, at *19 (S.D.N.Y. Feb. 23, 2012); *Valuebank v. UP2U, LLC*, No. 2:12-CV-294, 2013 U.S. Dist. LEXIS 179010, at *8 (S.D. Tex. Dec. 20, 2013)).) Accordingly, because

7

Capital L is not entitled to coverage due to its material breach of the Policy's provisions, neither Knox nor DJW have, or could have, any right to or interest in the Policy's proceeds.[2]

Not surprisingly in light of the case law described above, Knox & DJW have not cited any case holding that a plaintiff could satisfy a default judgment from the defaulting defendant's liability insurance policy, after the policyholder defendant breached its duty to defend itself and failed to obtain its insurer's consent to the admission of liability. We are not aware of any such caselaw. Simply put, the relief that Knox and DJW seek here is completely without precedent and their motion to intervene as a matter of right must be denied.

## II.    KNOX AND DJW ARE NOT ENTITLED TO PERMISSIVE INTERVENTION

Federal Rule of Civil Procedure 24(b)(1)(B), which governs permissive intervention, provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action a common question of law or fact." The Second Circuit, however, has held that the district court should "consider[] substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006); *accord Kalinski v. Bacot (In re Bank of N.Y. Derivative Litig.)*, 320 F.3d 291, 300 n.5 (2d Cir. 2003). Further, the Circuit has noted that "[t]he principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Pitney Bowes*, 25 F.3d at 73 (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 24(b)(3). For the reasons articulated above—namely, the futility of Knox and DJW's attempt to enforce their

---

[2] We understand from counsel for XL Specialty that, although it will not affirmatively oppose Knox and DJW's motion to intervene, XL Specialty will take the position on the merits (if intervention is granted) that Knox and DJW are not entitled to any of the policy proceeds.

8

default judgments against the Policy—intervention will unnecessarily complicate and delay this action, resulting in prejudice to Kobre & Kim LLP and the other named defendants. *See, e.g.*, *Ceribelli v. Elghanayan*, No. 91 CIV. 3337, 1994 WL 529853, at *2 (S.D.N.Y. Sept. 28, 1994) (denying motion for permissive intervention on the ground of "legal futility"). Accordingly, Knox and DJW's motion for permissive intervention should be denied.

**CONCLUSION**

For the foregoing reasons, the Court should deny Knox and DJW's motion to intervene.

Dated: September 22, 2014          Respectfully submitted,
New York, New York

ANDERSON KILL P.C.

Edward J. Stein, Esq.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Defendant Kobre & Kim LLP*

9