UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x

XL SPECIALTY INSURANCE COMPANY,

              Plaintiff,

     -against-                           14 Civ. 5225 (ANT)

JOHN R. LAKIAN, DIANE W. LAMM &
KOBRE & KIM, LLP,

              Defendants.

--------------------------------------------------------------------------x


# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
# MOTION TO INTERVENE BY PROPOSED INTERVENORS
# KNOX, LLC D/B/A KNOX, LLC OF NEW YORK AND DJW ADVISORS, LLC

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT.............................................................................1

REPLY STATEMENT OF FACTS.......................................................................2

I.    Knox And DJW Have Judgments Against Capital L Group, LLC,
The Named Insured Under The Policy That Was Interpleaded
In This Action....................................................................................2

ARGUMENT.......................................................................................................5

I.    THE PROPOSED INTERVENORS' MOTION
TO INTERVENE SHOULD BE GRANTED............................................5

    A.    The Proposed Intervenors Are Entitled To Intervene
As Of Right Pursuant To Fed. R. Civ. P. 24(a)...............................5

          1.    The Proposed Intervenors Have Direct, Substantial
And Legally Protectable Interests In The Property
Or Transaction That Is The Subject Of This Action.................5

    B.    Alternatively, The Proposed Intervenors Should Be Allowed
To Permissively Intervene Pursuant To Fed. R. Civ. P. 24(b)..............9

    C.    Although The Terms And Conditions Of The Policy At Issue
Have No Application In The Interpleader Context, The Coverage
Defenses Advanced By The Interpleader Defendants Lack Merit...........11

          1.    XL Specialty Was On Notice Of Knox/DJW's
Allegations Against Capital L As Of June 20, 2012.................11

          2.    XL Specialty Was Aware That Knox/DJW Were Seeking
A Default Judgment Against Capital L Well Before Default
Judgment Was Ultimately Entered Against Capital L.............13

          3.    XL Specialty Cannot Meet Its Heavy Burden Of
Demonstrating That Capital L Failed To Cooperate.................15

CONCLUSION....................................................................................................18

## TABLE OF AUTHORITIES

**Cases** <span style="float:right">**Page**</span>

*American Home Assur. Co. v BFC Constr. Corp.*, 81 A.D. 3d 545,
917 N.Y.S.2d 565 (1st Dep't 2011) ..................................................................................12

*American Tr. Ins. Co. v. B.O. Astra Mgt. Corp.*, 12 Misc. 3d 740, 814 N.Y.S.2d 849,
2006 N.Y. Misc. LEXIS 1011 (Sup. Ct. N. Y. Co. Apr. 17, 2006), *aff'd*,
39 A.D.3d 432, 835 N.Y.S.2d 106 (1st Dep't 2007)..................................................................14

*American Tr. Ins. Co. v. Hashim*, 68 A.D.3d 618, 892 N.Y.S.2d 78 (1st Dep't 2009).............14

*Matter of American Tr. Ins. Co. v. Hossain*, 100 A.D. 3d 421,
953 N.Y.S.2d 198 (1st Dep't 2012)............................................................................15, 16

*Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y. 3d 332, 794 N.Y.S.2d 704 (2005)..............13

*Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469 (2d Cir. 2010)..................................5

*City of New York v. Cont'l Cas. Co.*, 27 A.D.3d 28, 805 N.Y.S.2d 391 (1st Dep't 2005)..........13

*Commonwealth Land Title Ins. Co. v. Am. Signature Servs., Inc.*,
2014 U.S. Dist. LEXIS 22172 (E.D.N.Y. Feb. 20, 2014)..................................................14

*Matter of Country-Wide Ins. Co. v. Henderson*, 50 A.D. 3d 789,
856 N.Y.S.2d 184 (2d Dep't 2008)...........................................................................16

*D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 563 N.Y.S.2d 24 (1990)..........8

*Empire Mut. Ins. Co. v. Stroud*, 36 N.Y.2d 719, 367 N.Y.S.2d 972 (1975).............................15

*Fisher v. Hanover Ins. Co.*, 288 A.D.2d 806, 733 N.Y.S.2d 761 (3d Dep't 2001)..................13

*Gale v. Stallone*, 1993 U.S. Dist. LEXIS 14476 (S.D.N.Y. Oct. 13, 1993)............................6

*Great Am. Ins. Co. v. Spraycraft, Inc.*, 844 F.Supp. 1188 (S.D. Ohio 1994)..................7, 8, 14

*Holborn Oil Trading, Ltd. v. Interpetrol Bermuda, Ltd.*,
658 F. Supp. 1205 (S.D.N.Y. 1987).................................................................................6

*In re Holocaust Victim Assets Litig.*, 225 F.3d 191 (2d Cir. 2000)......................................10

*Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 A.D.3d 404,
904 N.YS.2d 52 (1st Dep't 2010).............................................................................16, 17

**TABLE OF AUTHORITIES**
(continued)

**Cases**                                                                 **Page**

*Matter of Liberty Mut. Ins. Co. v. Roland-Staine*, 21 A.D.3d 771,
802 N.Y.S.2d 6 (1st Dep't 2005)........................................................15, 16

*MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377 (2d Cir. 2006)...................5

*N.Y. Cent. Mut. Fire Ins. Co. v. Salomon*, 11 A.D. 3d 315,
782 N.Y.S.2d 730 (1st Dep't 2004)........................................................15

*New York Tel. Co. v. Travelers Cas. & Sur. Co. of Am.*, 280 A.D.2d 268,
719 N.Y.S.2d 648 (1st Dep't 2001)........................................................12

*In re Platinum & Palladium Commodities Litig.*, 2014 U.S. Dist. LEXIS 96457
(S.D.N.Y. July 15, 2014)........................................................9

*Reserve Int'l Liquidity Fund, Ltd. v. Caxton Int'l Ltd.*,
2010 U.S. Dist. LEXIS 42216 (S.D.N.Y. Apr. 29, 2010)........................................................8

*Salomon Smith Barney v. McDonnell*, 2001 U.S. Dist. LEXIS 13505
(S.D.N.Y. Sept. 5, 2001)........................................................10

*Spadaro v. Newark Ins. Co.*, 21 A.D.2d 226, 249 N.Y.S.2d 753 (4th Dep't 1964)...................9

*Sperling v. Great American Indem. Co.*, 7 N.Y.2d 442, 199 N.Y.S.2d 465 (1960)................8, 9

*Matter of State Farm Indem. Co. v. Moore*, 58 A.D.3d 429,
872 N.Y.S.2d 82 (1st Dep't 2009)........................................................16

*23-08-18 Jackson Realty Assocs. v. Nationwide Mut. Ins. Co.*, 53 A.D.3d 541,
863 N.Y.S.2d 35 (2d Dep't 2008)........................................................12

*Wenig v. Glens Falls Indem. Co.*, 294 N.Y. 195 (1945)........................................................9

*United States v. Pitney Bowes, Inc.*, 25 F.3d 66 (2d Cir. 1994)........................................................9, 10

## TABLE OF AUTHORITIES
(continued)

| **Rules And Statutes** | **Page** |
|---|---|
| Fed. R. Civ. P. 24(a)................................................................................1, 5 | |
| Fed. R. Civ. P. 24(b)...............................................................................2, 9, 10 | |
| N.Y. Ins. Law § 3420(c)(2)(B)..................................................................13, 14 | |

Proposed Intervenors Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW") (collectively "Proposed Intervenors" or "Knox/DJW") respectfully submit this reply memorandum of law in further support of their motion to intervene as of right in this interpleader action or, in the alternative, for permissive intervention.

## PRELIMINARY STATEMENT

The Proposed Intervenors satisfy each of the four requirements to intervene as of right under Fed. R. Civ. P. 24(a): (1) their motion to intervene is timely; (2) they claim interests relating to the property or transaction that is the subject of this interpleader action; (3) they are so situated that, without intervention, the disposition of this interpleader action may impair their interests; and (4) their interests are not adequately represented by the existing parties to this interpleader action. *See* Fed. R. Civ. P. 24(a).

The parties opposing the Proposed Intervenors' motion to intervene contend that the Proposed Intervenors' showing is deficient only as to one of the four requirements for intervention as of right – namely, whether the Proposed Intervenors have an interest in the proceeds that are the subject of this interpleader action. However, by virtue of default judgments in favor of Knox/DJW against Capital L Group, LLC ("Capital L" - the named insured under the insurance policy that was interpleaded in this action), Knox/DJW have direct, substantial and legally protectable interests in the interpleaded funds. Although the interpleader defendants oppose this motion on the ground that Knox/DJW cannot establish that their default judgments against insured Capital L are covered under the Policy that was interpleaded in this action, all coverage defenses have been abandoned by virtue of such interpleader. Accordingly, the Proposed Intervenors are entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a).

1

Alternatively, if this Court determines that the Proposed Intervenors are not entitled to intervene as of right under Fed. R. Civ. P. 24(a), this Court should exercise its discretion to allow the Proposed Intervenors to permissively intervene under Fed. R. Civ. P. 24(b).

Finally, while coverage defenses are not relevant in the interpleader context, Knox/DJW submit that the coverage defenses asserted by the interpleader defendants in their opposition papers are without merit.

## REPLY STATEMENT OF FACTS

### I. Knox And DJW Have Judgments Against Capital L Group, LLC, The Named Insured Under The Policy That Was Interpleaded In This Action

On May 31, 2012, Knox and DJW filed an action entitled *Knox, LLC d/b/a Knox, LLC of New York and DJW Advisors, LLC v. Capital L Group, LLC, John R. Lakian, Diane W. Lamm, and JRL Investment Group, Inc.* (Supreme Court of the State of New York, County of New York; Index No. 651880/2012) ("the Knox Action"). *See* the Affidavit of Philip M. Halpern sworn to on September 8, 2014 that was submitted in connection with Knox/DJW's moving papers ("Halpern Aff"), ¶ 2 and Exh. A. A review of the Complaint in the Knox Action makes clear that the Complaint alleges causes of action against John R. Lakian ("Lakian"), Diane W. Lamm ("Lamm"), and Capital L. *See* Halpern Aff., Exh. A. By June 20, 2012, when insurer XL Specialty Insurance Co. ("XL Specialty") sent a letter to Lakian and Lamm regarding the Complaint (Halpern Aff., Exh. I, ¶ 38), XL Specialty knew of and was on notice of Knox/DJW's allegations against Capital L. *Id.*

On November 26, 2012, Knox and DJW moved for entry of default judgment against Capital L. *See* Halpern Aff. ¶ 8. On January 3, 2013, XL Specialty's counsel sent a letter to Capital L's insurance broker acknowledging that Knox/DJW had filed a motion for default

2

judgment against Capital L and requesting information as to whom to contact at Capital L, yet XL Specialty never received a response to that letter. *See* Declaration of Greg Hansen dated September 22, 2014 (submitted as part of XL Specialty's Response), ¶¶ 4, 5 and Exh. 2.

In an Order dated July 22, 2013 - - which was *more than six months after* XL Specialty advised its insured's broker of the pending motion for default judgment - - the Court in the Knox Action granted Knox/DJW's motion for a default judgment and referred the issue of damages to a Special Referee. *See* Halpern Aff. ¶ 9 and Exh. E.

In a Decision And Order dated December 23, 2013, the Special Referee directed the Clerk of the Court to enter judgment: (a) in favor of Knox against Capital L in the amount of $2,009,329.25 plus interest; and (b) in favor of DJW against Capital L in the amount of $50,000 plus interest. *See* Halpern Aff. ¶¶ 10-11 and Exh. F, p. 7.

On March 27, 2014, judgments were entered in favor of Knox against Capital L in the Knox Action in the amount of $2,573,918.63 and in favor of DJW against Capital L in the Knox Action in the amount of $64,566.10. *See* Halpern Aff. ¶ 12 and Exh. G.

On July 14, 2014, Plaintiff XL Specialty filed with this Court the instant interpleader action entitled *XL Specialty Insurance Company v. John R. Lakian, Diane W. Lamm, & Kobre & Kim LLP* (S.D.N.Y.) (Case No. 14-CV-5225). *See* Halpern Aff. ¶ 14 and Exh. I. The complaint in this interpleader action makes repeated references to the Knox Action, and the three defendants to the Knox Action – Capital L, Lakian, and Lamm - - are all insureds under the insurance policy at issue in this interpleader action. *See* Halpern Aff. ¶ 16 and Exh. I, ¶¶ 1, 2, 3, 5, 23, 37-44, 49, 55.

In a letter dated July 23, 2014, a *mere nine days after* the complaint was filed in this interpleader action, Proposed Intervenors Knox and DJW requested that this Court promptly

schedule a pre-motion conference with regard to Knox's and DJW's proposed motion to intervene. *See* Halpern Aff. ¶ 18 and Exh. J. On September 12, 2014, Lamm filed bankruptcy. *See* Lakian/Lamm Opp. Br., p. 6 n.3.

## ARGUMENT

## POINT I

### THE PROPOSED INTERVENORS' MOTION TO INTERVENE SHOULD BE GRANTED

#### A.    The Proposed Intervenors Are Entitled To Intervene As Of Right Pursuant To Fed. R. Civ. P. 24(a)

Under Federal Rule of Civil Procedure 24(a), a non-party is entitled to intervene in a pending action as of right upon a showing that the following four requirements are satisfied: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). Here, the Proposed Intervenors satisfy their burden of demonstrating that they meet each of the four requirements for intervention as of right under Fed. R. Civ. P. 24(a).

#### 1.    The Proposed Intervenors Have Direct, Substantial And Legally Protectable Interests In The Property Or Transaction That Is The Subject Of This Action

The interpleader defendants contend that Knox/DJW's showing is deficient with regard to only one of the four requirements for intervention as of right - - Fed. R. Civ. P. 24(a)(2)'s requirement that the intervenor claim an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). As the Second Circuit has noted, in order "[f]or an interest to be cognizable by Rule 24(a)(2), it must be direct, substantial, and legally protectable." *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (citation and internal quotations omitted).

5

Here, the Proposed Intervenors - - by virtue of their judgments against insured Capital L - - have direct, substantial and legally protectable interests in the property or transaction that is the subject of this interpleader action. *Gale v. Stallone*, 1993 U.S. Dist. LEXIS 14476, at *2 (S.D.N.Y. Oct. 13, 1993) ("In addition, as a judgment creditor, Continental has an interest in the property at issue sufficient enough to allow for its intervention."); *Holborn Oil Trading, Ltd. v. Interpetrol Bermuda, Ltd.*, 658 F. Supp. 1205, 1208 (S.D.N.Y. 1987) ("Courts have held that creditors or judgment creditors of a party to an action may intervene to assert a lien on any proceeds or to claim their share of the proceeds of the action.").

As the Proposed Intervenors are seeking to protect their ability to recover on judgments against Capital L - - an insured under the insurance policy that was interpleaded by the plaintiff in this action - - and as the judgments were obtained in connection with the very Knox Action that is specifically referenced throughout the complaint in this interpleader action (*see* Halpern Aff., ¶¶ 12-17 and Exhs. G and I, ¶¶ 2, 3, 5, 37-44, 49, 55), the Proposed Intervenors are claiming direct and protectable interests that "relate to the property or transaction that is the subject" of the instant interpleader action, as required under Fed. R. Civ. P. 24(a)(2). Given that the Proposed Intervenors' judgments against Capital L are related to the specific fund that will be affected by the outcome of this interpleader action, they are entitled to intervene as of right in this action affecting that stake.

With regard to their objection to Knox/DJW's motion to intervene on the ground that Knox/DJW lack a cognizable interest in the policy proceeds sufficient to warrant intervention, the interpleader defendants contend specifically that, by virtue of Knox/DJW's default judgments against Capital L, Knox/DJW "are subject to any coverage defenses XL has against Capital L" and that Knox/DJW "will be unable to establish that their judgment is covered by the Policy."

6

*See* Lakian/Lamm Opp. Br. p. 1; Kobre & Kim Opp. Br., p. 6; *see also* Lakian/Lamm Opp. Br., p. 13 ("any interest they [Knox/DJW] may have in the Policy to satisfy their default judgment is contingent on a determination that the default judgment is covered by the Policy").

However, the interpleader defendants ignore that the foregoing legal principle - - while perhaps applicable in the context of a declaratory judgment action or direct action where the insurer is an active litigating party - - has no application in the context of an interpleader action where the insurer is merely a disinterested or neutral stakeholder that is not asserting any interest in the insurance proceeds that have been interpleaded. *Great Am. Ins. Co. v. Spraycraft, Inc.*, 844 F.Supp. 1188, 1191, 1193 n.3 (S.D. Ohio 1994) (applying New York law).

Here, interpleading insurer XL Specialty expressly acknowledged that it "is a neutral stakeholder in this interpleader action because it deposited the remaining insurance policy proceeds" into the Court's registry "and does not claim any interest to the Proceeds." *See* XL Specialty's Response To Motions To Intervene, p. 1; *see also* XL Specialty Resp., p. 7: ("XL Specialty is a neutral stakeholder with respect to the Proceeds").

By virtue of its status as a neutral stakeholder that is asserting no claim to the interpleaded stake that is the subject of the instant action, interpleading insurer XL Specialty has abandoned all coverage defenses under the Policy at issue. *See Great Am. Ins.*, 844 F.Supp. at 1193 n.3. In *Great American*, the insurer interpleaded $300,000 into the Court's registry for purposes of having the Court resolve the outstanding claims to these funds, as the claims aggregated in excess of $15 million of judgments against Great American and/or its insureds. *Id.*, 844 F.Supp. at 1189-1191. Although the judgment creditor that had obtained a judgment against insurer Great American (pursuant to a direct action statute) argued that its judgment should be given priority over the judgments that were obtained solely against the insureds, the

7

Court held that "the direct nature of Great American's liability thereon is of no significance for purposes of this interpleader action." *Id.*, 844 F.Supp. at 1193. Acknowledging that direct action statutes have no relevance for purposes of interpleader and that the interpleading insurer abandons all coverage defenses, the *Great American* court held as follows:

> Although Great American's direct liability for a particular judgment might be of great significance in an action in which Great American was attempting to deny coverage under an insurance contract, that simply is not the case here. Great American apparently abandoned all contract defenses and conceded liability for the full limits of its property damage coverage by initiating this interpleader action and depositing its stake with the Court.

*See Great American*, 844 F.Supp. at 1193 n.3; *see also* Knox/DJW Answer And Cross-Claim filed in connection with this interpleader action pursuant to Fed. R. Civ. P. 24(c) (Halpern Aff., ¶ 24 and Exh. N, ¶ 13) ("Plaintiff XL, by depositing insurance monies with this Court pursuant to its interpleader action, has abandoned all coverage defenses pertaining to such monies."); *Reserve Int'l Liquidity Fund, Ltd. v. Caxton Int'l Ltd.*, 2010 U.S. Dist. LEXIS 42216, at *25 (S.D.N.Y. Apr. 29, 2010) (citing *Great American*).

While the interpleader defendants cite numerous cases holding that judgment creditors (such as Knox and DJW) simply stand in the shoes of the insured (Capital L) and are subject to the same coverage defenses as the insured, none of these cases cited by the interpleader defendants for this principle are interpleader cases. Rather, the cited cases are either direct action cases (arising under N. Y. Ins. Law §3420 or its predecessor statute) or declaratory judgment cases, yet both of those factual contexts involve an insurer as an actively litigating party contesting issues of coverage, not an interpleader case (as here) where the insurer is admittedly a neutral stakeholder with no interest in the interpleaded stake. *See D'Arata v. New York Cent. Mut. Fire Ins. Co.*, 76 N.Y.2d 659, 563 N.Y.S.2d 24 (1990) (action under Ins. Law § 3420); *Sperling v. Great American Indem. Co.*, 7 N.Y.2d 442, 199 N.Y.S.2d 465 (1960) (action

under Ins. Law § 167, the predecessor to N.Y. Ins. Law § 3420); *Spadaro v. Newark Ins. Co.*, 21 A.D.2d 226, 249 N.Y.S.2d 753 (4th Dep't 1964) (same); *Wenig v. Glens Falls Indem. Co.*, 294 N.Y. 195 (1945) (same).

Furthermore, the interpleader defendants' citation to *In re Platinum & Palladium Commodities Litig.*, 2014 U.S. Dist. LEXIS 96457 (S.D.N.Y. July 15, 2014) - - another non-interpleader case - - is similarly unavailing. While the *Platinum* court denied intervention on the grounds that the intervenors' "interest in the insurance policies is contingent on obtaining a judgment" and that "they would need to show that the judgment was covered by any of the policies at issue," that case is distinguishable on the grounds that Knox/DJW have already obtained default judgments against Capital L, and the *Platinum* court noted further how in that case the "insurers *have denied coverage* so any recovery is uncertain" (*id.* at *10, 23; emphasis supplied). In contrast to the facts of *Platinum*, the interpleading insurer here simply deposited the remaining proceeds of its Policy into the Court's registry without retaining a stake or interest therein.

## B.  Alternatively, The Proposed Intervenors Should Be Allowed To Permissively Intervene Pursuant To Fed. R. Civ. P. 24(b)

The Proposed Intervenors submit that they have met all four requirements to intervene as of right under Fed. R. Civ. P. 24(a). However, if this Court finds that the Proposed Intervenors have not made such a showing, this Court should alternatively exercise its discretion to allow the Proposed Intervenors to permissively intervene under Fed. R. Civ. P. 24(b).

As the Second Circuit has held, "[t]he principal guide in deciding whether to grant permissive intervention is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 73 (2d Cir. 1994) (citations and internal quotations omitted).

Furthermore, intervention "is particularly appropriate in an interpleader action." *Salomon Smith Barney v. McDonnell*, 2001 U.S. Dist. LEXIS 13505, at *3 (S.D.N.Y. Sept. 5, 2001). Denial of the instant motion would undermine the purpose of interpleader actions, as the Proposed Intervenors would be precluded from acting to adequately protect their legally protectable interests in the interpleaded funds at issue.

As the Proposed Intervenors and the named parties all seek the same relief from the Court - - an adjudication of the proper allocation of the interpleaded funds - - the "claims and defenses" of the Proposed Intervenors and the Interpleader Defendants share common questions of law and fact as required under Fed. R. Civ. P. 24(b). Accordingly, the Proposed Intervenors should be allowed to permissively intervene in this interpleader action pursuant to Fed. R. Civ. P. 24(b).

In opposing Knox/DJW's request for permissive intervention, the interpleader defendants cite cases denying intervention on the ground that permitting intervention would otherwise disrupt a settlement that was the product of longstanding negotiations. *See* Lakian/Lamm Opp. Br., p. 15. However, as Knox/DJW sought to intervene a *mere nine days after* this interpleader action was filed (and shortly thereafter moved to intervene consistent with the deadline imposed by this Court), Lakian/Lamm's case citations are inapposite. *See In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 198 (2d Cir. 2000) (intervention untimely where proposed intervenors "had been on notice of their arguable interest in this litigation for at least *eight months*" before moving to intervene to object to settlement) (emphasis supplied); *Pitney Bowes, Inc.*, 25 F.3d at 71-72 (intervention untimely where proposed intervenor submitted comments to district court setting forth opposition to consent decree, yet then inexplicably "waited another *seven months* before moving to intervene") (emphasis supplied).

10

Finally, as a matter of equity, permissive intervention in favor of Knox/DJW is warranted on the additional ground that interpleading insurer XL Specialty has expressly acknowledged that *all* parties seeking to intervene, including Knox/DJW, should be permitted to intervene. *See* XL Specialty Resp., pp. 7-8 ("Allowing all claimants asserting a right to the Proceeds to intervene is consistent with New York law commending insurers for filing interpleader actions because interpleader allows all claimants to policy proceeds to be treated fairly."); *see also* XL Specialty Resp., p. 9 ("Consequently, all parties asserting an interest in the Proceeds should be allowed to intervene and seek a determination of the validity and extent of their interest in the Proceeds.").

### C.    Although The Terms And Conditions Of The Policy At Issue Have No Application In The Interpleader Context, The Coverage Defenses Advanced By The Interpleader Defendants Lack Merit

Knox/DJW contend that any coverage defenses that were otherwise available to XL Specialty were abandoned when XL Specialty interpleaded the remaining Policy proceeds in its capacity as a neutral stakeholder with no interest in such proceeds. However, even to the extent that the interpleader defendants contend that insured Capital L failed to provide notice to XL Specialty and failed to cooperate with XL Specialty, such that XL Specialty is not liable for the default judgments that were entered in favor of Knox/DJW against insured Capital L, these coverage defenses fail as a matter of law.

### 1.    XL Specialty Was On Notice Of Knox/DJW's Allegations Against Capital L As Of June 20, 2012

Insurer XL Specialty was in receipt of the Complaint in the underlying Knox Action (including Knox/DJW's allegations against Capital L) as early as June 20, 2012, when XL Specialty sent a letter to Lakian and Lamm regarding the Complaint. *See* p. 2, *supra*.

11

Accordingly, even if Capital L had not provided notice to XL Specialty under the Policy, the fact that additional insureds Lakian and Lamm provided the Complaint to XL Specialty on or before June 20, 2012 (less than one month after the Complaint was filed) suffices to rebut any contention regarding Capital L's lack of notice under the Policy, especially as the interests of Lakian/Lamm and Capital L were not adverse at such time. *See American Home Assur. Co. v BFC Constr. Corp.*, 81 A.D. 3d 545, 546, 917 N.Y.S.2d 565 (1st Dep't 2011) ("The primary insured's forwarding of the summons and complaint in the underlying personal injury action to its carrier, Sirius, constituted timely notice to Sirius of the claim involving the additional insured, since the interests of the named insured were not adverse to the interests of the additional insured."); *23-08-18 Jackson Realty Assocs. v. Nationwide Mut. Ins. Co.*, 53 A.D.3d 541, 543, 863 N.Y.S.2d 35, 37 (2d Dep't 2008) ("Where two or more insureds are defendants in the same action, notice of the occurrence or of the lawsuit provided by one insured will be deemed notice on behalf of both insureds only where the two parties are united in interest or where there is no adversity between them."); *New York Tel. Co. v. Travelers Cas. & Sur. Co. of Am.*, 280 A.D.2d 268, 719 N.Y.S.2d 648 (1st Dep't 2001) ("Time Warner's forwarding of the summons and complaint in the underlying personal injury action to its carrier Travelers constituted timely notice to Travelers of the occurrence involving New York Telephone, an additional insured under the Travelers policy issued to Time Warner . . .[i]nasmuch as Time Warner's interests were not adverse to those of New York Telephone at the time the summons and complaint were forwarded to Travelers").

## 2.    XL Specialty Was Aware That Knox/DJW Were Seeking A Default Judgment Against Capital L Well Before Default Judgment Was Ultimately Entered Against Capital L

As made clear in the Declaration of Greg Hansen dated September 22, 2014 that was submitted in support of XL Specialty's response papers, XL Specialty sent a letter to Capital L's broker on January 3, 2013, in which XL Specialty acknowledged that Knox/DJW had moved for default judgment against Capital L. *See* pp. 2-3, *supra*. XL Specialty sent this letter to its insured's broker *more than six months prior to* the July 22, 2013 date on which the Court in the Knox Action ruled on and granted Knox/DJW's motion for a default judgment. *Id*.

Notwithstanding the foregoing facts, Lakian/Lamm contend in their opposition brief that "[w]here an insured permits a default to enter, the insurer is not liable for the default judgment." Lakian/Lamm Opp. Br., p. 8. Lakian/Lamm cite *to Fisher v. Hanover Ins. Co.*, 288 A.D.2d 806, 733 N.Y.S.2d 761 (3d Dep't 2001). However, *Fisher* is distinguishable from the facts before this Court, as the insurer in *Fisher* did not receive notice of the underlying action until *after* a default judgment had been entered against the insured in the underlying action.

Lakian/Lamm's citation to *Argo Corp. v. Greater N.Y. Mut. Ins. Co.*, 4 N.Y. 3d 332, 794 N.Y.S.2d 704 (2005) is similarly unavailing, as the insurer in *Argo* was first provided notice of the underlying lawsuit *six months after* the default judgment had been entered against the insured. *Argo*, 4 N.Y. 3d at 340, 794 N.Y.S.2d at 707; *see also City of New York v. Cont'l Cas. Co.*, 27 A.D.3d 28, 32, 805 N.Y.S.2d 391, 394 (1st Dep't 2005) ("Significantly, the insurer in *Argo* was not previously given notice by another insured of the accident which gave rise to the lawsuit in question."). Lakian/Lamm's citation to N. Y. Ins. Law § 3420(c)(2)(B) (Lakian/Lamm Opp. Br., p. 8) is similarly inapposite, as that subsection states that "an irrebuttable presumption of prejudice shall apply if, *prior to notice*, the insured's liability has

13

been determined by a court of competent jurisdiction." *See* N. Y. Ins. Law § 3420(c)(2)(B) (emphasis supplied).[1]

As XL Specialty was aware of Knox/DJW's motion for default judgment pending against insured Capital L *well before* such motion was granted, Lakian/Lamm's statement of the law - - that the insurer is not liable for the resulting default judgment - - is indeed inaccurate. Rather, under these facts, the insurer is not entitled to disclaim coverage merely because a default judgment has been entered against its insured. *American Tr. Ins. Co. v. Hashim*, 68 A.D.3d 618, 619, 892 N.Y.S.2d 78, 79-80 (1st Dep't 2009) (insurer not entitled to disclaim coverage where it had notice of underlying action from person other than insured after motion for default judgment was made but *before* inquest was scheduled, as insurer was not prejudiced since "[i]t could have appeared, opposed the motion, and filed for leave to file a late answer, but pursued none of those options"); *American Tr. Ins. Co. v. B.O. Astra Mgt. Corp.*, 12 Misc. 3d 740, 746, 814 N.Y.S.2d 849, 854, 2006 N.Y. Misc. LEXIS 1011, at *13 (Sup. Ct. N. Y. Co. Apr. 17, 2006) (rejecting insurer's contention that it did not have to indemnify injured party where insurer received notice of lawsuit from person other than insured *before* entry of default judgment, such that insurer could have prevented default "but chose instead to allow the default judgment to be entered unopposed"), *aff'd*, 39 A.D.3d 432, 835 N.Y.S.2d 106 (1st Dep't 2007).

---

[1] While Knox/DJW submit that they need not meet the requirements of a direct action statute (such as N.Y. Ins. Law § 3420) to establish rights to pursue their claims in the interpleader context (*see Great American*, 844 F.Supp. at 1193), Knox/DJW dispute Lakian/Lamm's contention that N.Y. Ins. Law § 3420 applies only to personal injury or property damage claims, as the case cited in support of that contention - - *Commonwealth Land Title Ins. Co. v. Am. Signature Servs., Inc.*, 2014 U.S. Dist. LEXIS 22172 (E.D.N.Y. Feb. 20, 2014) - - acknowledges that many decisions have suggested that the statute "applies to *all* insurance policies issued in New York." *Id*. at *22 n.6 (emphasis supplied).

14

### 3.   XL Specialty Cannot Meet Its Heavy Burden Of Demonstrating That Capital L Failed To Cooperate

Finally, Lakian/Lamm contend in their opposition papers that "where the insured fails to cooperate and hinders the insurer's ability to investigate and defend the action, the insurer may disclaim coverage." Lakian/Lamm Opp. Br., p. 8. However, in order to disclaim coverage for an insured's failure to cooperate, the insurer must meet its heavy burden of demonstrating "(1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that its efforts were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured was one of willful and avowed obstruction." *Matter of Liberty Mut. Ins. Co. v. Roland-Staine*, 21 A.D.3d 771, 773, 802 N.Y.S.2d 6, 8-9 (1st Dep't 2005) (citations and internal quotations omitted); *N.Y. Cent. Mut. Fire Ins. Co. v. Salomon*, 11 A.D. 3d 315, 316, 782 N.Y.S.2d 730, 732 (1st Dep't 2004) (acknowledging the disclaiming insurer's "very heavy burden" of making the foregoing three-part showing).

XL Specialty's efforts to procure cooperation from its insured Capital L consisted solely of sending a single letter to Capital L's broker without knowledge that such letter was ever received by Capital L. *See* Hansen Decl., ¶¶ 4, 5 and Exh. 2. Courts have routinely held that merely communicating with an insured's broker does not suffice to demonstrate the insured's lack of cooperation, especially where there has been no indication that the insured ever received such communication. *See Salomon*, 11 A.D. 3d at 316-317, 782 N.Y.S.2d at 732-733 (evidence failed to establish insured's lack of cooperation where insurer contacted insured's broker); *Empire Mut. Ins. Co. v. Stroud*, 36 N.Y.2d 719, 721-722, 367 N.Y.S.2d 972, 973 (1975) (insurer failed to establish insured's lack of cooperation where insurer communicated with insured's broker); *Matter of American Tr. Ins. Co. v. Hossain*, 100 A.D. 3d 421, 422, 953 N.Y.S.2d 198, 199 (1st Dep't 2012) (evidence insufficient to establish insured's lack of cooperation where

15

insurer sent letters and investigators to three different addresses for insured, as record did not establish that insured received letters or had notice of insurer's attempts to contact him); *Roland-Staine*, 21 A.D.3d 771, 773, 802 N.Y.S.2d at 9 (evidence insufficient to establish insured's failure to cooperate where there was no indication that insured "received any of the letters mailed to him or left at either of the two locations visited by the investigator"); *Matter of Country-Wide Ins. Co. v. Henderson*, 50 A.D. 3d 789, 791, 856 N.Y.S.2d 184, 186 (2d Dep't 2008) ("mere efforts by the insurer and mere inaction on the part of the insured, without more, are insufficient to establish non-cooperation as the inference of non-co-operation must be practically compelling") (citations and internal quotations omitted).

In support of their argument that the insurer may disclaim for the insured's failure to cooperate, Lakian/Lamm cite to *Matter of State Farm Indem. Co. v. Moore*, 58 A.D.3d 429, 430-431, 872 N.Y.S.2d 82, 83 (1st Dep't 2009). However, the factual showing made by the insurer in *Moore* is distinguishable from the single letter that XL Specialty sent to its insured's broker, as the insurer in *Moore* made numerous telephone calls to the insured, sent letters via certified mail to the insured's address, had evidence that the insured signed for one of the letters, and made visits to the insured's address, such that these extensive efforts "were reasonably calculated" to obtain the insured's cooperation, thus leading to the inference that the insured deliberately chose not to cooperate. *Id.*

Taking together the foregoing, XL Specialty cannot meet its "very heavy burden of demonstrating that it acted diligently in seeking to bring about the insured's cooperation, that its efforts were reasonably calculated to obtain the insured's cooperation and that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction." *Hunter*

16

*Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 A.D.3d 404, 410-411, 904 N.YS.2d 52, 58 (1st

Dep't 2010) (citations and internal quotations omitted).

## CONCLUSION

For all of the foregoing reasons, Proposed Intervenors Knox/DJW respectfully request that this Court grant their motion and enter an Order to intervene in this interpleader action as of right under Federal Rule of Civil Procedure 24(a)(2) or, in the alternative, permissive intervention under Federal Rule of Civil Procedure 24(b), together with such other, further and different relief as this Court may deem just and proper in the circumstances and the costs and disbursements of this motion.

Dated: White Plains, New York
October 6, 2014

COLLIER, HALPERN, NEWBERG,
NOLLETTI & BOCK, LLP

Attorneys for Proposed Intervenors
Knox, LLC d/b/a Knox, LLC of
New York and DJW Advisors, LLC

By: _____

Philip M. Halpern (PH 2658)
A Member of the Firm
One North Lexington Avenue
White Plains, New York 10601
(914) 684-6800

18