UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

XL SPECIALTY INSURANCE COMPANY,

   Plaintiff,

 -against--

JOHN R. LAKIAN, DIANE W. LAMM, &
KOBRE & KIM LLP,

   Defendants.

---

Case No. 1:14-cv-05225-AT

ECF Case

# MEMORANDUM OF LAW IN SUPPORT OF
# MERRILL COMMUNICATIONS LLC'S
# <u>MOTION FOR INTERVENTION</u>

        Marc D. Youngelson, Esq.
        Marc@cosnerlaw.com
        197 Route 18, Ste 104
        East Brunswick, NJ 08816
        Attorneys for Proposed Intervenor
        Merrill Communications LLC

Dated: October 9, 2014

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ....................................................................................... 1

FACTS ............................................................................................................................... 2

ARGUMENT ..................................................................................................................... 4

I.     MERRILL IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a) ........................................ 4

     A.     Merrill's Motion is Timely. ........................................................................ 4

     B.     Merrill Asserts an Interest Relating to the Property or Transaction that is the Subject of the Action. ................................................................................ 6

     C.     If Merrill Does Not Intervene, Its Ability to Collect on Its Unpaid Invoices May Be Irreparably Damaged. ........................................................................ 7

     D.     Merrill's Interest is Not Adequately Represented by the Other Parties. ............................. 7

II.     ALTERNATIVE, MERRILL SHOULD BE PERMITTED TO INTERVENE PERMISSIVLY UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b) ............. 8

CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C., 262 F.R.D. 269
(S.D.N.Y.2009) .................................................................................................. 4

Floyd v. City of New York, 2014 U.S. Dist. LEXIS 104945 (S.D.N.Y. July 30, 2014) ... 4, 5

In re Ambac Fin. Group, Inc., Derivative Litig., 257 F.R.D. 390 (S.D.N.Y.2009) ... 8

Trbovich v. United Mine Workers of America, 404 U.S. 528, 92 S. Ct. 630, 636 n.10 (1972) ... 7

United States v. New York, 820 F.2d 554 (2d Cir. 1987) ... 5

United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411 (2d Cir. 2001) ... 6

United States v. Pitney Bowes, Inc. 25 F.3d 66 (2d Cir. 1994) ... 4

United States v. Yonkers Bd. of Educ., 801 F.2d 593 (2d Cir. 1986) ... 5

Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92 (2d Cir. 1990) ... 6

**Statutes**

Federal Rule of Civil Procedure 24(a) ................................................................. 1, 4, 8

Federal Rule of Civil Procedure 24(b) ................................................................. 1, 8

Proposed Intervenor Merrill Communications LLC ("Merrill") respectfully submits this memorandum of law in support of its motion for leave to intervene as a defendant in this action (i) as of right pursuant to Federal Rule of Civil Procedure 24(a); or (ii) alternatively, permissively pursuant to Federal Rule of Civil Procedure 24(b).

## Preliminary Statement

XL Specialty Insurance Company commenced this interpleader action as a means to resolve alleged "conflicting and competing demands" to the remaining benefit amount of an insurance policy it issued to defendant Diane W. Lamm. Among other things, the XL policy covers litigation defense expenses incurred by Ms. Lamm.

With XL's express, written approval, Merrill provided e-discovery services to Ms. Lamm and her counsel in two underlying litigations. For a time, XL paid Merrill for the services it provided. Then, in approximately March 2014, XL stopped making payments to Merrill. To date, Merrill is owed $53,936.21 under numerous outstanding invoices. Merrill now seeks to intervene herein in order to recover payment for its unpaid invoices under the XL policy.

As explained below, Merrill satisfies the legal test for intervention under F.R.C.P. 24, either as of right or permissively. First, Merrill's motion is timely, in that it has filed its motion within the deadline set by the Court, and Merrill's intervention at this early stage of the interpleader action will not prejudice the existing parties. Second, Merrill has asserted a claim to the proceeds from the XL insurance policy – the property at issue in this interpleader – as payment for the e-discovery services it provided to the parties and their counsel in the underlying litigations. Third, if Merrill is not permitted to intervene, there is a substantial risk that its interest will be irreparably impaired, as the XL policy likely is Merrill's only source of payment for the services it rendered. Finally, no party represents, or will represent, Merrill's interests.

At bottom, Merrill's interest in the XL policy is substantially similar to, though separate from, the interests claimed by defendant Kobre & Kim – the firm which brought Merrill in as the e-discovery provider in Ms. Lamm's legal proceedings, with XL's approval – and proposed intervenor Eiseman Levine Lahrhaupt & Kakoyiannis – the firm which continued Merrill's engagement as the e-discovery provider, again with XL's express approval. Indeed, underscoring the validity of Merrill's application, the existing parties all have consented to Merrill's proposed intervention.

Accordingly, Merrill is entitled to intervene, either as of right or permissively, herein.

## Facts[1]

Merrill provides e-discovery services, including the hosting of electronic discovery material, for use in litigation. (Declaration of Dominic Cutri, executed on October 9, 2014 ("Cutri Decl.") ¶ 2.)

Pursuant to a Statement of Work executed on February 8, 2013 (the "Kobre & Kim SOW"), Kobre & Kim LLP ("Kobre & Kim") engaged Merrill to provide e-discovery services in certain underlying legal proceedings in which Kobre & Kim's client, defendant Diane W. Lamm, was a party. (Cutri Decl. ¶ 3, Ex. A.) By e-mails dated February 5 and February 8, 2013, plaintiff XL Specialty Insurance Company ("XL") expressly confirmed that Merrill was to be paid as an approved litigation expense under an XL insurance policy issued to Ms. Lamm (the "XL policy"). (Id. Ex. B.) Consistent with the foregoing, the Kobre & Kim SOW stated that XL

---

[1] Merrill sets forth herein only the facts pertinent to its entitlement to receive payment under the XL policy. The underlying Lamm litigations, the XL policy, and the interpleader action are described in detail in the memorandum of law filed by proposed intervenor Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK"). Merrill respectfully refers the Court ELLK's factual recitation found at ECF docket No. 22, which Merrill has no reason to doubt.

2

was responsible for paying Merrill, and specifically referenced the February 2013 e-mail exchange described above. (Id. Ex. A ¶ 7.)

In June 2013, Kobre & Kim advised Merrill that ELLK was becoming new counsel to Ms. Lamm and that the e-discovery database was to be transferred to ELLK. XL, again through its counsel, consented to the substitution of ELLK. (Cutri Decl. ¶ 6, Ex. C.)

Pursuant to a Statement of Work executed on June 24, 2013 (the "June 2013 ELLK SOW"), ELLK continued Merrill's engagement as the e-discovery provider in connection with the underlying legal proceedings. (Cutri Decl. ¶ 7, Ex. D.) The June 2013 ELLK SOW specifically referenced the February 2013 e-mail exchange between Kobre & Kim – Ms. Lamm's prior counsel – and XL's counsel, in which XL confirmed that Merrill was to be paid as an approved litigation expense under Ms. Lamm's XL policy. (Id. Ex. D at ¶ 7.)

In January 2014, ELLK and Merrill executed a new Statement of Work (the "January 2014 ELLK SOW"). (Cutri Decl. ¶ 8 Ex. E.) Among other things, the January 2014 ELLK SOW provided that (i) additional user licenses would be issued to Brief Carmen & Klienman, LLP ("Brief Carmen"), counsel to defendant John Lakian in the underlying legal actions; and (ii) 25% of Merrill's monthly hosting costs were to be paid by Brief Carmen. ELLK was to be billed for the remaining 75% of the monthly hosting costs. Like the Kobre & Kim SOW and the prior June 2013 ELLK SOW, the January 2014 ELLK SOW specifically referenced the February 2013 e-mail exchange in which XL confirmed that Merrill was to be paid as an approved litigation expense under the XL policy. (Id.)

Thereafter, XL paid Merrill for the e-discovery services provided under the Kobre & Kim SOW, the June 2013 ELLK SOW and the January 2014 ELLK SOW. Then, in approximately March 2014, XL's payments to Merrill ceased. (Cutri Decl. ¶ 9.)

3

To date, Merrill is owed approximately $53,936.21 for the e-discovery services it provided. (Cutri Decl. ¶ 10, Ex. F.)

Merrill now seeks to intervene in this action in order to receive payment from the XL policy for the e-discovery services it provided to Ms. Lamm and her counsel.

## Argument

### I. MERRILL IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(a)

Federal Rule of Civil Procedure 24(a)(2) provides, in pertinent part, as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who
> …
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protects its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Courts have granted applications to intervene as of right where, as here, the proposed intervenor (i) files a timely motion; (ii) asserts an interest relating to the property or transaction that is the subject of the action; (iii) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede the party's ability to protect its interest; and (iv) has an interest not adequately represented by the other parties. Berkeley Acquisitions, LLC v. Mallow, Konstam & Hager, P.C., 262 F.R.D. 269, 272 (S.D.N.Y.2009) (citing United States v. Pitney Bowes, Inc. 25 F.3d 66, 70 (2d Cir. 1994)). Merrill satisfies all four of these factors.

### A. Merrill's Motion is Timely.

A threshold issue on a motion for intervention is whether the application is timely. Floyd v. City of New York, 2014 U.S. Dist. LEXIS 104945, *37 (S.D.N.Y. July 30, 2014). Whether a

4

motion is timely depends on: (i) the length of time the movant knew or should have known of their interest before making the motion; (ii) prejudice to existing parties resulting from their delay; (iii) prejudice to the movant if the motion is denied; and (iv) the presence of unusual circumstances militating for or against a finding of timeliness. Id. at *37 (citing United States v. New York, 820 F.2d 554, 557 (2d Cir. 1987)). "The timeliness requirement is flexible and the decision is one entrusted to the district judge's sound discretion." United States v. Yonkers Bd. of Educ., 801 F.2d 593, 594-95 (2d Cir. 1986).

Here, Merrill initially sought leave to file this application by letter dated September 9, 2014 – less than two months after XL commenced the interpleader action. See ECF docket No. 34. On September 10, 2014, the Court granted Merrill's request, and directed that Merrill file its application by October 10, 2014. See ECF Docket No. 35. Merrill filed its application within the deadline set by the Court.

Moreover, there will be no prejudice to the existing parties if Merrill's application is granted. Answers to XL's interpleader complaint have not been filed, and discovery has not yet commenced. As this case is in only the earliest stages, none of the existing parties will be prejudiced by Merrill's intervention. See Mem. of Law in Support of ELLK's Application to Intervene, ECF Docket No. 22, at 9 (citing caselaw).

Further confirming the lack of prejudice, all existing parties have acknowledged and consented to Merrill's application. See Kobre & Kim's Mem. of Law in Opposition to Motion to Intervene, ECF Docket No. 36, at 1 ("Kobre & Kim LLP does not oppose … the anticipated motion to intervene of Merrill Corporation"); XL's Response to Motion to Intervene, ECF Docket No. 37, at 2, fn1 ("XL Specialty agrees that Merrill's motion to intervene should be granted"); John Lakian and Diane Lamm's Mem. of Law in Opposition to Motion to Intervene,

5

ECF Docket No. 41, at 6 ("Lakian and Lamm do not oppose the application[] of proposed intervenor[ ] ... Merrill Communications, LLC...").

In contrast, Merrill irreparably will be prejudiced if it is not allowed to intervene. The documents – the Statements of Work executed by Kobre & Kim and ELLK, along with the e-mail communications from XL's counsel – confirm that XL was to be Merrill's source of payment. XL in fact paid Merrill for the e-discovery services it provided (for a time). Put differently, given the documents and the historical course of dealing between the involved parties, Merrill's ability to pursue another potentially responsible party is uncertain at best (though Merrill certainly reserves all of its rights in this regard). Simply put, Merrill's only meaningful opportunity to recover any payment whatsoever for the e-discovery services it rendered is through intervention in this action.

Accordingly, Merrill timely has filed its application for intervention.

**B.    Merrill Asserts an Interest Relating to the Property or Transaction that is the Subject of the Action.**

In order to intervene in a case, an intervenor must have a "direct, substantial, and legally protectable" interest in the litigation. United States v. Peoples Benefit Life Ins. Co., 271 F.3d 411, 415 (2d Cir. 2001) (citing Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 97 (2d Cir. 1990)). Here, Merrill has asserted a claim to proceeds from the XL policy – the subject matter of this interpleader action – to pay for the e-discovery services it provided.

Merrill's interest in the XL policy proceeds is substantially similar to, though separate from, the interests claimed by Kobre & Kim – the firm which brought Merrill in as the e-discovery provider in Ms. Lamm's legal proceedings, with XL's approval – and ELLK – the firm which continued Merrill's engagement as the e-discovery provider, again with XL's express approval. This is sufficient to satisfy the "protectable interest" prong of the intervention test.

6

C.  **If Merrill Does Not Intervene, Its Ability to Collect on Its Unpaid Invoices May Be Irreparably Damaged.**

Merrill's ability to protect its interests – i.e., to get paid for the e-discovery services it provided, in good faith, to Ms. Lamm and her counsel – will be impaired if it is not permitted to intervene here. Specifically, as noted supra at 6, the documents and the historical course of dealing between the involved parties confirm that XL was to pay Merrill for its services. As a result, Merrill's ability to pursue another potentially responsible party is uncertain at best. In short, Merrill's only meaningful opportunity to recover any payment for its services it rendered likely is through intervention in this action.

D.  **Merrill's Interest is Not Adequately Represented by the Other Parties.**

The burden of establishing that the intervenor's interests will not be adequately protected by other parties is minimal. Trbovich v. United Mine Workers of America, 404 U.S. 528, 92 S. Ct. 630, 636 n.10, 30 L. Ed. 2d 686 (1972). Merrill easily meets this burden.

Specifically, each defendant in the interpleader action has asserted a claim to the proceeds from the XL policy. Numerous proposed intervenors – e.g., ELLK – have asserted similar claims. According to XL, the claims against the policy far exceed the remaining available proceeds. See Complaint, ECF Docket No. 3. XL further has stated that defendants Lamm and Lakian continue to incur increasing litigation costs, which in turn increases their claim for such costs to be paid from the XL policy proceeds. Id.

Of course, every claim asserted against the XL policy necessarily diminishes the potentially available funds that will be left to pay Merrill on its outstanding invoices and specifically harms Merrill's interests. As such, Merrill's interests are not, and will not be, adequately represented by other parties in this litigation.

7

## II. ALTERNATIVE, MERRILL SHOULD BE PERMITTED TO INTERVENE PERMISSIVLY UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(b)

If the Court declines Merrill's application to intervene as of right under FRCP 24(a), Merrill nonetheless should be allowed to intervene permissively under FRCP 24(b), which provides that the Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Courts consider substantially the same factors for permissive intervention under FRCP 24(b) as for intervention as of right under FRCP 24(a). In re Ambac Fin. Group, Inc., Derivative Litig., 257 F.R.D. 390, 392 (S.D.N.Y.2009). The decision regarding whether to grant permissive intervention "is wholly discretionary with the trial court." Id. (citation omitted).

The same facts and circumstances detailed supra in support of Merrill's application for intervention as of right also support Merrill's application for permissive intervention. In short, Merrill's claim is substantially similar, though not identical, to that of Kobre & Kim (already a party defendant) and ELLK (a proposed intervenor). Merrill timely has filed its application to intervene. No prejudice will result to any of the parties if Merrill is permitted to intervene. Indeed, all parties to the interpleader have acknowledged the validity of Merrill's claim and consented to Merrill's intervention herein. On the other hand, Merrill significantly will be prejudiced if it is not permitted to intervene and protect its interests herein.

Accordingly, FRCP 24(b) has been satisfied.

## **CONCLUSION**

For the foregoing reasons, Merrill's motion to intervene, either as of right or permissively, should be granted.

Dated: October 9, 2014

                               COSNER YOUNGELSON

                               By: /s/ Marc D. Youngelson
                                    Marc D. Youngelson, Esq.
                                    197 Route 18, Ste. 104
                                    East Brunswick, NJ 08816
                                    Counsel to Proposed Intervenor
                                    Merrill Communications LLC