UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>- vs -<br><br>JOHN R. LAKIAN, DIANE W. LAMM & KOBRE & KIM, LLP,<br><br>          Defendants. | ECF Case<br>14 Civ. 5225 (ANT) |

### MEMORANDUM IN SUPPORT OF MOTION BY JOHN R. LAKIAN AND DIANE W. LAMM FOR LEAVE TO FILE A SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE MOTION TO INTERVENE BY KNOX, LLC D/B/A KNOX, LLC OF NEW YORK AND DJW ADVISORS, LLC

Defendants John R. Lakian ("Lakian") and Diane W. Lamm ("Lamm") respectfully request leave of this Court to file a sur-reply to the Reply Memorandum of Law in Further Support of Motion to Intervene by Proposed Intervenors Knox, LLC d/b/a Knox, LLC of New York and DJW Advisors, LLC ("Reply Brief"), for the reasons set forth below. A copy of the proposed sur-reply is attached hereto as Exhibit A.

### LEGAL STANDARD

It is within the Court's discretion to grant leave to file a sur-reply. *Barbour v. Colvin*, 993 F. Supp. 2d 284, 287 (E.D.N.Y. 2014). It is axiomatic that "new arguments may not be made in a reply brief." *Hallmark v. Cohen & Slamowitz*, LLP, 293 F.R.D. 410, 415 (W.D.N.Y. 2013) *reconsideration denied*, 2014 WL 51322 (W.D.N.Y. Jan. 8, 2014) (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999)). When a reply memorandum introduces new legal arguments or factual information, "the rationale of fair play" permits the Court to disregard it or, if the Court is going to consider it, to allow the other side to have "an

1

ME1 19075041v.1

opportunity to be heard" on the new legal arguments and factual information. *See Newton v. City of N.Y.*, 738 F. Supp. 2d 397, 417 n.11 (S.D.N.Y. 2010).

## ARGUMENT

The Reply Brief introduces new arguments and facts. In the interests of fair play, this Court should grant Lakian and Lamm leave to file a sur-reply to respond to those newly raised arguments and facts. Specifically, the Reply Brief introduces:

1. A new argument that XL Specialty Insurance Company ("XL") waived all coverage defenses by filing this interpleader action, and as a result Knox/DJW have a direct interest in the Policy. (*See* Reply Brief at 6-8.)

2. A new argument that XL had constructive notice of the underlying action against Capital L, and therefore Capital L (and consequently Knox/DJW) are entitled to coverage. (*See* Reply Brief at 11-14.)

3. A new declaration in support of the Reply Brief setting forth new facts. The declaration states that XL's counsel sent a letter to Capital L's broker acknowledging the motion for default judgment and requesting contact information for Capital L, but that XL's counsel never received a response. (Reply Brief at 3; Declaration of Greg Hansen dated September 22, 2014 ¶¶ 4,5 and Exh. 2.)

Lakian and Lamm should be afforded a fair opportunity to present an opposition to these points. The first argument listed above contains significant misrepresentations of the law, which must be addressed. It would be inequitable and against the interests of all parties to permit Knox/DJW's misstatements of the law and facts to remain unanswered. The second argument is an entirely new theory of the case. No party or proposed intervenor has ever taken the position that Capital L provided notice. Relatedly, the factual assertions regarding XL's alleged acknowledgment of the default action are have never been raised by any party until the Reply Brief. They were not part of XL's Complaint for Interpleader, nor were they in Knox/DJW's moving brief or declaration. It would be unfair to permit Knox/DJW to raise such facts for the first time in a reply brief but deny Lakian and Lamm leave to reply to them. In the interests of

ME1 19075041v.1

justice, the Court should either disregard these new arguments and facts, or permit Lakian and Lamm to file the attached sur-reply.

Granting leave to file the attached sur-reply does not prejudice any parties and will benefit the parties as well as this Court. The sur-reply will not cause delay, as there are several motions to intervene that are still being briefed. It also does not harm Knox/DJW, as they have had ample opportunity to present their arguments. Denying this motion, however, will prejudice Lakian and Lamm, because it will deprive them of the ability to correct the misstatements of law, counter the new arguments, and address the new facts. Granting leave to file the sur-reply would actually benefit the majority of the parties because it would clarify the law regarding XL's ability to assert coverage defenses—an issue that will affect all the parties. The sur-reply would also provide this Court with the fullest record possible. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco, Inc.*, 2003 WL 1618534, at *1 (S.D.N.Y. Mar. 27, 2003) (allowing sur-reply affidavits and noting "the parties will be best served by the Court's deciding the . . . issue presented to it on the most complete factual basis possible").

## CONCLUSION

For the foregoing reasons, Defendants Lakian and Lamm respectfully request that this Court grant their request for leave to file the attached sur-reply.

Dated: October 20, 2014  
Newark, New Jersey

Respectfully submitted,  
MCCARTER & ENGLISH LLP

By: /s Brian J. Osias  
Brian J. Osias  
4 Gateway Center  
100 Mulberry Street  
Newark, NJ 07102  
Telephone: (973) 622-4444  
Facsimile: (973)624-7070  
*Attorneys for Defendants Lakian and Lamm*

ME1 19075041v.1