# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>       Plaintiff,<br><br>- vs -<br><br>JOHN R. LAKIAN, DIANE W. LAMM & KOBRE & KIM, LLP,<br><br>       Defendants. | ECF Case<br>14 Civ. 5225 (ANT) |

## SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE MOTION TO INTERVENE BY KNOX, LLC D/B/A KNOX, LLC OF NEW YORK AND DJW ADVISORS, LLC

MCCARTER & ENGLISH, LLP
Brian J. Osias
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
*Attorneys for Defendants*
 *John Lakian and Diane Lamm*

i

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................II
PRELIMINARY STATEMENT ...............................................................................................1
ARGUMENT 2
    POINT I     XL DID NOT WAIVE ITS COVERAGE DEFENSES .............................2
    POINT II    KNOX/DJW CANNOT MEET THE STRINGENT
                   REQUIREMENTS NECESSARY TO ESTABLISH A WAIVER.............5
    POINT III   KNOX/DJW'S CONSTRUCTIVE NOTICE ARGUMENT HAS
                   NO MERIT ...................................................................................................5
    POINT IV   KNOX/DJW CANNOT RECOVER BECAUSE CAPITAL L
                   BREACHED MULTIPLE DUTIES TO XL BY ALLOWING
                   THE DEFAULT JUDGMENT .....................................................................6
CONCLUSION ...........................................................................................................................8

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Cont'l Cas. Co. v. Marshall Granger & Co., LLP*,
2014 WL 1100137 (S.D.N.Y. Mar. 20, 2014) .................................................................5

*Great American Insurance Co. v. Spraycraft, Inc.*,
844 F.Supp. 1188 (S.D. Ohio 1994) .....................................................................2, 3, 4

*Reserve Int'l Liquidity Fund Ltd. v. Caxton Int'l Ltd*,
2010 WL 1779282 (S.D.N.Y. April 29, 2010) ..............................................................2, 4

*State of N.Y. v. AMRO Realty Corp.*,
936 F.2d 1420 (2d Cir. 1991) .......................................................................................5

*Travelers Indem. Co. v. Northrop Grumman Corp.*,
12 CIV. 3040 KBF, 2014 WL 902666 (S.D.N.Y. Mar. 7, 2014) ...................................6

*Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*,
985 F.2d 677 (2d Cir. 1993) .........................................................................................7

**STATE CASES**

*23-08-18 Jackson Realty Assocs. v. Nationwide Mut. Ins. Co.*,
53 A.D.3d 541, 863 N.Y.S.2d 35 (N.Y. App. Div. 2008) ..........................................5, 6

*Ambrosio v. Newburgh Enlarged City Sch. Dist.*,
5 A.D.3d 410, 774 N.Y.S.2d 153 (N.Y. App. Dic. 2004) ..............................................6

*Gutman v. U.S. Cas. Co.*,
241 A.D. 752, 270 N.Y.S. 160 (N.Y. App. Div. 1934) ..................................................5

**RULES**

Federal Rule of Civil Procedure 24(a) ......................................................................................8

Federal Rule of Civil Procedure 24(b) ......................................................................................8

**OTHER SOURCES**

4-40 Law of Liability Insurance § 40.04 ..................................................................................4

**PRELIMINARY STATEMENT**

In their reply memorandum, Knox/DJW raised two new arguments, necessitating a sur-reply.

Knox/DJW first claim that XL, the insurer, somehow waived all of its coverage defenses through the act of filing this interpleader action. This is wishful thinking on Knox/DJW's part. The notion is contrary to the law, the facts and common sense. XL did not "intentionally relinquish" its "known right" to assert coverage defenses as to Capital L when it filed an interpleader action that did not even include Capital L or Knox/DJW as defendants or seek any relief from them. XL could not possibly have waived any rights with respect to non-parties, which later attempted to inject themselves into the interpleader action.

Second, Knox/DJW argue, also for the first time, that XL had constructive notice of the claim through Lakian and Lamm, and thus, XL cannot disclaim coverage vis-à-vis Capital L (or by extension Knox/DJW). New York law on this point is clear: each insured has an independent duty to provide notice. An insured's obligation to provide notice is not excused simply because the insurer might learn of the claim from another source.

The larger point, however, is that there can be no coverage for Capital L (or for Knox/DJW stepping into Capital L's shoes) because Capital L materially breached the Policy. Capital L had an obligation to defend itself but failed to do so and took a default judgment, exposing itself to vastly increased liability. There is not an insurance policy in the world that would provide coverage under those circumstances. Capital L's failure is fatal to any claim for coverage, and Knox/DJW cannot be permitted to claim greater rights under the Policy by virtue of the interpleader action than would otherwise be available to Capital L in the absence of the action.

1

## ARGUMENT

### POINT I

### XL DID NOT WAIVE ITS COVERAGE DEFENSES

As noted above, Knox/DJW argue that XL waived all coverage defenses by filing the interpleader action. This argument is unsupported by the law, the facts, and is contrary to well-respected authority on the topic. Knox/DJW cite two cases in support, *Great American Insurance Co. v. Spraycraft, Inc.*, 844 F.Supp. 1188 (S.D. Ohio 1994) and *Reserve International Liquidity Fund Ltd. v. Caxton International Ltd.*, 2010 WL 1779282 (S.D.N.Y. April 29, 2010), both readily distinguishable. (*See* Reply Mem. In Further Support of Mot. to Intervene by Proposed Intervenors Knox, LLC D/B/A Knox, LLC of New York and DJW Advisors, LLC Docket 48 at 7 & 8) (hereinafter "Reply Brief".)

The issue in *Great American* was whether, in the context of an interpleader, creditors with judgments directly against an insurer, *i.e.*, Great American, should receive priority over the creditors with judgments against the policyholder. 844 F.Supp. at 1193. The Court determined that the two classes of creditors were no different for purposes of analyzing priority of payment. The Court held that one class was "not entitled to preferential treatment simply because such judgment is against Great American directly." *Id.* One's right was not superior to the other "[b]ut for the fortuity of having brought their claims in what happened to be a 'direct action' state." *Id.* at 1192.

Knox/DJW rely on a footnote in *Great American* in support of the supposed proposition that any insurer that files an interpleader always and automatically waives all of its coverage defenses. The footnote does not say that and, ironically, actually contradicts Knox/DJW's argument:

> Although Great American's direct liability for a particular
> judgment might be of great significance in an action in which

2

> Great American was attempting to deny coverage under an insurance contract, that simply is not the case here. <u>Great American apparently abandoned all contract defenses</u> and conceded liability for the full limits of its property damage coverage by initiating this interpleader action and depositing its stake with the Court. (*See* Doc. 36, pp. 2-3; Doc. 41, p. 2.)

*Id.* at 1193 n.3 (emphasis added). The footnote's conclusion, expressed in the dicta, is based upon the particulars of the case.

XL, unlike Great American, specifically retained and did not abandon its coverage defenses. In its Complaint, XL noted that it denied coverage for Lakian as to the Branigan Action (Complaint ¶ 32) and denied any obligation to Kobre & Kim. (*Id.* ¶ 25.) Further, XL's opposition to the motion to intervene states that XL is <u>not</u> abandoning its coverage defenses as to Knox/DJW:

> XL Specialty <u>does not</u> concede that all proposed intervenors have a *valid* claim to the Proceeds. Specifically, the Knox Claimants <u>do not</u> have a valid right to the Proceeds . . . Because the Knox Claimants step into the shoes of Capital L and have no greater rights in the policy than Capital L, <u>the Knox Claimants are subject to the same limitations on coverage</u> for the default judgment against Capital L. <u>No coverage is available under the XL Specialty Policy</u> for the default judgment entered against Capital L <u>because Capital L breached its obligations under the Policy</u> to defend the claim by the Knox Claimants.

(XL Specialty Insurance Company's Response to Motions to Intervene by Eiseman Levine, Knox Claimants, and Brief Carmen Docket 37 at 2.) (emphasis added).[1] The entire second point of XL's brief is devoted to explaining why Knox/DJW have no right to Policy proceeds. (*Id.* at 9-10.)

Moreover, *Great American* did not involve a motion to intervene. Unlike the parties in *Great American*, Knox/DJW are not parties to this action, but are seeking to inject themselves

---

[1] XL never stated that it is "neutral" on the coverage issues. Rather, XL's stance is "neutral on the motions to intervene, but that if Knox/DJW were permitted to intervene, XL is of the position they are not entitled to coverage. (XL Specialty Insurance Company's Response to Motions to Intervene by Eiseman Levine, Knox Claimants, and Brief Carmen Docket 37 at 2.)

3

ME1 19093761v.1

into this action. Thus, even if an argument could be made that XL abandoned its coverage defenses by filing the interpleader, XL could only have done so vis-à-vis the present parties. It defies logic to argue that by filing an interpleader, XL henceforth and forevermore waived all coverage defenses against anyone who might seek to intervene. The footnote in *Great American* certainly does not stand for that proposition.

Knox/DJW also cite, *Reserve International Liquidity Fund Ltd. v. Caxton International Ltd.*, 2010 WL 1779282 (S.D.N.Y. April 29, 2010) (Reply Brief at 8.) That case is even more inapposite. The case, in fact, is not even an insurance case. Rather, it is a case addressing, *inter alia*, the appropriateness of an interpleader to distribute the assets of a liquidating offshore money-market fund. *Reserve International* cites *Great American* in a general discussion about the purpose of interpleader actions. The case provides no assistance to this Court in resolving the issues before it.

Indeed, it is hornbook law that an insurer that files an interpleader does not abandon its coverage defenses. New Appleman on Insurance, a highly respected treatise, explains:

> An interpleader action may be maintained by an insurer even though it is contesting liability under its policy. Once an insurer has filed for interpleader and deposited the insurance proceeds into court, it may be dismissed from the action <u>unless it is disputing liability under the policy.</u>
>
> The bringing of an interpleader action <u>does not create any new rights in the claimants for the fund. The court must still determine the right, if any, of each claimant to a part of the fund. Claimants must, therefore, prove their cases before they become entitled to a share of the insurance proceeds.</u>

4-40 Law of Liability Insurance § 40.04 (citations omitted) (emphasis added). Knox/DJW's unsupported arguments to the contrary are not credible.

4

## POINT II

## KNOX/DJW CANNOT MEET THE STRINGENT REQUIREMENTS NECESSARY TO ESTABLISH A WAIVER

Contrary to Knox/DJW's assertion, XL has not voluntarily relinquished its coverage defenses. To the contrary, XL has always been clear that it maintains its coverage defenses. Waiver is "'a voluntary and intentional relinquishment of a known right.'" *State of N.Y. v. AMRO Realty Corp.*, 936 F.2d 1420, 1431 (2d Cir. 1991) (quoting *Albert J. Schiff Assocs., Inc. v. Flack*, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 975, 417 N.E.2d 84, 87 (N.Y. 1980)). Intention must be founded on "full knowledge; 'negligence, oversight or thoughtlessness does not create it.'" *Gutman v. U.S. Cas. Co.*, 241 A.D. 752, 753, 270 N.Y.S. 160, 161 (N.Y. App. Div. 1934) (quoting *Alsens American Portland Cement Works v. Degnon Contracting Co.*, 222 N. Y. 34, 37, 118 N. E. 210 (N.Y. 1917)). A finding of waiver requires direct or circumstantial proof the insurer intended to waive the defense. *Id.*; *see also Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 2014 WL 1100137, * 14 (S.D.N.Y. Mar. 20, 2014) (waiver requires clear manifestation of intent and cannot be "lightly inferred.") As noted above, there has been absolutely no showing that XL intended to waive its defenses. In fact, all evidence points to XL's intention to maintain its coverage defenses. (*See* Complaint ¶¶ 25, 32; XL Specialty Insurance Company's Response to Motions to Intervene by Eiseman Levine, Knox Claimants, and Brief Carmen Docket 37 at 2, 9-10.)

## POINT III

## KNOX/DJW'S CONSTRUCTIVE NOTICE ARGUMENT HAS NO MERIT

Knox/DJW assert that XL cannot disclaim coverage for Capital L because XL had notice of the Knox Action. New York law, however, is clear that each insured has an independent obligation to provide the notices required under the policy. *23-08-18 Jackson Realty Assocs. v.*

5

ME1 19093761v.1

*Nationwide Mut. Ins. Co.*, 53 A.D.3d 541, 542-43, 863 N.Y.S.2d 35 (N.Y. App. Div. 2008) (collecting cases). The fact that an insurer may have received notice from another source, does not excuse the failure to provide notice. *Id.; see, also Travelers Indem. Co. v. Northrop Grumman Corp.*, 12 CIV. 3040 KBF, 2014 WL 902666 (S.D.N.Y. Mar. 7, 2014).

A limited exception to the general rule exists where the defaulting party demonstrates a unity in interest with the insured which provided proper notice. *Id.; see also, Ambrosio v. Newburgh Enlarged City Sch. Dist.*, 5 A.D.3d 410, 412, 774 N.Y.S.2d 153 (N.Y. App. Div. 2004). There is no such unity of interest between Lakian and Lamm and Capital L. Lakian and Lamm's interests diverge with Capital L. As Knox/DJW alleges in the Knox Action, Lakian and Lamm had no positions at Capital L in December 2011. (*See* Affidavit of Philip M. Halpern, Docket 27, dated September 8, 2014 Ex. A ¶¶ 13-14.) Thus, at the time the Knox Action was filed in May 2012, Lakian and Lamm had no shared interests with Capital L. Further, Knox/DJW's argument that Lakian, Lamm and Capital L share a unity of interest is inconsistent with their allegations that Lakian and Lamm took actions against Capital L's interests. (*Id.* ¶ 15-16, 54.) Although Lakian and Lamm vehemently deny those allegations, Knox/DJW cannot allege in the Knox Action that Lakian and Lamm's interests were adverse to Capital L's, while simultaneously arguing in this action that Lakian, Lamm, and Capital L share a unity of interest. In any event, Knox/DJW has made no showing to demonstrate a unity of interest, nor has it even raised the argument.

## POINT IV

### KNOX/DJW CANNOT RECOVER BECAUSE CAPITAL L BREACHED MULTIPLE DUTIES TO XL BY ALLOWING THE DEFAULT JUDGMENT

Most importantly, Knox/DJW's argument ignores Capital L's other breaches. Even if this Court were somehow to find that XL had proper notice, XL still must disclaim coverage

6

ME1 19093761v.1

because Capital L materially breached numerous other obligations under the Policy. The Policy states:

- "It shall be the duty of the **Insureds**[2] to defend any **Claim** under this Policy." Policy, GTC, Section II (B)(1);

- When defending a claim "[n]o **Insured** may . . . admit any liability for . . . any **Claim** without the Insurer's consent . . ." *id.* Section II(B)(2); and

- "The **Insured** agrees to provide the Insurer with all information, assistance and cooperation that the Insurer may reasonably request, and further agrees that it will do nothing which in any way increases the Insurer's exposure under this Policy." *Id.* Section II(I)(1).

Capital L breached each of these obligations by allowing default judgment to be entered against itself. Lakian and Lamm, on the other hand, provided notice, defended themselves, and cooperated with XL. This Court should not permit Knox/DJW, as judgment creditors of Capital L, to take Policy proceeds from two insureds who complied with all their obligations under the Policy. To do so would be inequitable. *See Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P.C.*, 985 F.2d 677, 679 (2d Cir. 1993) (describing interpleader as "[r]ooted in equity. . . .").

---

[2] Terms in bold are defined in the Policy.

7

## CONCLUSION

For the foregoing reasons, Defendants Lakian and Lamm respectfully request that this Court deny Proposed Intervenors Knox/DJW's motion for leave to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) and for leave to permissively intervene under Federal Rule of Civil Procedure 24(b).

Dated: October 20, 2014
Newark, New Jersey

Respectfully submitted,
MCCARTER & ENGLISH LLP

By: /s Brian J. Osias
Brian J. Osias
4 Gateway Center
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973)624-7070
*Attorneys for Defendants*
  *John Lakian and Diane Lamm*

ME1 19093761v.1