**COLLIER, HALPERN, NEWBERG, NOLLETTI & BOCK, LLP**
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 684-6800
FAX (914) 684-6986
http://www.chnnb.com

PHILIP M. HALPERN (ALSO CT)
DAVID A. NEWBERG
HARRY J. NICOLAY, JR. (ALSO NJ)
JAMES J. NOLLETTI †
SCOTT M. SALANT (ALSO MA)

† Fellow, American Academy of Matrimonial Lawyers

HOWARD S. BONFIELD (ALSO NJ)
EFREM Z. FISCHER (ALSO NJ)
ANDREW H. FRIED
EILEEN GONG (ALSO CA)
SHARI B. HOCHBERG (ALSO NJ)
ALEXANDRA M. MAXWELL (ALSO CT)

WALLACE BOCK
WILLIAM J. COLLIER, JR. (ALSO CT)
    SENIOR COUNSEL

HON. PETER P. ROSATO (ret.)
LEWIS W. SIEGEL
    COUNSEL

October 22, 2014

NEW YORK OFFICE:
630 THIRD AVENUE - 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 431-1300
FAX: (212) 696-4064

CONNECTICUT OFFICE:
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 348-5255

PAUL J. MONSELL (1948-1993)
DONALD L. WALLACE (1925-2002)

**VIA ELECTRONIC FILING AND EMAIL**
The Honorable Analisa Torres
United States District Judge
Southern District Of New York
500 Pearl Street
New York, New York 10007

> Re: **XL Specialty Insurance Company v. John R. Lakian, Diane W. Lamm, & Kobre & Kim LLP (S.D.N.Y.) (14-CV-5225)**

Dear Judge Torres:

We represent Proposed Intervenors Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW") (collectively "Knox/DJW"), and are submitting this letter in opposition to Defendants John R. Lakian's ("Lakian") and Diane W. Lamm's ("Lamm") Motion For Leave To File A Sur-Reply Memorandum Of Law with regard to Knox/DJW's pending Motion To Intervene. Lakian and Lamm have failed to meet their burden of proof to submit a sur-reply, and their request should be denied.

### Sur-Replies Are Generally Disfavored

As a preliminary matter, neither the Federal Rules of Civil Procedure nor the Local Rules Of The Southern District of New York authorize a litigant to file a sur-reply. See Kapiti v. Kelly, 2008 U.S. Dist. LEXIS 20135, at *3 n.1 (S.D.N.Y. Mar. 12, 2008). Accordingly, "[a]llowing parties to submit surreplies is not a regular practice that courts follow, because such a procedure has the potential for placing a court 'in the position of refereeing an endless colley of briefs.'" Id. (citation omitted). The Court should exercise its discretion to permit a surreply

filing only in the rare instance where a movant demonstrates that new arguments and/or facts are raised for the first time on reply and a sur-reply is necessary to properly dispose of the motion. Miller v. IBM World Trade Corp., 2007 U.S. Dist. LEXIS 16120, at *6 n.4 (S.D.N.Y. Mar. 8, 2007) (denying request to file sur-reply where "reply raised no new arguments"). Lakian and Lamm fail to meet this burden of proof here.

As the arguments in Knox/DJW's Reply Memorandum Of Law dated September 8, 2014 ("Reply") were either raised in their moving papers as well or were simply responsive to the numerous factual and legal issues raised in the five sets of opposition papers that were filed with this Court on September 22, 2014, a sur-reply is not warranted, as "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party." See Mohsen v. Morgan Stanley & Co., Inc., 2013 U.S. Dist. LEXIS 135682, at *7 n.2 (S.D.N.Y. Sept. 23, 2013) (citing Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G., 215 F.3d 219, 226-27 (2d Cir. 2000)).

### The Three Arguments That Were Purportedly Addressed In Knox/DJW's Reply For The First Time Were Either Addressed In Knox/DJW's Moving Papers Or Were Addressed In Response To Issues Raised In The Parties' Opposition Papers

In support of their application for leave to submit a sur-reply, Lakian and Lamm specifically contend that Knox/DJW asserted the following three "new" arguments and/or facts for the first time on Reply: (1) the argument that interpleading insurer XL Specialty Insurance Company ("XL") "waived all coverage defenses by filing this interpleader action"; (2) the argument that "XL had constructive notice of the underlying" Knox Action pending in New York state court against Capital L (by virtue of XL's receipt of the Complaint in the Knox Action from its insureds Lakian and Lamm, who are likewise Defendants to the Knox Action); and (3) that Knox/DJW submitted for the first time on Reply a Declaration of Greg Hansen setting forth new facts. See Memorandum In Support Of Motion By Lakian And Lamm For Leave To File A Sur-Reply (ECF Entry No. 61), p. 2. None of the foregoing constitutes "new" arguments and/or facts submitted by Knox/DJW for the first time on Reply - - thus, Lakian's and Lamm's entire premise for leave to file a sur-reply falls by the wayside.

First of all, the argument that "XL waived all coverage defenses by filing this interpleader action" is not new at all. It was expressly set forth in Knox/DJW's initial moving papers. Knox/DJW stated therein that "Plaintiff XL, by depositing insurance monies with this Court pursuant to its interpleader action, has abandoned all coverage defenses pertaining to such monies." See Affidavit of Philip M. Halpern in support of Knox/DJW's Motion To Intervene, sworn to on September 8, 2014 ("Halpern Aff."), Exh. N, ¶ 13. This contention is simply not new and could have been addressed by Lakian and Lamm in their opposition had they chosen to do so.

Secondly, the argument that "XL had constructive notice of the underlying action against Capital L" (which Lakian and Lamm assert is addressed in Knox/DJW's Reply Brief, pp. 11-14) is also not new, as the facts related thereto are addressed in Knox/DJW's initial moving papers (see Halpern Aff., Exh. I, ¶¶ 37-38 and Exh. N, ¶ 14) and as the cases cited in pp. 13-14 of Knox/DJW's Reply respond to and distinguish the very cases cited in Lakian and Lamm's

opposition papers.  <u>See also</u> Lakian and Lamm Memorandum in Opposition dated September 22, 2014, p. 4 (referencing XL's knowledge of the underlying Knox Action pending in New York state court where Lakian, Lamm and Capital L are all named as Defendants).

Finally, the Declaration of Greg Hansen that was purportedly submitted by Knox/DJW for the first time on their Reply (as Lakian and Lamm would have this Court believe) **was not submitted by Knox/DJW - - rather, it was Plaintiff XL that submitted the Hansen Declaration as part of its opposition papers to Knox/DJW's motion to intervene**.  *See* ECF Docket Sheet, Entry No. 40.  Knox/DJW's contentions on Reply concerning the Hansen Declaration were simply being made to "address new material issues raised in the opposition papers," as is the proper function of reply papers.  <u>See</u> <u>Mohsen</u>, <u>supra</u>.  For Lakian and Lamm to come before this Court and contend that the Hansen Declaration was somehow submitted by Knox/DJW for the first time as part of their Reply is incorrect and misleading.

As the foregoing makes clear, Knox/DJW did not assert new facts or arguments for the first time on Reply that would otherwise warrant submission of a sur-reply by Lakian and Lamm.  Moreover, Lakian and Lamm should not be permitted an opportunity to simply rehash and reiterate arguments that either Plaintiff XL or Defendant Kobre & Kim, LLP made previously in their respective opposition briefs.  <u>See</u> Sur-Reply Memorandum Of Law, p. 3 (quoting contentions that were made in XL's opposition brief) and p. 7 (reiterating the identical three provisions of the XL Policy that were quoted on p. 2 of Kobre & Kim, LLP's opposition brief).

As Lakian and Lamm have failed to meet their burden of proof for submission of a sur-reply, their request for same should be denied.  <u>See</u> <u>Mohsen</u>, 2013 U.S. Dist. LEXIS 135682, at *7 n.2 (motion for leave to file sur-reply denied where party failed to demonstrate that papers to which he sought to file sur-reply raised new issues material to disposition of question before court).  Accordingly, this Court should deny Lakian and Lamm's Motion For Leave To File A Sur-Reply Memorandum Of Law, and should strike and disregard in its entirety the Sur-Reply Memorandum Of Law that was improperly filed with this Court as Exhibit A thereto.

Respectfully submitted,

Philip M. Halpern