Eric R. Levine
Eric P. Heichel
Kiah Beverly-Graham
EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.
805 Third Avenue
New York, NY 10022
212-752-1000
*Counsel for Defendant Eiseman*
*Levine Lehrhaupt & Kakoyiannis, P.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                           :
XL SPECIALTY INSURANCE COMPANY,          :
                                                           :
                              Plaintiff,          :   Case No. 14-Civ.-5225 (AT)
                                                           :
            -against-                                  :
                                                           :   **ECF Case**
JOHN R. LAKIAN, DIANE W. LAMM,          :
KOBRE & KIM LLP, *ET AL.*                        :
                                                           :
                              Defendants.       :
-------------------------------------------------------------x

## ANSWER

        Defendant Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK") for its Answer to

XL Specialty Insurance Company's ("XL Specialty") Complaint for Interpleader, dated July 14,

2014 (the "Complaint") states as follows.

        1.        ELLK denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1 of the Complaint.

        2.        ELLK admits the allegations in paragraph 2 of the Complaint except denies

knowledge or information sufficient to form a belief as to the truth of the allegation that John R.

Lakian is an insured under the Policy.

3.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint does not contain an allegation to which a response is required.  To the extent a response is required, ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11.      ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint except admits that K&K is former counsel to Lamm.

12.      Paragraph 12 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint, except admits that two or

more adverse claimants demand the right to payment of money in excess of $500.00 that is in the custody or possession of XL Specialty and further avers that ELLK is among those claimants and demands payment from XL Specialty in the amount of $145,260.17 and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

13.     Paragraph 13 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint, except admits that this Court has personal jurisdiction over it.

14.     Paragraph 14 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except admits that it resides in this District and that a substantial part of the events giving rise to the claim occurred in this District.

15.     In response to the allegations in Paragraph 15 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms.

16.     In response to the allegations in Paragraph 16 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms.

17.     In response to the allegations in Paragraph 17 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms and further avers that Interpleader Defendant Diane W. Lamm is an "Insured Person" within the meaning of the Policy and that during the course of ELLK's representation of Lamm, she incurred $145,260.17 in unpaid fees which qualify as "Defense Expenses" under the terms of the Policy and respectfully refers the

Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

18.     In response to the allegations in Paragraph 18 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms and further avers that during the course of ELLK's representation of Lamm, she incurred $145,260.17 in unpaid fees which qualify as "Defense Expenses" under the terms of the Policy and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

19.     In response to the allegations in Paragraph 19 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms and further avers that during the course of ELLK's representation of Lamm, she incurred $145,260.17 in unpaid fees which qualify as "Defense Expenses" under the terms of the Policy and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

20.     In response to the allegations in Paragraph 20 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms and further avers that during the course of ELLK's representation of Lamm, she incurred $145,260.17 in unpaid fees which qualify as "Defense Expenses" under the terms of the Policy and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

21.     In response to the allegations in Paragraph 21 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms.

22.     Paragraph 22 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and respectfully refers the Court to the Policy for its terms.

23.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint except admits that Lamm is an Insured Person under the Policy.

24.     In response to the allegations in Paragraph 24 of the Complaint, ELLK respectfully refers the Court to the Policy for its terms.

25.     Paragraph 25 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK respectfully refers the Court to the Policy for its terms.

26.     ELLK admits the allegations in paragraph 26 of the Complaint.

27.     ELLK admits the allegations in paragraph 27 of the Complaint.

28.     ELLK admits the allegations in paragraph 28 of the Complaint and further avers that XL Specialty agreed to advance to ELLK amounts Lamm incurred in the course of ELLK's representation of her in the Branigan Action, of which $84,755.58 remains unpaid, and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

29.     ELLK admits the allegations in paragraph 29 of the Complaint.

30.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31.     ELLK denies paragraph 31 of the Complaint and further avers that XL Specialty is obligated to pay to ELLK the amount of $145,260.17, which amount constitutes "Defense Expenses" under the terms of the Policy, and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

32.     ELLK admits the allegations in paragraph 32 of the Complaint.

33.     ELLK admits the allegations in paragraph 33 of the Complaint.

34.     ELLK admits the allegations in paragraph 34 of the Complaint that Lamm retained ELLK to represent her in the Branigan Action after K&K's withdrawal as her counsel and avers that ELLK withdrew from representation of Lamm in the Branigan Action on August 6, 2014.

35.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     ELLK admits the allegations in paragraph 37 of the Complaint.

38.     ELLK admits the allegations in paragraph 38 of the Complaint except denies knowledge or information sufficient to form a belief as to the truth of the allegation that XL Specialty acknowledged coverage under the Policy for Lakian and agreed to advance Defense Expenses incurred by Lakian and further avers that XL Specialty agreed to advance to ELLK amounts Lamm incurred in the course of ELLK's representation of her in the Knox Action, of which $60,504.59 remains unpaid, and respectfully refers the Court to the Statement of Claim,

*infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

      39.    ELLK admits the allegations in paragraph 39 of the Complaint.

      40.    ELLK admits the allegations in paragraph 40 of the Complaint.

      41.    ELLK admits the allegations in paragraph 41 of the Complaint.

      42.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

      43.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

      44.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

      45.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

      46.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

      47.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

      48.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and respectfully refers the Court to the Policy for its terms.

      49.    ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50.     ELLK denies the allegations in paragraph 50 of the Complaint and further avers that ELLK is a party who currently asserts an entitlement to the Policy proceeds in the amount of $145,260.17 and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

51.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52.     ELLK admits the allegations in paragraph 52 of the Complaint.

## COUNT I—STATUTORY INTERPLEADER

53.     ELLK repeats its responses to the allegations restated in paragraph 53 of the Complaint.

54.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint except admits that two or more adverse claimants are claiming to be entitled to the proceeds of the Policy and further avers that ELLK is among those Claimants and asserts an entitlement to $145,260.17 of the Policy proceeds and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

55.     ELLK admits the allegations in paragraph 55 of the Complaint and further avers that it is entitled to $145,260.17 of the Policy proceeds and respectfully refers the Court to the Statement of Claim, *infra*, for a full description of ELLK's claim to the Policy proceeds, which are the subject matter of this Interpleader Action.

56.     ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint does not contain an allegation to which a response is required.

58.     Paragraph 58 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK denies the allegations in paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, ELLK denies the allegations in paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint asserts a request for relief to which no response is required.  To the extent a response is required, ELLK denies that XL Specialty is entitled to any of the relief it requests in Paragraph 60 of the Complaint and further avers that ELLK is entitled to $145,260.17 from the Policy proceeds and respectfully requests that the Court enter judgment granting ELLK the following relief: (i) a Declaration that ELLK is entitled to $145,260.17 of the Policy proceeds and (ii) an order directing the Clerk to pay to ELLK $145,260.17 from the Policy proceeds.

**STATEMENT OF CLAIM**

Defendant ELLK, for its Statement of Claim to the $1,372,596.10 of Policy proceeds which are the subject matter of this Interpleader Action and which have been deposited into the Registry of this Court pursuant to an Order entered on July 16, 2014 (D.E. 3) (the "Remaining Policy Proceeds"), states as follows.

**The Policy**

61.     Interpleader Plaintiff XL Specialty Insurance Company ("XL Specialty") issued the Policy (i.e., Financial Services Liability Policy Number ELU123603-11) to non-party Capital L Group, LLC for the policy period from November 1, 2011 to November 1, 2012.  The Policy is annexed as Exhibit A to the Complaint.

62.     Pursuant to, among other provisions, Section I(A) of the Policy's "Investment Advisers Management Liability Coverage Part," the Policy affords certain coverage to "Insured Persons" for "Loss" resulting from certain claims.

63.     Pursuant to Section I(G) of the Policy's General Terms and Conditions, Loss includes certain "Defenses Expenses" incurred by Insured Persons.

64.     Pursuant to Section I(C) of the Policy's General Terms and Conditions, Defense Expenses include reasonable legal fees and expenses incurred in the defense of certain claims asserted against Insured Persons.

65.     Thus, pursuant to the Policy, XL Specialty agreed, among other things, to pay the reasonable legal fees and expenses incurred by Insured Persons in connection with the defense of certain claims.

**Lamm's Coverage Under the Policy**

66.     Interpleader Defendant Diane Lamm is an "Insured Person" under the Policy.

67.     Lamm is a party to two actions which are covered "Claims" under the Policy.

68.     Lamm is a defendant in one of the actions, pending in New York Supreme Court, which is captioned Knox, LLC et al. v. Capital L Group, LLC et al. (651880/2012) (the "Knox Action").

69.     By letter dated June 20, 2012, XL Specialty acknowledged coverage under the Policy for Lamm for the Knox Action and agreed to advance Defense Expenses incurred by Lamm in defense of the Knox Action.

70.     Lamm is a respondent in the other action, which is a Judicial and Mediation Services arbitration captioned <u>Mark Branigan, et al. v. John R. Lakian, et al.</u> (No. 1425012628) (the "Branigan Action" and together with the Knox Action the "Actions").

71.     By letter dated October 16, 2012, XL Specialty acknowledged coverage under the Policy for Lamm for the Branigan Action and agreed to advance Defense Expenses incurred by Lamm in defense of the Branigan Action.

72.     Accordingly, XL Specialty agreed that Lamm's legal fees and expenses incurred in connection with her defense of the two Actions would be paid from the Policy.

**<u>ELLK's Claim to the Policy Proceeds</u>**

73.     Lamm initially retained Interpleader Defendant Kobre & Kim LLP ("K&K") to represent her in connection with the Actions.

74.     However, in or around June 2013, Lamm contacted ELLK regarding its potential substitution for K&K as her attorneys in the Actions.

75.     Ultimately, ELLK agreed to represent Lamm in the Actions.

76.     In connection with ELLK's representation of her in the Actions, Lamm signed a retainer agreement dated June 10, 2013 (the "Retainer Agreement").  A true and correct copy of the Retainer Agreement is annexed hereto as Exhibit 1.

77.     The Retainer Agreement obligates Lamm to pay ELLK's fees and expenses incurred in connection with the Actions, for which she is personally liable.

78.     Prior to signing the Retainer Agreement, Lamm represented to ELLK that its fees and expenses would be paid by XL Specialty pursuant to the Policy.

79.     In an email dated June 13, 2013, XL Specialty expressly consented to ELLK's representation of Lamm in the Actions, thereby agreeing to advance ELLK's fees and expenses incurred in the course of that representation, up to the limit of the Policy.  A true and correct copy of this email is annexed hereto as Exhibit 2.

80.     Thus, ELLK's legal fees and expenses in connection with representing Lamm in the Actions constitute Defense Expenses which are covered by the Policy, and ELLK is entitled to payment of such fees and expenses from the Policy, including the Remaining Policy Proceeds which are the subject matter of this Interpleader Action.

81.     Between October 2013 and May 2014, ELLK submitted eleven invoices to XL Specialty for the Defense Expenses Lamm incurred in connection with the Actions.

82.     These invoices totaled approximately $758,000.

83.     Neither XL Specialty nor Lamm ever objected to any part of these invoices, all of which were paid in full by XL Specialty.

84.     Subsequently, ELLK submitted six additional invoices to XL Specialty for Defense Expenses incurred by Lamm in connection with the Actions ("ELLK's Unpaid Invoices").  True and correct copies of ELLK's Unpaid Invoices are annexed hereto as Exhibit 3.

85.     ELLK's Unpaid Invoices consist of the following:

  i.      Invoice Number 35677, dated June 12, 2014, in the amount of $35,115.00 for Defense Expenses incurred in the Branigan Action;

  ii.     Invoice Number 35677, dated June 12, 2014, in the amount of $29,660.00 for Defense Expenses incurred in the Knox Action;

<blockquote>

iii.    Invoice Number 35781, dated July 10, 2014, in the amount of $31,946.43 for Defense Expenses incurred in the Branigan Action;

iv.    Invoice Number 35780, dated July 10, 2014, in the amount of $13,627.89 for Defense Expenses incurred in the Knox Action;

v.    Invoice Number 35868, dated July 31, 2014, in the amount of $17,220.15 for Defense Expenses incurred in the Branigan Action; and

vi.    Invoice Number 35869, dated July 31, 2014, in the amount of $17,050.30 for Defense Expenses incurred in the Knox Action.

</blockquote>

86.    The total amount of ELLK's Unpaid Invoices is $144,619.77.

87.    Neither XL Specialty nor Lamm have objected to any part of ELLK's Unpaid Invoices.

88.    However, ELLK's Unpaid Invoices remain unpaid.

89.    Furthermore, Lamm incurred the following unbilled Defense Expenses, in connection with ELLK's defense of her in the Actions, which amounts also remain unpaid:

<blockquote>

i.    $474.00 in the Branigan Action; and

ii.    $166.40 in the Knox Action.

</blockquote>

90.    Thus, the total amount of unpaid Defense Expenses which were incurred by Lamm in connection with ELLK's defense of her in the Actions is $145,260.17 ("ELLK's Unpaid Defense Expenses").

91.    ELLK's Unpaid Defense Expenses constitute Defense Expenses which XL Specialty agreed to pay from the Policy.

92.    In the Complaint, XL Specialty alleges that all that remains of the Policy are the Remaining Policy Proceeds, which are the subject matter of this Interpleader Action.

93.     Accordingly, ELLK is entitled to payment of $145,260.17 from the Remaining

Policy Proceeds.


## RELIEF REQUESTED

ELLK respectfully requests that the Court enter judgment granting ELLK the

following relief:

(i)     a declaration that ELLK is entitled to $145,260.17 of the Remaining

Policy Proceeds;

(ii)    an order directing the Clerk to pay ELLK $145,260.17 from the

Remaining Policy Proceeds; and

(iii)   such further relief as the Court may deem just and proper.

Dated: New York, New York
       February 10, 2015

EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.


By:     /s/ Eric R. Levine_____
        Eric R. Levine
        (elevine@eisemanlevine.com)
        Eric P. Heichel
        (eheichel@eisemanlevine.com)
        Kiah Beverly-Graham
        (kbeverly-graham@eisemanlevine.com)

805 Third Avenue
New York, NY 10022
212-752-1000
*Counsel for Defendant Eiseman*
*Levine Lehrhaupt & Kakoyiannis, P.C.*