Marc D. Youngelson, Esq.
COSNER YOUNGELSON
197 Route 18, Ste 104
East Brunswick, NJ 08816
(732) 937-8000
(732) 937-5439
Email: marc@cosnerlaw.com
Attorneys for Intervenor
Merrill Communications LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>-against--<br><br>JOHN R. LAKIAN, DIANE W. LAMM, & KOBRE & KIM LLP,<br><br>        Defendants. | Case No. 1:14-cv-05225-AT<br><br>ECF Case |

## ANSWER

Intervenor Merrill Communications LLC ("Merrill"), as and for its Answer to the interpleader complaint filed by XL Specialty Insurance Company ("XL"), through its undersigned counsel, hereby:

### Introduction

1. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph, except admits that XL filed this Interpleader action.

2. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 7.

**Parties**

8. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 11.

**Jurisdiction and Venue**

12. Admits, upon information and belief, the allegations in paragraph 12.

13. Admits, upon information and belief, the allegations in paragraph 13.

14. Admits, upon information and belief, the allegations in paragraph 14.

## Policies

15. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 25.

## Demand for Policy Limits

26. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 36.

### Knox

37. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 44.

### K&K Disputed Invoices

45. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 49.

## Interpleader

50. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 52, except admits that XL filed a Motion in this Court.

## Count 1

53. Repeats the foregoing responses as if fully set forth herein.

54. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 59.

### Relief Requested

60. Denies knowledge of information sufficient to form a belief as to the truth of the allegations in paragraph 60, except admits that XL purports to seek the relief identified therein.

### Merrill's Claim

1. By Order dated January 15, 2015, the Court granted Merrill's Motion to Intervene in the action in order to assert a claim to the insurance proceeds at issue herein.

### Facts[1]

2. Merrill provides e-discovery services, including the hosting of electronic discovery material, for use in litigation.

3. Pursuant to a Statement of Work executed on February 8, 2013 (the "Kobre & Kim SOW"), Kobre & Kim LLP ("Kobre & Kim") engaged Merrill to provide e-discovery services in certain underlying legal proceedings in which Kobre & Kim's client, defendant Diane W. Lamm, was a party. See Ex. A hereto.

4. By e-mails dated February 5 and February 8, 2013, plaintiff XL Specialty Insurance Company ("XL") expressly confirmed that Merrill was to be paid as an approved litigation expense under an XL insurance policy issued to Ms. Lamm (the "XL policy"). See Ex.

---

[1] Merrill sets forth herein only the facts pertinent to its entitlement to receive payment under the XL policy. The underlying Lamm litigations, the XL policy, and the interpleader action are described in detail in the memorandum of law filed by proposed intervener Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK"). Merrill respectfully refers the Court ELLK's factual recitation found at ECF docket No. 22, which Merrill has no reason to doubt.

B hereto. Consistent with the foregoing, the Kobre & Kim SOW stated that XL was responsible for paying Merrill, and specifically referenced this February 2013 e-mail exchange.

5. In June 2013, Kobre & Kim advised Merrill that ELLK was becoming new counsel to Ms. Lamm and that the e-discovery database was to be transferred to ELLK. XL, again through its counsel, consented to the substitution of ELLK. See Ex. C hereto.

6. Pursuant to a Statement of Work executed on June 24, 2013 (the "June 2013 ELLK SOW"), ELLK continued Merrill's engagement as the e-discovery provider in connection with the underlying legal proceedings. See Ex. D hereto. The June 2013 ELLK SOW specifically referenced the February 2013 e-mail exchange between Kobre & Kim – Ms. Lamm's prior counsel – and XL's counsel, in which XL confirmed that Merrill was to be paid as an approved litigation expense under Ms. Lamm's XL policy.

7. In January 2014, ELLK and Merrill executed a new Statement of Work (the "January 2014 ELLK SOW"). See Ex. E hereto. Among other things, the January 2014 ELLK SOW provided that (i) additional user licenses would be issued to Brief Carmen & Klienman, LLP ("Brief Carmen"), counsel to defendant John Lakian in the underlying legal actions; and (ii) 25% of Merrill's monthly hosting costs were to be paid by Brief Carmen. ELLK was to be billed for the remaining 75% of the monthly hosting costs. Like the Kobre & Kim SOW and the prior June 2013 ELLK SOW, the January 2014 ELLK SOW specifically referenced the February 2013 e-mail exchange in which XL confirmed that Merrill was to be paid as an approved litigation expense under the XL policy.

8. Thereafter, XL paid Merrill for the e-discovery services provided under the Kobre & Kim SOW, the June 2013 ELLK SOW and the January 2014 ELLK SOW. Then, in approximately March 2014, XL's payments to Merrill ceased.

9. To date, Merrill is owed approximately $53,936.21 for the e-discovery services it provided. See Ex. F. hereto.

**WHEREFORE**, Merrill respectfully requests that this Court enter an Order as follows: (i) distributing funds from the insurance proceeds sufficient to cover the amount of Merrill's claim herein, (ii) awarding Merrill its attorney's fees and cost in the action, and (iii) for such other relief as the Court may deem just and proper.

Dated: February 10, 2015

        COSNER YOUNGELSON

        By: /s/ Marc D. Youngelson
        Marc D. Youngelson, Esq.
        Marc@cosnerlaw.com
        197 Route 18, Ste 104
        East Brunswick, NJ 08816
        Attorneys for Intervenor
        Merrill Communications LLC

TO: All Counsel of Record (via ecf)