UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>                    **Plaintiff,**<br><br> - against -<br><br>JOHN R. LAKIAN, DIANE W. LAMM, &<br>KOBRE & KIM LLP,<br><br>                    **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>C. A. No. 1:14-cv-05225-AT<br><br>ECF Case |

### DEFENDANTS JOHN R. LAKIAN AND DIANE LAMM'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR STATUTORY INTERPLEADER

**ANSWER**

Defendants John R. Lakian ("Lakian") and Diane W. Lamm ("Lamm") for their answer to the Complaint for Statutory Interpleader ("Complaint") in the above referenced action, subject to continuing investigation of the allegations contained therein, hereby answer as follows:

**INTRODUCTION**

1. Lakian and Lamm admit that XL Specialty Insurance Company ("XL") filed this interpleader action and admit that XL Specialty issued a $3 million insurance policy to Capital L Group, LLC ("Capital L").

2. Lakian and Lamm admit the allegations set forth in Paragraph 2 of the Complaint.

3. Lakian and Lamm lack sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 3 and leave plaintiff XL to its proofs.

4. Lakian and Lamm state the terms of the Policy speak for themselves.  Lakian and Lamm lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 3 and leave plaintiff XL to its proofs.

5. Lakian and Lamm lack sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in paragraph 3 and leave plaintiff XL to its proofs.

6. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and leave plaintiff XL to its proofs.

7. No response is required to Paragraph 7, and Lakian and Lamm leave plaintiff XL to its proofs.

**PARTIES**

8. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Lakian and Lamm admit the allegations contained in Paragraph 9 of the Complaint.

10. Lakian and Lamm admit the allegations contained in Paragraph 10 of the Complaint.

11. Lakian and Lamm admit that Kobre & Kim LLP ("K&K") were former counsel to Lamm.  Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

## JURISDICTION AND VENUE

12.     Paragraph 12 contains a legal conclusion to which a response is unnecessary, and Lakian and Lamm leave plaintiff XL to its proofs.

13.     Paragraph 13 of the Complaint contains a legal conclusion to which a response is unnecessary, and Lakian and Lamm leave plaintiff XL to its proofs.

14.     Paragraph 14 of the Complaint contains a legal conclusion to which a response is unnecessary, and Lakian and Lamm leave plaintiff XL to its proofs.

## THE POLICY

15.     Lakian and Lamm admit the allegations contained in Paragraph 15 of the Complaint.

16.     Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

17.     Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

18.     Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

19.     Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

20.     Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

21. Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

22. Lakian and Lamm state that Paragraph 22 of the complaint states a legal conclusion to which a response is not necessary. To the extent a response is necessary, Lakian and Lamm deny the allegations contained in Paragraph 22 of the Complaint.

23. Lakian and Lamm admit the allegations contained in Paragraph 23 of the Complaint.

24. Lakian and Lamm state the terms of the Policy speak for themselves, and they leave plaintiff XL to its proofs.

25. Lakian and Lamm admit the allegations contained in Paragraph 25 of the Complaint.

## THE DEMANDS FOR POLICY LIMITS

### The Branigan Action

26. Lakian and Lamm state that the pleading referenced in Paragraph 26 of the Complaint is a legal document which speaks for itself, and they leave plaintiff XL to its proofs.

27. Lakian and Lamm admit the allegations contained in Paragraph 27 of the Complaint.

28. Lakian and Lamm state that the October 16, 2012 letter speaks for itself, and otherwise admit the allegations contained in Paragraph 28 of the Complaint.

29. Lakian and Lamm admit the allegations contained in Paragraph 29 of the Complaint.

30. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Lakian and Lamm state that Paragraph 31 of the complaint states a legal conclusion to which a response is not necessary. To the extent a response is necessary, Lakian and Lamm deny the allegations contained in Paragraph 31 of the Complaint.

32. Lakian and Lamm admit the allegations contained in Paragraph 32.

33. Lakian and Lamm admit the allegations contained in Paragraph 33 of the Complaint.

34. Lamm admits the allegations contained in Paragraph 34 of the Complaint. Paragraph 34 does not contain allegations directed to Lakian, and therefore a response is not required, and he leaves plaintiff XL to its proofs.

35. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and they leave plaintiff XL to its proofs.

36. Lamm denies the allegations contained in Paragraph 36 of the Complaint as stated. Paragraph 36 does not contain allegations directed to Lakian, and therefore a response is not required, and he leaves plaintiff XL to its proofs.

ME1 19015276v.1

**The Knox Action**

37. Lakian and Lamm state that the pleading referenced in Paragraph 37 of the Complaint is a legal document which speaks for itself, , and they leave plaintiff XL to its proofs.

38. Lakian and Lamm state that the June 20, 2012 letter referenced in Paragraph 38 of the Complaint speaks for itself, and otherwise admit the allegations contained in Paragraph 38 of the Complaint.

39. Lakian and Lamm admit the allegations contained in Paragraph 39 of the Complaint.

40. Lakian and Lamm admit the allegations contained in Paragraph 40 of the Complaint.

41. Lakian and Lamm admit the allegations contained in Paragraph 41.

42. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and they leave plaintiff XL to its proofs.

43. Lakian and Lamm admit the allegations contained in Paragraph 43.

44. Lakian and Lamm admit the allegations contained in Paragraph 44.

**K&K's Disputed Invoices**

45. Lamm admits that K&K billed her for approximately $1,314,780.19. Lamm denies the remaining allegations contained in Paragraph 45 of the Complaint. Paragraph 45 does

6

not contain allegations directed to Lakian, and therefore a response is not required, and he leaves plaintiff XL to its proofs.

46. Lamm admits the allegations contained in Paragraph 46 of the Complaint. Paragraph 46 does not contain allegations directed to Lakian, and therefore a response is not required, and he leaves plaintiff XL to its proofs.

47. Lamm denies the allegations contained in Paragraph 47 of the Complaint as stated. Paragraph 47 does not contain allegations directed to Lakian, and therefore a response is not required, and he leaves plaintiff XL to its proofs.

48. Lakian and Lamm admit the allegations contained in Paragraph 48 of the Complaint.

49. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint and leave plaintiff XL to its proofs.

**INTERPLEADER**

50. Lakian and Lamm deny the allegations contained in Paragraph 50 of the Complaint.

51. Lakian and Lamm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and leave plaintiff XL to its proofs.

52. Lakian and Lamm state that the motion referred to in Paragraph 52 speaks for itself, and they leave plaintiff XL to its proofs.

## COUNT I- STATUTORY INTERPLEADER

53. Lakian and Lamm state that no response is required to Paragraph 53, and they leave plaintiff XL to its proofs.

54. Lakian and Lamm state Paragraph 54 contains a legal conclusion to which no response is required.

55. Lakian and Lamm admit the allegations contained in Paragraph 55 of the Complaint.

56. Lakian and Lamm deny the allegations contained in Paragraph 56.

57. Lakian and Lamm admit the allegations contained in Paragraph 57 of the Complaint.

58. Lakian and Lamm state Paragraph 58 contains a legal conclusion to which no response is required.

59. Lakian and Lamm state Paragraph 59 contains a legal conclusion to which no response is required.

## RELIEF REQUESTED

60. Lakian and Lamm deny that XL is entitled to the relief requested in part (a) of its Relief Requested, namely that it be discharged from further liability with respect to the proceeds of the Policy.

8

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Interpleader is improper because there is no threat of double or multiple claims. By XL's own admission, it has no obligation to pay K&K, but does have an obligation to advance defense expenses to Lakian and Lamm.

### SECOND AFFIRMATIVE DEFENSE

Interpleader is improper because XL is not entitled to release the funds to K&K.

### THIRD AFFIRMATIVE DEFENSE

XL should be estopped from taking the position the Policy is subject to claims from K&K.

### FOURTH AFFIRMATIVE DEFENSE

XL has a duty to monitor and evaluate the costs paid to legal counsel and to protect its insureds against monstrous and unreasonable legal fees and costs charged by counsel.

### FIFTH AFFIRMATIVE DEFENSE

Lakian and Lamm reserve the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend the Answer to assert such affirmative defenses.

ME1 19015276v.1

WHEREFORE, defendants Lakian and Lamm demand judgment as follows:

    A.  Dismissal of plaintiff XL's complaint;

    B.  Awarding Lakian and Lamm their reasonable costs and attorneys' fees; and

    C.  Such other and further relief as this court may deem just and proper.

Dated: New York, New York
       February 12, 2015

                      Respectfully submitted,

                      s/ Brian J. Osias
                      Brian J. Osias
                      McCARTER & ENGLISH, LLP
                      4 Gateway Center
                      100 Mulberry Street
                      Newark, NJ 07102
                      Telephone: (973)622-4444
                      Facsimile: (973)624-7070

                      *Attorneys for Defendants*
                      *John R. Lakian and Diane W. Lamm*