UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
XL SPECIALTY INSURANCE COMPANY,           :      **ECF FILING**

                        Plaintiff,           :      14 Civ. 5225 (AT)

                - v. -                        :
                                              **ANSWER**
JOHN R. LAKIAN, DIANE W. LAMM and KOBRE &    :
KIM LLP,
                                                 :
                      Defendants.           :
------------------------------------------------------------------X

      Defendant Brief Carmen & Kleiman, LLP ("BCK")", as and for its Answer to the Complaint for Interpleader, dated July 14, 2014 ("Complaint") of XL Specialty Insurance Company ("XL Specialty") alleges as follows:

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

      2.    Admits the allegations contained in Paragraph 2 of the Complaint.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

      4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

      5.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

      6.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, but admits that Lakian is a citizen of the State of New York.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, except admits that Kobre & Kiim LLP ("K&K") is former counsel to Lamm.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, except admits that this Court has personal jurisdiction over BCK.

14. Admits the allegations contained in Paragraph 14 of the Complaint.

15. In response to the allegations contained in Paragraph 15 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

16. In response to the allegations contained in Paragraph 16 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

17. In response to the allegations contained in Paragraph 17 of the Complaint, BCK respectfully refers the Court to the Policy for its terms, and further avers that Defendant John L. Lakian is an "Insured Person" within the meaning of the Policy.

18. In response to the allegations contained in Paragraph 18 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

19. In response to the allegations contained in Paragraph 19 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

20. In response to the allegations contained in Paragraph 20 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

21. In response to the allegations contained in Paragraph 21 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, and respectfully refers the Court to the Policy for its terms.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, except admits that Lakian is an Insured Person under the Policy.

24. In response to the allegations contained in Paragraph 24 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

25. In response to the allegations contained in Paragraph 25 of the Complaint, BCK respectfully refers the Court to the Policy for its terms.

26. In response to the allegations contained in Paragraph 26 of the Complaint, admits that the Branigan action was filed on or about June 6, 2012, and that the allegations contained in

Paragraph 26 of the Complaint, were made in the Branigan action, and otherwise denies the allegations therein contained.

27. Admits the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Admits the allegations contained in Paragraph 32 of the Complaint.

33. Admits the allegations contained in Paragraph 33 of the Complaint.

34. Admits the allegations contained in Paragraph 34 of the Complaint.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. In response to the allegations contained in Paragraph 37 of the Complaint, admits that the Knox action was filed, and that the allegations contained in Paragraph 37 of the Complaint were made in the Knox action, and otherwise denies the allegations therein contained.

38. Admits the allegations contained in Paragraph 38 of the Complaint.

39. Admits the allegations contained in Paragraph 39 of the Complaint.

40. Admits the allegations contained in Paragraph 40 of the Complaint.

41. Admits the allegations contained in Paragraph 41 of the Complaint.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, except admits that Lakian continues to request that XL Specialty advance Defense Expenses that he incurs in the Knox Action.

44. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint, except admits that there are and/or will be continuing Defense Expenses for Lakian in the Knox Action, which are likely to be substantial.

45. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint, and further avers that BCK is a party who asserts an entitlement to the Policy proceeds in the amount of

$56,713.16 through January, 2015, and to such further Defense Expenses as shall accrue thereafter, and respectfully refers the Court to the Statement of Claim *infra*, for a full description of BCK's claim to the Policy proceeds which are the subject matter of this Interpleader Action.

51. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52. Admits the allegations contained in Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, repeats and realleges its responses as set forth above.

54. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, except admits that upon information and belief, two or more adverse claimants are claiming to be entitled to the proceeds of the Policy and further avers that BCK is among those claimants.

55. Admits the allegations contained in Paragraph 55 of the Complaint.

56. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Denies the allegations contained in Paragraphs 58 of the Complaint.

59. Denies the allegations contained in Paragraph 59 of the Complaint.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

## BCK'S CLAIM TO PROCEEDS

61. By Order dated January 15, 2015, the Court granted BCK's motion to intervene in this action in order to assert a claim to the insurance proceeds at issue ("Policy Proceeds") in this action.

62. Interpleader Plaintiff XL Specialty issued the Policy to non-party Capital L Group, LLC; the Policy is annexed as Exhibit A to the Complaint.

63. The Policy provides coverage to "Insured Person" for "Loss" resulting from certain claims.

64. Under the terms of the Policy, "Loss" includes certain "Defense Expenses" incused by an Insured Person.

65. Under the terms of the Policy, "Defense Expenses" include reasonable legal fees and expenses incurred in the defense of certain claims asserted against an Insured Person.

66. Lakian is an Insured Person as defined in the Policy.

67. Lakian has been named as a party defendant in a civil action entitled "Knox, LLC, et al. v. Capital L Group, LLC, et al." (the "Knox action") in the Supreme Court of the State of New York, County of New York, under Index #651880/2012.

68. Plaintiffs in the Knox action seek damages in excess of $2,000,000.00, alleging that Lakian and co-defendant Diane Lamm ("Lamm") fraudulently induced plaintiffs to make investments in Capital L and committed breach of fiduciary duty by allegedly misusing such investments.

69. Upon information and belief, on September 12, 2014, Lamm filed a voluntary bankruptcy petition under Chapter 7.

70. Upon information and belief, Lamm listed, *inter alia*, the alleged debts due to Knox, LLC, Eisman Levine Lehrhaupt & Kakoyiannis and Kobre and Kim, LLP in schedules filed in her bankruptcy proceeding.

71. Upon information and belief, Lamm was discharged in bankruptcy on January 8, 2015.

72. Defendant Kobre & Kim LLP was initially retained by Lakian and Lamm in the Knox action.

73. In or about early June of 2013, defendant Kobre & Kim LLP, asserting a newly discovered conflict of interest, withdrew from representation of Lakian and Lamm in the Knox action.

74. BCK was retained by Lakian in or about June of 2013 to represent Lakian in the Knox action, and substituted for Kobre & Kim LLP in the Knox action.

75. BCK remains counsel for Mr. Lakian in the Knox action with ongoing obligations to its Client.

76. Plaintiff XL Specialty Insurance Company acknowledged coverage under the Policy for Lakian in connection with the Knox action, and plaintiff agreed to advance 75% of defense expenses incurred by Lakian in the Knox action.

77. In connection with BCK's representation of Lakian in the Knox action, Lakian signed a retainer agreement dated June 12, 2013, (the "Retainer Agreement").

78. Prior to signing the Retainer Agreement, Lakian represented to BCK that its fees and expenses would be paid by XL Specialty pursuant to the Policy.

79. From in or about June of 2013 through June, 2014, after receiving monthly invoices from BCK, XL Specialty advanced defense expenses covered under the Policy for the benefit of Lakian in the sum of $87,059.10.

80. As of January 31, 2015, the outstanding unpaid fees and expenses due ("Unpaid Invoices") BCK totaled $56,713.16, which sum BCK seeks to be paid by XL Specialty on behalf of Lakian as a defense expense under the Policy. Copies of the BCK's invoices are annexed hereto as Exhibit 1.

81. Commencing with invoices dated August 1, 2014, due to this action, BCK, as a courtesy, agreed to accept payment from Mr. Lakian for 75% of its billable time because the Insurer had agreed to only pay 75% of Mr. Lakian's defense costs.

82. None of BCK's invoices have ever been subject to objection.

83. The amount of BCK Unpaid Invoices constitute Defense Expenses which XL Specialty agreed to pay from the Policy.

84. XL has deposited the remaining Policy Proceeds with the Court, incident to this Interpleader Action.

85. BCK is entitled to payment of $56,713.16 from the remaining Policy Proceeds on deposit with the Court, as well as payment of continuing Defense Expenses incurred on behalf of Lakian in the Knox case from the balance of the Policy proceeds.

WHEREFORE, BCK respectfully requests that the Court enter judgment:

    a) declaring that BCK is entitled to the sum of $56,713.16 of the Policy Proceeds as well as continuing Defense Expenses as they may become due pursuant to the Policy;

    b) directing the Clerk of the Court to pay BCK the sum of $56,713.16 from the remaining Policy Proceeds on deposit with the Court; and

c) directing the Clerk of the Court to tender to BCK the balance of the remaining Policy proceeds for deposit to BCK's attorney escrow account for payment of continuing Defense Expenses as they become due pursuant to the Policy; and

d) such other and further relief as the Court may deem just and proper.

Dated: New York, NY
February 12, 2015

**BRIEF CARMEN & KLEIMAN, LLP**

By: /s/ Richard E. Carmen
    **Richard E. Carmen, Esq. (REC 6906)**
    805 Third Avenue, 12th Floor
    New York, NY 10022
    (212) 758-6160