# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is effective as of March 19 , 2015 (the "Effective Date") and is entered into between XL Specialty Insurance Company ("XL Specialty"), John R. Lakian ("Lakian"), Diane W. Lamm ("Lamm"), Kobre & Kim LLP ("Kobre & Kim"), Eiseman Levine Lehrhaupt & Kakoyiannis ("Eiseman Levine"), Brief Carmen & Kleiman, LLP ("Brief Carmen"), and Merrill Communications, LLC ("Merrill") referred to herein collectively as the "Parties" and each individually as a "Party."

WHEREAS, XL Specialty filed an interpleader action on July 14, 2014 in the United States District Court for the Southern District of New York: *XL Specialty Insurance Company v. John R. Lakian, et al.*, Case No. 14-cv-5225 (the "Interpleader Action")

WHEREAS, XL Specialty has deposited $1,372,596.10, which it represents is the remaining limit of a liability insurance policy issued to Capital L Group, LLC (the "Policy"), into the account of the Court in the Interpleader Action (the "Interpleaded Funds"), and it seeks a ruling in that action discharging itself from any further liability and adjudicating the respective rights and obligations of other parties regarding the Interpleaded Funds;

WHEREAS, Lakian, Lamm, Kobre & Kim, Eiseman Levine, Brief Carmen, and Merrill have made claims to the Interpleaded Funds;

WHEREAS, the Court has held that neither Knox, LLC d/b/a Knox, LLC of New York ("Knox") nor DJW Advisors, LLC ("DJW") has a legitimate claim to the Interpleaded Funds;

WHEREAS, Knox and DJW sought and were denied leave to intervene in the Interpleader Action;

WHEREAS, Eiseman Levine, Brief Carmen, and Merrill sought and were granted leave to intervene in the Interpleader Action;

WHEREAS, the Parties desire to and have agreed to resolve the Interpleader Action;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree as follows:

1.      Subject to approval by the Court in the Interpleader Action, the Parties agree that the Interpleaded Funds shall be disbursed as follows:

>       a.      Kobre & Kim will receive $650,000.00;
>       b.      Eiseman Levine will receive $145,260.17;
>       c.      Brief Carmen will receive $56,713.16;
>       d.      Merrill will receive $66,977.00;

1

     e.     McCarter & English, LLP will receive $136,906.02; and

     f.     The balance of the funds, including any interest that has accumulated since the funds were deposited with the Court, will be deposited into an escrow account in the custody and care of Brief Carmen for the benefit of insureds Lakian and Lamm pursuant to the escrow agreement attached as Exhibit B.

2.     The Parties agree to jointly inform the Court in the Interpleader Action of this Agreement, and to submit a Motion, in the form prescribed in Exhibit A, to the Court in the Interpleader Action, attaching a copy of this Agreement and seeking disbursement of the Interpleaded Funds as set forth in Paragraph 1 of this Agreement.

3.     Contingent upon the approval of the Court in the Interpleader Action of the relief requested in the Motion referenced in Paragraph 2 above and disbursement of the Interpleaded Funds in accordance with such approval, each Party, on his, her or its behalf and on behalf of his, her or its past, present and future agents, heirs, executors, administrators, insurers, attorneys, consultants, employees, officers, directors, shareholders, partners, assigns, insurers, and anyone purporting to act on his, her or its behalf hereby remises, releases and forever discharges each other Party and his, her or its past, present and future agents, heirs, executors, administrators, insurers, attorneys, consultants, employees, officers, directors, shareholders, partners, assigns, insurers, and anyone purporting to act on his, her or its behalf, from any and all claims, demands, rights, liabilities, damages, expenses, fees, potential actions, causes of action, suits, agreements, judgments, decrees and controversies of any kind and nature whatsoever, at law, in equity, or otherwise, whether known or unknown, whether foreseen or unforeseen, patent or latent, which have arisen, are now arising, or might arise in the future in connection with or relating, directly or indirectly, to the Policy, the Interpleader Action, *Branigan et al. v. Lakian et al.*, JAMS Arbitration Reference # 1425012628, or *Knox, LLC et al. v. Capital L Group, LLC et al.*, No. 651880/2012, pending in the Supreme Court of the State of New York, New York County.

4.     Eiseman Levine agrees that upon execution of this agreement, regardless of the Court's ruling on the motion referenced in Paragraph 2 above, they will not retain any documents pursuant to any lien and will conduct a reasonable search of all files, whether electronic or hardcopy, in their possession and promptly provide any and all documents belonging to Lamm obtained in connection with Eiseman Levine's representation of Lamm in *Branigan et al. v. Lakian et al.*, JAMS Arbitration Reference # 1425012628, or *Knox, LLC et al. v. Capital L Group, LLC et al.*, No. 651880/2012 to Brief Carmen. In exchange for Eiseman Levine releasing the documents now, Diane Lamm represents and agrees that (i) Eiseman Levine is entitled to, and Lamm has no objection to the payment of $145,260.17 out of the interpleaded funds for the legal services it has provided to her; (ii) neither Lamm nor anyone acting on her behalf will take the position in any litigation, arbitration or any other type of proceeding at any time and/or for any reason, that Eiseman Levine is not entitled to the payment of $145,260.17 out of the interpleaded funds. These representations by Lamm will remain in full force and effect at all times regardless of the Court's ruling on the motion referenced in Paragraph 2. In addition, in exchange for Eiseman Levine releasing the documents now, John Lakian represents and agrees

that neither he nor anyone acting on his behalf will take the position in any litigation, arbitration, or any other type of proceeding at any time and/or for any reason, that Eiseman Levine is not entitled to the payment of $145,260.17 out of the interpleaded funds.  This representation by Lakian will remain in full force and effect at all times regardless of the Court's ruling on the motion referenced in Paragraph 2.

5.     The releases contained herein do not and are not intended to vitiate the obligations of the Parties to each other under this Agreement.

6.     This Agreement contains the entire agreement between the Parties with respect to the subject matter hereof.

7.     This Agreement may not be amended except in writing signed by all Parties.  This Agreement may be executed in one or more counterparts and facsimile or pdf signatures shall be valid and effective as original signatures.

8.     The terms and conditions of this Agreement shall inure to the benefit of and shall be binding upon the respective successors or assigns of the Parties.

9.     In interpreting this Agreement, the Parties expressly agree that this Agreement was prepared jointly by the Parties, and that no ambiguity shall be resolved against any Party on the basis that it was responsible, or primarily responsible, for having drafted the Agreement. Each of the Parties acknowledges that he, she or it did not execute this Agreement under duress and was represented by, or had the opportunity to consult with, competent counsel in connection with this Agreement.

10.     The illegality, invalidity or unenforceability of any provision or portion thereof of this Agreement under the laws of any jurisdiction shall not affect its legality, validity or enforceability under the laws of any other jurisdiction, nor the legality, validity or enforceability of any other provision.  This Agreement shall be governed by and construed and interpreted in accordance with the laws of New York without reference to principles of conflict of laws.

11.     All notices relating to this Agreement shall be in writing and either personally served or sent by registered or certified mail, postage prepaid, return receipt requested, overnight delivery service, and shall be deemed to be given for purposes of this Agreement on the earlier of the date of actual receipt or three days after the deposit thereof in the mail.  Unless a different or additional address for subsequent notices is specified in a notice sent or delivered in accordance with the provisions of this section, such writing shall be sent, as follows:

In the case of notice to XL Specialty:
To:
David H. Topol, Esq.
Leland H. Jones IV, Esq.

Wiley Rein LLP
1776 K Street, NW
Washington, DC 20006

In the case of notice to Lakian:
To:
Brian J. Osias, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

In the case of notice to Lamm:
To:
Brian J. Osias, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

In the case of notice to Kobre & Kim:
To:
Steven G. Kobre, Esq.
Jonathan Cogan, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022

In the case of notice to Eiseman Levine:
To:
Eric R. Levine
Eiseman Levine Lehrhaupt & Kakoyiannis
805 Third Avenue
New York, New York 10022

In the case of notice to Brief Carmen:
To:
Richard E. Carmen
Ira Kleiman
Brief Carmen & Kleiman, LLP
805 Third Avenue, 12th Floor
New York, NY 10022

In the case of notice to Merrill:
To:
Marc D. Youngelson
Cosner Youngelson
197 Route 18, Ste. 104
East Brunswick, NJ 08816

12.     This Agreement may be executed in one or more counterparts, each of which, when so executed, shall be deemed to be an original.

13.     Each person signing this Agreement represents and warrants that he is authorized and empowered to sign on behalf of and bind the party on whose behalf this Agreement is being executed.

14.     Except with respect to paragraph 4, this Agreement is contingent upon the Court in the Interpleader Action granting the relief requested in the Motion in Exhibit A and disbursement of the Interpleaded Funds in accordance therewith. If these conditions precedent to settlement are not met, this Agreement shall be null and void and of no further effect.

IN WITNESS WHEREOF, the Parties or their duly authorized representatives have executed this Agreement as of the date first above written.

XL SPECIALTY INSURANCE COMPANY

By: _____
Name:
Title:
Date:

JOHN R. LAKIAN

Dated:   / 9  MARCH  2015

DIANE W. LAMM

Dated:   79 MAR 2015

KOBRE & KIM LLP

By: _____
Name:
Title:
Date:

5

In the case of notice to Merrill:
To:
Marc D. Youngelson
Cosner Youngelson
197 Route 18, Ste. 104
East Brunswick, NJ 08816

     12.    This Agreement may be executed in one or more counterparts, each of which, when so executed, shall be deemed to be an original.

     13.    Each person signing this Agreement represents and warrants that he is authorized and empowered to sign on behalf of and bind the party on whose behalf this Agreement is being executed.

     14.    Except with respect to paragraph 4, this Agreement is contingent upon the Court in the Interpleader Action granting the relief requested in the Motion in Exhibit A and disbursement of the Interpleaded Funds in accordance therewith.  If these conditions precedent to settlement are not met, this Agreement shall be null and void and of no further effect.

     IN WITNESS WHEREOF, the Parties or their duly authorized representatives have executed this Agreement as of the date first above written.

XL SPECIALTY INSURANCE COMPANY     JOHN R. LAKIAN

By: _____
Name:
Title:                        Dated:_____
Date:

DIANE W. LAMM     KOBRE & KIM LLP

_____     By: _____
                          Name: Jonathan Cogan
Dated:_____     Title: Partner
                          Date: 3/16/15

In the case of notice to Merrill:
To:
Marc D. Youngelson
Cosner Youngelson
197 Route 18, Ste. 104
East Brunswick, NJ 08816

12.     This Agreement may be executed in one or more counterparts, each of which, when so executed, shall be deemed to be an original.

13.     Each person signing this Agreement represents and warrants that he is authorized and empowered to sign on behalf of and bind the party on whose behalf this Agreement is being executed.

14.     Except with respect to paragraph 4, this Agreement is contingent upon the Court in the Interpleader Action granting the relief requested in the Motion in Exhibit A and disbursement of the Interpleaded Funds in accordance therewith.  If these conditions precedent to settlement are not met, this Agreement shall be null and void and of no further effect.

IN WITNESS WHEREOF, the Parties or their duly authorized representatives have executed this Agreement as of the date first above written.

XL SPECIALTY INSURANCE COMPANY        JOHN R. LAKIAN

By: _____        _____
Name:  Greg Hansen
Title: Senior Claims Counsel        Dated:_____
Date: 3/17/15


DIANE W. LAMM        KOBRE & KIM LLP

_____        By: _____
                                    Name:
Dated:_____        Title:
                                    Date:

5

EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS

By: _____

Name: _Eric R. Levine_

Title: _Partner_

Date: _March 16, 2015_

BRIEF CARMEN & KLEIMAN LLP

By: _____

Name: _Richard E. CARMEN_

Title: _PARTNER_

Date: _MARCH 16, 2015_

MERRILL COMMUNICATIONS, LLC

By: _____

Name:

Title:

Date:

6

EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS

By: _____
Name:
Title:
Date:

BRIEF CARMEN & KLEIMAN LLP

By: _____
Name:
Title:
Date:

MERRILL COMMUNICATIONS, LLC

By: _____
Name: Leif Simpson
Title: National Credit Manager
Date: March 17, 2015

6

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

XL SPECIALTY INSURANCE COMPANY,

                  Plaintiff,                           Case No. 14-CV-5225 (AT)

    -against-

JOHN R. LAKIAN, DIANE W. LAMM and
KOBRE & KIM LLP,

                  Defendants

    -and-
EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.,  BRIEF CARMEN &
KLEIMAN, LLP and MERRILL
COMMUNICATIONS, LLC

                  Intervening Defendants
------------------------------------------------------X
KOBRE & KIM LLP,

                  Counterclaim Plaintiff,

    -against-

XL SPECIALTY INSURANCE COMPANY,

                  Counterclaim Defendant.
------------------------------------------------------X

## JOINT MOTION TO DISBURSE FUNDS AND ENTER FINAL JUDGMENT

The Plaintiff, the Defendants, and the Intervening Defendants file this Joint Motion

seeking the Court's approval of the Settlement Agreement, attached as Exhibit 1, to disburse the

funds deposited with the Court in this interpleader action according to the terms of the Settlement Agreement and a final judgment: 1) discharging the Plaintiff, XL Specialty Insurance Company ("XL Specialty"), from any further liability to any person or entity with respect to the proceeds of the insurance policy at issue in this action (the "Policy"); 2) adjudicating the Defendants' and Intervening Defendants' respective rights and obligations with respect to the proceeds deposited with the Court pursuant to the terms of the Settlement Agreement; and 3) permanently enjoining any person from instituting or prosecuting any action against XL Specialty, the Defendants, or the Intervening Defendants in any court with respect to the proceeds of the Policy.

Respectfully submitted,

/s/ John H. Eickemeyer
John H. Eickemeyer, Esq.
jeickemeyer@vedderprice.com
Jonathan Wexler, Esq.
jwexler@vedderprice.com
VEDDER PRICE
1633 Broadway, 47th Floor
New York, New York 10019
Telephone: (212) 407-7760
Facsimile: (212) 407-7799

/s/ Brian J. Osias
Brian J. Osias, Esq.
bosias@mccarter.com
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070

*Counsel for John R. Lakian & Diane W. Lamm*

Of counsel:
David H. Topol
Cara Tseng Duffield
Leland H. Jones IV
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Telephone: (202) 719-7000

/s/ Edward J. Stein
Edward J. Stein, Esq. (ES 8836)
estein@andersonkill.com
ANDERSON KILL P.C.
1055 Washington Boulevard
Stamford, CT 06901
Telephone: (203) 388-7945
Facsimile: (203) 388-0750
*Counsel for Kobre & Kim LLP*

2

*Counsel for XL Specialty Insurance Company*

/s/ Eric R. Levine
Eric R. Levine, Esq.
ELevine@eisemanlevine.com
EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C.
805 Third Avenue
New York, New York 10022
Telephone: (212) 752-1000
Facsimile: (212) 355-4608

/s/ Richard E. Carmen
Richard E. Carmen, Esq.
rec@briefjustice.com
BRIEF CARMEN & KLEIMAN LLP
805 Third Avenue
New York, New York 10022
Telephone: (212) 758-6160
Facsimile: (212) 832-1747

/s/ Marc D. Youngelson
Marc D. Youngelson
marc@cosnerlaw.com
COSNER YOUNGELSON
197 Route 18, Ste. 104
East Brunswick, NJ 08816
Telephone: (732) 937-8000
Facsimile: (732)937-5439

*Counsel for Merrill Communications LLC*

# EXHIBIT B

## ESCROW AGREEMENT

This Escrow Agreement (the "Agreement") is effective as of March ____, 2015 (the "Effective Date") and is entered into between John R. Lakian ("Lakian"), Diane W. Lamm ("Lamm"), and Brief Carmen & Kleiman, LLP ("Brief Carmen"), referred to herein collectively as the "Parties" and each as a "Party", except as otherwise specifically stated.

WHEREAS, XL Specialty Insurance Company ("XL Specialty") filed an interpleader action on July 14, 2014 in the United States District Court for the Southern District of New York: *XL Specialty Insurance Company v. John R. Lakian, et al.*, Case No. 14-cv-5225 (the "Interpleader Action"); and

WHEREAS, XL Specialty had deposited $1,372,596.10, which it represents is the remaining limit of a liability insurance policy issued to Capital L Group, LLC (the "Policy"), into the account of the Court in the Interpleader Action (the "Interpleaded Funds"), and it seeks a ruling in that action discharging itself from any further liability and adjudicating the respective rights and obligations of other parties regarding the Interpleaded Funds; and

WHEREAS, Lakian and Lamm, are insured persons under the Policy; and

WHEREAS, Lakian, Lamm, Kobre & Kim LLP ("Kobre & Kim"), Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("Eiseman Levine"), Brief Carmen, and Merrill Communications, LLC ("Merrill") made claims to the Interpleaded Funds; and

WHEREAS, Eiseman Levine, Brief Carmen, and Merrill sought and were granted leave to intervene in the Interpleader Action; and

WHEREAS, the parties to the Interpleader Action then agreed to settle and resolve the Interpleader Action pursuant to Settlement Agreement ("Settlement Agreement") a copy of which Settlement Agreement is annexed hereto; and

WHEREAS, pursuant to the Settlement Agreement, after payment to the parties thereto from the Interpleaded Funds, the balance of the Interpleaded Funds are to be paid to Brief Carmen as Escrow Agent ("Escrow Agent") and placed in escrow ("Escrowed Funds") to pay ongoing legal fees, costs and disbursements incurred by Lamm and Lakian for the defense of "Knox, LLC et al. v. Capital L Group, LLC, et al." in the Supreme Court of the State of New York, County of New York, under Index No. 651880/2012 (the "Knox Action"); and

WHEREAS, the Parties hereto wish to set forth their rights and obligations in regard to the Escrowed Funds.

NOW THEREFORE, for good and valuable consideration, by and between each of the Parties, the receipt and sufficiency of which consideration is hereby acknowledged by each Party, the Parties stipulate and agree as follows:

1. **Release of Escrowed Funds.**. Brief Carmen shall bill Lakian for its legal services, costs and disbursements in the Knox Action, by sending an invoice on a monthly basis via e-mail. Ten days after the receipt by Lakian of Brief Carmen's invoice as aforesaid, if no objection is received by Brief Carmen, Brief Carmen may release from escrow a sum sufficient to pay Brief Carmen's outstanding invoice. Similarly, attorneys for Lamm shall bill her for their legal services, costs and disbursements in the Knox Action, by sending an invoice on a monthly basis via e-mail to Lamm and Brief Carmen. Ten days after the receipt by Lamm and Brief Carmen of her counsel's invoice as aforesaid, if no objection is received by the attorneys for Lamm, Brief Carmen may release from escrow a sum sufficient to pay her counsel's outstanding invoice.

2

2.    **Waiver of Potential Conflicts**.

      (A)    The Parties acknowledge that Escrow Agent is also:

i.    the attorney for Lakian and JRL Investment Group, Inc. in the Knox Action;

ii.    the attorney for Lakian as a third-party defendant in: "Yuen v. Branigan et al v. Lakian", in the Supreme Court of the State of New York, County of New York under Index No. 150420/2013 and Third-Party Index No. 590313/2013;

iii.    the attorney for Lakian, JRL Investment Group, Inc. and other entity Respondents in "Branigan et al v. Lakian et al", under JAMS Ref. No. 1425012628, in a JAMS Arbitration proceeding; and

iv.    assisting lead counsel in the defense of Lakian as a defendant in United States of America v. Diane W. Lamm and John R. Lakian, United States District Court, Eastern District of New York, Indictment 15-CR-0043.

      (B)    Lamm and Lakian (and Lakian on behalf of JRL Investment Group, Inc., and on behalf of the other entity Respondents in the JAMS Arbitration proceeding aforesaid) hereby waive any and all conflicts arising from the legal representation by Brief Carmen as set forth in Paragraph 2(i), (ii), (iii) and (iv) above. In the event of any dispute between the Parties hereto, Escrow Agent shall not be disqualified from providing representation to Lakian and JRL Investment Group, Inc. (and the other entity Respondents in the JAMS Arbitration proceeding aforesaid), by reason of its having acted as Escrow Agent. Further, notwithstanding the fact that Escrow Agent may be named or joined as a party to any legal action or proceeding by reason of its status as Escrow Agent, Escrow Agent shall not be disqualified from providing legal representation to Lakian and JRL Investment Group, Inc. (and the other entity Respondents in the JAMS Arbitration proceeding aforesaid).

3

3.  **Resignation.**       The Escrow Agent may resign at any time by delivering written notice to the Parties. Such resignation shall be effective ten (10) days following the date such notice is delivered and Escrow Agent shall be discharged from any further duties or liabilities hereunder as of such effective date. If no successor escrow agent has been appointed as of such effective date, the Escrow Agent shall have the right to tender the Escrow Fund into the registry or custody of a court of competent jurisdiction, and no liabilities whatsoever shall arise or attach to Escrow Agent due to or resulting from any such tender.

4.  **Exculpatory Provisions.**       The Escrow Agent's duties are limited to the duties expressly set forth in this Agreement. No duties shall be implied. The Escrow Agent may rely upon and shall not be liable for acting or refraining from acting upon any written notice, instruction or request furnished to it hereunder and believed by it to be genuine and to have been signed or presented to it by the proper party or parties. The Escrow Agent shall be under not duty to inquire into or investigate the validity, accuracy or content of any such document. The Escrow Agent shall not be liable for any action taken or omitted by it unless there has been a final determination from a court of competent jurisdiction that the Escrow Agent was grossly negligent or engaged in willful misconduct. The Escrow Agent may execute any of its powers hereunder and perform any of its duties hereunder directly or through agents.

5.  **Indemnity.**    Lamm and Lakian shall jointly and severally indemnify, defend and hold harmless the Escrow Agent and its affiliates, partners, members, employees, representatives and agents (the "Indemnitee(s)") from and against all judgments, losses, damages, liabilities, costs, disbursements, and expenses of every kind and nature whatsoever, including costs and expenses of Escrow Agent's counsel and experts, arising out of, due to and/or in connection with the Escrow Agent's execution and performance of this Agreement,

4

unless such judgment, loss, damage, liability, cost, disbursement and expense is due to the Indemnitee's gross negligence or willful misconduct. The Parties acknowledge that the foregoing indemnities shall survive the resignation or discharge of Escrow Agent and/or the termination of this Agreement.

6.     **Attachment, Garnishment.**         If all or any part of the Escrow Fund is restrained, attached, garnished or levied upon by court order or other process, or in the event payment, delivery or transfer of all or any part of the Escrow Fund shall be restrained, stayed or enjoined by any court order or other process, or in case any order, writ, judgment or decree shall be made or entered by any court affecting all or any part of the Escrow Fund then, in any such event(s), the Escrow Agent shall rely upon and comply with any such process, order, writ, judgment or decree, which it believes in good faith to be binding upon it.

7.     **Notices.**     All notices (other than the Brief Carmen's invoices as above) or other communications provided for in this Agreement shall be as follows to:

John R. Lakian by e-mail to jrlakian@gmail.com and to Diane W. Lamm, by email to dwlamm@bellsouth.net, with a copy to Brian J. Osias, Esq. via e-mail and first class mail at the following addresses:

Brian J. Osias, Esq.
McCarter & English LLP
Four Gateway Center
100 Mulberry St.
Newark, New Jersey 07102
bosias@mccarter.com; and

Brief Carmen by e-mail, with a copy by regular mail to the following addresses:

Richard E. Carmen, Esq.
Ira Kleiman, Esq.
Brief Carmen & Kleiman, LLP
805 Third Avenue, 12th Floor
New York, NY 10022
rec@briefjustice.com and ik@briefjustice.com

or to such other address (or addresses) as any of the parties may furnish in writing in the manner set forth herein to the other parties. All such notices and communications shall be deemed to have been duly given or made when the e-mail is sent, provided there is no indication that such e-mail has not been received.

8.      **Termination Date**. This Agreement shall terminate on the date that the entire Escrow Fund has been distributed by Escrow Agent pursuant to this Agreement. Upon such Termination Date, the Escrow Agent shall have no further duties or liability to any party.

9.      **Governing Law, Jurisdiction, Venue**. This Escrow Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without giving effect to the principles, policies or provisions thereof respecting choice or conflict of laws. With respect to any controversy between Lamm and Lakian which arises out of, or is related to, this Agreement, Lamm and Lakian consent to, and will submit to, the exclusive jurisdiction of the Supreme Court of the State of New York, County of New York and specifically waive any defense of *forum non-conveniens* or of improper venue. Notwithstanding the foregoing, with respect to any controversy arising out of, or related to, this Escrow Agreement that involves any allegation of wrongdoing on the part of the Escrow Agent, the parties herein consent to, and will submit to, the jurisdiction of the Supreme Court of the State of New York, County of New York. Each Party waives personal service of process and consents to service of process delivered in the manner set forth in Paragraph 7 of this Agreement.

6

10.    **Counterparts**. This Escrow Agreement may be executed in any number of counterparts and by the different Parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

11.    **Binding Effect**. This Escrow Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, the Escrow Agent, and their respective successors and assigns.

12.    **Representation By Counsel**.        Lakian and Lamm are represented by McCarter & English, LLP (Brian J. Osias, Esq., Counsel) with respect to negotiation and consummation of this Agreement.

13.    **Severability.**        If any portion of this Escrow Agreement shall be deemed unenforceable, the remainder of the Escrow Agreement shall remain in effect.

14.    **Modification**.        This Escrow Agreement may only be modified by a writing signed by all parties to this Escrow Agreement.

15.    **No Third-Party Beneficiaries**.        This Escrow Agreement shall not confer any rights or remedies upon any person other than the parties executing this Escrow Agreement and their respective successors, heirs and assigns.

16.    **Defined Terms**.        Any capitalized term in this Escrow Agreement which is not expressly defined in this Escrow Agreement, shall have the definition assigned to such term in the Settlement Agreement.

7

17.   **Authority.**   Each party (as to he, she or itself) represents and warrants that he, she or it has the authority to execute and deliver this Escrow Agreement, and to perform its obligation under such Escrow Agreement.

WITNESSETH, this Agreement, consisting of Nine (9) pages, is signed by the parties as set forth hereinbelow.

Dated: New York, New York
  March \_\_\_, 2015

    BRIEF CARMEN & KLEIMAN, LLP

    By:_____
      Richard E. Carmen, Esq.

Dated: New York, New York
  March \_\_\_, 2015

    _____
      John R. Lakian

Dated: New York, New York
  March \_\_\_, 2015

    _____
      Diane W. Lamm

8

## ACKNOWLEDGEMENTS

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK  )

On the _____ day of March in the year 2015, before me, the undersigned, personally appeared Richard E. Carmen, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK  )

On the _____ day of March in the year 2015, before me, the undersigned, personally appeared John R. Lakian, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK      )
                                          ) ss.:
COUNTY OF NEW YORK  )

On the _____ day of March in the year 2015, before me, the undersigned, personally appeared Diane W. Lamm, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public