

March 25, 2015

**VIA ECF**

The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Brian J. Osias
Partner
T. 973-639-6956
F. 973-297-3904
bosias@mccarter.com

Re:  *XL Specialty Insurance Company v. Lakian, et al.*
     Civil Action No. 14-cv-5225

Dear Judge Torres:

As you know, we represent Defendants John R. Lakian and Diane W. Lamm in the above captioned action.  We write in opposition to the March 20, 2015 letter application from Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW"), which requests a conference to seek permission to move to stay disbursement of the interpleaded funds pending resolution of the appeal of this Court's January 15, 2015 Memorandum and Order.  Dkt. No. 90.  The Court should deny the application because, as set forth more fully below, Knox and DJW lack standing to seek a stay, they cannot make the requisite showing for a stay, and their motion is premature and unsupported.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

**1.  Knox and DJW Lack Standing to Seek a Stay**

Knox and DJW lack standing to seek a stay because they are not parties to this action.  "[G]enerally, one whose application for permissive intervention is denied may not obtain a stay of an action pending his appeal from the denial of intervention."  *Chance v. Bd. of Examiners*, No. 70 CIV. 414 HRT, 1974 WL 238, at *1 (S.D.N.Y. Aug. 28, 1974) (*citing* Fed. R. Civ. P. 62; Wright & Miller, 7A Federal Practice and Federal Procedure, § 1923, 633 and n. 91 (1972 ed.)); *see also Am. Maritime Trans., Inc. v. United States*, 15 Cl.Ct. 360 (Cl. Ct. 1988) (noting stay is inappropriate and a "dangerous precedent" where non-party seeking a stay was already denied intervention).  By Memorandum and Order dated January 15, 2015, this Court denied Knox's and DJW's motions to intervene.[1]  Dkt. No. 68.  As a result, the Court should not grant them leave to seek a stay because they lack standing.

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

The cases on which Knox and DJW rely are distinguishable.  In each case, a *party* moved for a stay.  *See, e.g.*, *Wells Fargo Bank, N.A. v. ESM Fund I, LP*, 2012 WL

---

[1] The Court left open the possibility that Knox and DJW could renew their motion "should they obtain a judgment that would give rise to a legally cognizable interest in the Policy proceeds."  Dkt. 68 at 18.  They have not obtained a judgment.

March 25, 2015
Page 2

3023985 (S.D.N.Y. July 24, 2012) (defendant applied for a stay); *Palm Props. L.L.C. v. Metro. Nat'l Bank*, 2008 WL 2976137 (E.D. Ak. July 22, 2010) (defendant moved for a stay); *Life Ins. Co. of N. Am. v. Camm*, 2007 U.S. Dist. LEXIS 64454 (S.D. Ind. Aug. 30, 2007) (defendant moved to stay); *Prudential Ins. Co. of Am. v. Kamrath*, 2006 U.S. Dist. LEXIS 87471 (E.D. Mo. Dec. 4, 2006) (defendant moved for a stay pending appeal). Here, in contrast, Knox and DJW are not parties because the Court denied their motions to intervene. Dkt. No. 68. The Court need not consider the issue any further, but we nevertheless address Knox and DJW's points below.

   2.   **Under Any Circumstance, Knox and DJW Cannot Meet the Criteria for a Stay**

In any event, Knox and DJW cannot satisfy their burden to prove a stay is necessary. As the United States Supreme Court has explained:

> A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case. [T]he traditional stay factors contemplate individualized judgments in each case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.

*Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (internal citations and quotations omitted). A stay is an "intrusion into the ordinary processes of administration and judicial review." *Id*. at 427 (quoting *Va. Petroleum Jobbers Ass'n. v. Fed. Power Comm'n,* 259 F.2d 921, 925 (D.C. Cir. 1958) (*per curiam* )); *see In re New York Skyline, Inc.*, 520 B.R. 1, 4-5 (S.D.N.Y. 2014) (noting "a stay of a judgment pending an appeal is an exercise of judicial discretion and is not a matter of right, even if irreparable injury might otherwise result.")

When analyzing whether to grant a stay, the Court must determine: (1) whether the applicant made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured without the stay; (3) whether the stay will injure other parties; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The factors strongly weigh against a stay in this case.

   (a)   **Knox and DJW Cannot Possibly Establish That They Are Likely to Succeed on the Merits**

As noted, this Court already has decided that Knox and DJW are unlikely to succeed on the merits by denying their motions to intervene. Dkt. No. 68. In so deciding, the Court determined that any interest Knox and DJW may assert based

March 25, 2015
Page 3

on their claims against Mr. Lakian and Ms. Lamm "is too remote and speculative to warrant intervention…and any such interest is contingent on the outcome of the Knox Action." Dkt. 68 at 17. Knox and DJW have no interest in the insurance policy. *Id.* Knox and DJW have been dismissed from the action and were not permitted to intervene.

Moreover, the standard to overturn the Court's denial is extremely difficult to satisfy. Only an abuse of discretion warrants the reversal of the denial of a motion to intervene. *Sutphen Estates v. United States*, 342 U.S. 19, 23 (1951); *see also United States v. Hooker Chem. & Plastics Corp.*, 749 F.2d 968, 990 (2d Cir. 1984) (finding denials of permissive intervention and intervention as of right are reviewed under an abuse of discretion standard). Given the abuse of discretion standard, it is unlikely Knox and DJW will prevail on their appeal. Knox and DJW suggest this case presents issues of first impression, but it does not. Knox and DJW's first argument, that an insurer waives all coverage defenses to any future intervenor, is frivolous. This Court recognized:

> Knox and DJW have identified no basis in law for holding that an insurer, simply by initiating an interpleader action, afford to all putative intervenors an incontrovertible interest in the proceeds irrespective of the terms of the policy at issue. Indeed this proposition would produce an absurd result.

Dkt. 68 at 14. Knox and DJW's second argument, that this Court wrongly required them to prove coverage, is equally frivolous. It defies logic to suggest that a party seeking to intervene on the basis of a purported right to the proceeds of an insurance policy does not need to demonstrate why it might be entitled to coverage under that policy.

Knox and DJW seem to recognize that they are unlikely to succeed on appeal because they seemingly try to focus the Court's attention on irrelevant matters. Knox and DJW, for example, spend significant time besmirching Mr. Lakian and Ms. Lamm. The matters they raise, however, have no bearing on whether Knox and DJW have a right to the interpleaded funds. This Court has already determined Knox and DJW have no right to the interpleaded funds and, as explained previously, it is unlikely the Second Circuit Court of Appeals will find this Court abused its discretion. Thus, Knox and DJW cannot credibly claim any indicia of success on the merits.

**(b)     Denial of the Stay will Not Irreparably Harm Knox and DJW**

Knox and DJW have done nothing to demonstrate irreparable harm. As they point out, likelihood of success and irreparable harm are inversely proportional. *See* Doc. 90 at 4. Because they have little likelihood of success, they must make a stronger showing of irreparable harm. *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)

March 25, 2015
Page 4


("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.  Simply stated, more of one excuses less of the other." (citation omitted).  Knox and DJW, however, cannot seriously argue that they are irreparably harmed by the disbursement of funds from an insurance policy to which they have no entitlement.  Furthermore, money is fungible; Knox and DJW simply are not irreparably harmed by its disbursal.  Knox and DJW's argument that they cannot otherwise satisfy their judgment because the government has sought asset forfeiture from Mr. Lakian is an unsubstantiated leap in logic.  Knox and DJW assume they will obtain a judgment against Mr. Lakian, assume the government will succeed in obtaining asset forfeiture, assume that they will not be able to recover from the forfeited assets, and assume that Mr. Lakian would have no other assets from which they could recover.  Knox and DJW cannot satisfy their burden of showing irreparable harm through such a far-reaching set of assumptions, each assumption built and dependent upon the last.

### (c)     A Stay Will Prejudice Mr. Lakian and the Other Defendants

In contrast, a stay would substantially prejudice Mr. Lakian because he has an immediate and pressing need for the interpleaded funds to pay for his defense in the action Knox and DJW brought against him.  Unlike in *Life Ins. Co. of N. Am. v. Camm*, 2007 U.S. Dist. LEXIS 64454, * 4 (S.D. Ind. Aug. 30, 2007), where the court found the party opposing the stay did not show any pressing need for the interpleaded funds, here Mr. Lakian is being forced to fund a litigation out of his own pocket while the insurance proceeds are tied up in this action.

Indeed, Knox's and DJW's request for leave to seek a stay appears to be aimed at delay, and possibly to prejudice Mr. Lakian's ability to defend himself in *Knox, LLC, et al. v. Capital L Group, LLC, et al.*, No. 651880/2012 (N.Y. Sup. Ct., N.Y. Cnty.).  When Knox and DJW attempted to intervene to delay and thwart the distribution of funds to Mr. Lakian, this Court recognized "that allowing Knox and DJW to intervene at this stage has the potential to cause undue delay, as Knox and DJW may have some incentive to prolong this litigation or stymie anticipated settlement."  Dkt. 68 at 20.  If this Court were to permit Knox and DJW to stay disbursement of the proceeds, the result would be the same as if they had been permitted to intervene — *i.e.*, delay and prejudice to the existing parties, particularly to Mr. Lakian.

Tellingly, in the *Knox* action itself, Knox and DJW opposed Mr. Lakian's request for a stay.  The *Knox* action and the criminal indictment contain many common allegations, and Mr. Lakian requested a stay to address self-incrimination concerns, but Knox and DJW vehemently opposed the stay.  It appears that Knox and DJW opposed the stay in *Knox* to force Mr. Lakian to continue litigating that action while using a stay to tie up his defense funds in this action.  *See Knox, LLC,* No. 651880/2012, Doc. 132.  This Court should not permit such an inequitable outcome.

March 25, 2015
Page 5

In addition, the other defendants will also be substantially prejudiced by the stay. Unlike the movant, who must show irreparable harm, the other parties need only show substantial prejudice. The other defendants are owed legal fees and other litigation related expenses for work they performed, and in the case of Brief, Carmen & Kleiman, LLP continue to perform, and a delay in payment will substantially prejudice their businesses. This Court has already recognized that delay by Knox and DJW "would be prejudicial to Interpleader Defendants and those proposed intervenors with mature, legally cognizable claims against the proceeds of the Policy." Dkt. 68 at 20. If this Court grants a stay, Knox and DJW will succeed in impeding settlement and causing a prejudicial delay in the disbursement of the proceeds.

### (d)    Granting a Stay Does Not Affect the Public Interest

This action does not implicate the public interest, which simply relates to the distribution of the proceeds from an insurance policy to various private parties. The cases cited by Knox and DJW are unavailing and certain of them actually found that the public interest was not implicated. *See, e.g., Camm*, 2007 U.S. Dist. LEXIS 64454 at *4-5 ("To the extent the public interest refers to the interests of persons not before the court, there is no indication that such persons would be affected by a stay or denial of stay.").

### 3.    Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8 are Inapplicable

Even if Knox and DJW had standing, which they do not, Federal Rule of Civil Procedure 62 and Federal Rule of Appellate Procedure 8, upon which Knox and DJW rely, do not apply. Rule 62, entitled "Stay of Proceedings to Enforce a Judgment, applies only where a final judgment exists. *See* FED. R. CIV. P. 62. It is axiomatic that the Rule "has no application to stays prior to judgment, to await a decision in another forum, or for some other purpose." § 2901 History of Rule, 11 Fed. Prac. & Proc. Civ. § 2901 (3d ed.); *see also* 7 Annotated Patent Digest § 43:48.50 (noting that without a final judgment Rule 62 does not apply). Without a final judgment as defined in Federal Rule of Civil Procedure 54, the Court cannot issue a stay under Rule 62.

Knox and DJW have not specified the subsection of Rule 62 they contend applies. As set forth below, it is clear that none of the subsections have any potential application:

- Subsection (a) creates an automatic stay after entry of a judgment. Here, no final judgment was entered by the Court.

- Subsection (b) permits the Court to stay enforcement of a judgment while certain delineated motions are pending. Here, none of the listed motions are pending.

- Subsection (c) applies to the entry, dissolution, or denial of an injunction. This case does not involve an injunction, although Knox and DJW, through the present motion, appear effectively to be seeking an injunction or pre-judgment attachment through the back door.

- Subsection (d), which allows for a stay pending appeal by supersedeas bond, does not apply here because the appellant "must comply with the requirements of Appellate Rule 3 as to taking an appeal and with the provisions of Appellate Rule 8(b) as to the bond." § 2905 Stay Upon Appeal, 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.). Knox and DJW have not complied with those requirements. Further, Knox and DJW have cited no law to support the contention that a non-party can stay litigation simply by obtaining a bond.

- Subsection (e) is inapplicable because it applies to appeals from government entities.

- Subsection (f) does not apply because the judgment to be entered in this matter is not a lien on a judgment debtor's property.

- Subsection (g) addresses the power of the appellate court and does not apply in this case.

- Finally, subsection (h) does not apply because a final judgment has not been entered under Rule 54(b).

Similarly, Federal Rule of Appellate Procedure 8 also does not apply. Rule 8 states that "[a] party must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of a district court pending appeal; (B) approval of a supersedeas bond, or (C) an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Putting aside that it is improper to ask the trial court to rely on an appellate rule, no judgment or order has been entered, there is no supersedeas bond, and this case does not involve an injunction. Rule 8, therefore, cannot form the basis for a stay.

\*   \*   \*

Finally, this Court should deny Knox and DJW's request because Knox and DJW have had the opportunity to state their basis for requesting a stay, and the parties have had an opportunity to state their opposition. Further briefing is unnecessary and will create a *de facto* stay while the parties brief the motion and while the motion is pending before this Court.

March 25, 2015
Page 7

For the foregoing reasons, Mr. Lakian and Ms. Lamm respectfully request this Court deny Knox's and DJW's request to file a motion to stay.

Respectfully submitted,

*s/ Brian J. Osias*

Brian J. Osias

cc:   All Counsel of Record (via ECF)