```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XL SPECIALTY INSURANCE COMPANY,

          Plaintiff,

-against-

JOHN R. LAKIAN, DIANE W. LAMM, and
KOBRE & KIM LLP,

          Defendants,

-and-

EISEMAN LEVINE LEHRHAUPT &
KAKOYIANNIS, P.C., BRIEF CARMEN &
KLEIMAN, LLP, and MERRILL
COMMUNICATIONS, LLC,

          Intervening Defendants.

14 Civ. 5225 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On March 20, 2015, the parties filed a proposed settlement agreement and a joint motion to disburse funds deposited with the Court. By letters dated March 20, 2015, and April 16, 2015, Proposed Intervenors—whose intervention motion was denied by the Court on January 15, 2015—request a pre-motion conference in anticipation of their proposed motion to stay the disbursement of the funds pending the disposition of their appeal of the January 15, 2015 order. By letters dated March 25, 27, and 30, 2015, and April 16, 2015, the parties oppose the application for a stay. For the reasons stated below, the parties' joint motion is GRANTED, and Proposed Intervenors' pre-motion conference request is DENIED.

    First, as non-parties, Proposed Intervenors appear to lack standing to seek a stay. "Generally, one whose application for permissive intervention is denied may not obtain a stay of an action pending his appeal from the denial of intervention." *Chance v. Bd. of Examiners*, No. 70 Civ. 414, 1974 WL 238, at *1 (S.D.N.Y. Aug. 28, 1974) (citing Fed. R. Civ. P. 62; Wright & Miller, 7A Federal Practice and Federal Procedure, § 1923 & 633 n.91 (1972 ed.)).

    Second, and in any event, Proposed Intervenors appear to be incapable of meeting their burden for a stay. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) ("A party seeking a stay of a lower court's order bears a difficult burden."). "A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926). The decision to grant a stay always involves "an exercise of judicial discretion" and depends "upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks and citation omitted). In particular, courts consider four factors in determining whether to grant a

stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, having carefully reviewed Proposed Intervenors' and the parties' submissions, the Court finds that these factors militate against a stay of the disbursement of the funds pending appeal.

Accordingly, the filing of the stay motion would likely be futile. The parties' joint motion to disburse the funds is GRANTED. By **May 1, 2015**, the parties shall submit a joint proposed final judgment specifying the manner in which the funds should be disbursed, including the amounts and the respective payees' names and addresses.

The Clerk of Court is directed to terminate the motions at ECF Nos. 89 and 90.

SO ORDERED.

Dated: April 24, 2015
New York, New York

_____
ANALISA TORRES
United States District Judge