15-495
*XL Specialty Ins. Co. v. Knox, LLC*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

1:14-cv-05225-AT

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of December, two thousand fifteen.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

XL SPECIALTY INSURANCE COMPANY,
    *Plaintiff-Counter-Defendant-Appellee*,

v.

JOHN R. LAKIAN, DIANE W. LAMM,
    *Defendants-Appellees*,

KOBRE & KIM LLP,     15-495
    *Defendant-Counter-Claimant-Appellee*,

MERRILL COMMUNICATIONS, EISEMAN LEVINE LEHRHAUPT & KAKOYIANNIS, P.C., BRIEF CARMEN & KLEIMAN, LLP,
    *Intervenors-Appellees*,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Dec. 8, 2015

v.

KNOX, LLC, dba Knox, LLC of New York, DJW ADVISORS, LLC,

        *Intervenors-Appellants*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| FOR INTERVENORS-APPELLANTS: | HOWARD S. BONFIELD, Philip M. Halpern, Collier, Halpern, Newberg & Nolletti, LLP, White Plains, New York. |
| FOR PLAINTIFF-COUNTER-DEFENDANT-APPELLEE XL SPECIALTY INSURANCE CO.: | DAVID H. TOPOL, Leland H. Jones IV, Wiley Rein LLP, Washington, D.C., *and* Jonathan A. Wexler, Vedder Price P.C., New York, New York. |
| DEFENDANTS-APPELLEES JOHN R. LAKIAN & DIANE W. LAMM: | BRIAN J. OSIAS, Kelly A. Lloyd, McCarter & English LLP, Newark, New Jersey. |

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REVERSED**, and the case is **REMANDED** for further proceedings.

Appellants Knox, LLC ("Knox"), and DJW Advisors, LLC ("DJW"), appeal from a January 15, 2015 memorandum and order of the United States District Court for the Southern District of New York denying their motion to intervene as of right or by permission in an interpleader action filed by plaintiff-appellee XL Specialty Insurance Co. ("XL"). Knox and DJW contend, *inter alia*, that the district court erred by concluding

- 2 -

that under Federal Rule of Civil Procedure 24(a)(2) they do not have a direct, substantial, and legally protectable interest in XL's insurance payouts that are the subject of the interpleader action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In February 2011, Knox purchased $2 million in shares and DJW purchased $50,000 in shares of Capital L Group, LLC ("Capital L"), a financial services company, allegedly after CEO John R. Lakian and COO Diane W. Lamm represented that the investments would further Capital L's business operations. Instead, Lakian and Lamm allegedly diverted those funds for their personal gain.

On May 31, 2012, Knox and DJW sued Capital L, Lakian, and Lamm in New York state court. Though Lakian and Lamm defended the action, Capital L defaulted by failing to answer or appear, and on March 27, 2014, the state court entered judgment for Knox and DJW against Capital L in the amounts of $2,573,918.63 and $64,566.10, respectively.

Prior to the state court action, Capital L, Lakian, and Lamm had purchased a financial services liability policy from XL for the period from November 11, 2011, to November 11, 2012 (the "Policy"). The Policy includes a $3 million liability limit and provides that XL "shall pay on behalf of the Insured Persons Loss resulting from Claims first made against the Insured Persons during the Policy Period." App. at 70.

- 3 -

The Policy defines "'Loss'" as "damages, judgments, settlements or other amounts . . . and Defense Expenses" in excess of the insurance deductible. *Id.* at 48.

On July 14, 2014, XL filed the instant interpleader action against Lakian, Lamm, and their attorneys, alleging that it was potentially subject to inconsistent obligations that exceeded the remaining $1,372,596.10 payable under the Policy. Those obligations included Lakian's and Lamm's expenses and fees from defending the state court action. On September 8, 2014, Knox and DJW moved to intervene, contending that they had a legally protectable interest in XL's insurance payouts because they had obtained a judgment against one of the insured persons, namely Capital L.

The district court disagreed. In its January 15, 2015 memorandum and order, the district court concluded that Knox and DJW had not claimed a legally protectable interest in the interpleaded insurance proceeds, as required by Rule 24(a)(2), because their judgment against Capital L was not covered by the Policy. The district court reached that conclusion only after determining that Capital L's failure to appear in state court gave rise to "multiple and material breaches" of the Policy that were sufficient to vitiate coverage of the subsequent judgment. *Id.* at 218. That determination was premature, and we therefore reverse.

We review a district court's denial of a motion to intervene for abuse of discretion. *Floyd v. City of New York*, 770 F.3d 1051, 1057 (2d Cir. 2014). Under Rule 24(a)(2), the district court must permit a party to intervene if it establishes that "(1) the

- 4 -

motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). We require for intervention that the "interest be direct, substantial, and legally protectable." *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990).

This test, however, is "one of inclusion rather than exclusion." 7C Charles Alan Wright et al., *Federal Practice & Procedure* § 1908.1, at 309 (3d ed. 2007). "[E]xcept for allegations frivolous on their face, an application to intervene cannot be resolved by reference to the ultimate merits of the claims which the intervenor wishes to assert following intervention . . . ." *Oneida Indian Nation of Wisc. v. State of New York*, 732 F.2d 261, 265 (2d Cir. 1984). We have thus found that a defense to an intervenor's claims "carries no weight in the determination of whether an interest is sufficient for intervention under Rule 24(a)." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 129-30 (2d Cir. 2001).

The district court, in deciding the instant motion, reached the merits of Knox and DJW's claims and XL's defenses. In doing so, the district court abused its discretion. Knox and DJW have obtained a legal judgment against Capital L for over

$2.5 million, and on the face of the Policy, XL is obligated to pay for Capital L's losses, including its "judgments." App. at 48, 70. Knox and DJW thus claim a direct interest in XL's insurance payouts, because any payouts obtainable by Capital L from XL would go directly toward satisfying their judgment. This claim, grounded in the language of XL's Policy, is by no means frivolous. Indeed, XL filed its interpleader expressly to bring in "all parties who currently assert entitlement to Policy proceeds." *Id.* at 27. Knox and DJW appear to be two such parties. *See United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (holding that "an economic interest [that is] concrete and related to the underlying subject matter of the action" may permit a "creditor of a defendant to intervene in a lawsuit").

The district court denied Knox and DJW's motion, concluding that Capital L could never have obtained insurance payouts from XL because Capital L breached the Policy by not obtaining XL's consent before conceding liability and by increasing XL's exposure. Whether Capital L breached, however, is a merits question. Whether Capital L asked XL for consent, whether XL consented, and whether Capital L's actions increased XL's exposure are better addressed after Knox and DJW have been permitted to participate in the suit.

Indeed, as to consent, it appears that XL at least *knew* about the state court action for almost two years before Knox and DJW obtained a judgment against Capital L. As to exposure, Capital L may have conceded to *liability*, but it is unclear on this

- 6 -

record how Capital L increased the *risk* that XL was *exposed* to from the commencement of the state court action. These are questions that we cannot (and should not) answer so easily at the motion-to-intervene stage. Indeed, the only practical way to answer these questions appears to be through litigation with Knox and DJW intervening in an adversarial proceeding. We therefore conclude, contrary to the district court's order, that Knox and DJW claimed a direct, substantial, and legally protectable interest in the subject of the interpleader action.

      Knox and DJW also satisfied the remaining requirements for intervention as of right under Rule 24(a)(2). The district court correctly held that their motion to intervene was timely, and it is clear that Knox and DJW's interest in the insurance proceeds would not be protected by the other parties (who opposed Knox and DJW's intervention) and might be impaired if the interpleader were resolved without their intervention. Accordingly, we **REVERSE** the district court's order, and we **REMAND** the case for further proceedings consistent with this order.

      FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

- 7 -