UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
XL SPECIALTY INSURANCE COMPANY,

                Plaintiff,

      v.

JOHN R. LAKIAN, DIANE W. LAMM, KOBRE
& KIM LLP, EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C., BRIEF CARMEN &
KLEIMAN, LLP, MERRILL COMMUNICATIONS,
LLC, KNOX, LLC D/B/A KNOX, LLC OF NEW YORK,
and DJW ADVISORS, LLC,

                Defendants.
-------------------------------------------------------------------------x

**ANSWER AND
CROSS-CLAIM**

14 Civ. 5225 (ANT)

Defendants Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW"), by their attorneys, Collier, Halpern, Newberg & Nolletti, LLP, as and for their Answer and Cross-Claim herein in response to the Complaint dated July 14, 2014 (the "Complaint"), allege as follows:

1.     Deny the allegations set forth in paragraph 50 and 60 of the Complaint.

2.     Deny the allegations set forth in paragraphs 16-22 and 24 of the Complaint and respectfully refer the Court to the XL Specialty Insurance Company ("XL") Financial Services Liability Policy #ELU123603-11 (the "Policy") for the complete terms of the Policy.

3.     Deny the allegations set forth in paragraph 37 of the Complaint except admit that Knox and DJW commenced an action in New York State court against Capital L Group, LLC, John Lakian, and Diane Lamm on May 31, 2012 (the "Knox Action"), and respectfully refer the Court to the Amended Verified Complaint filed in the Knox Action for the complete allegations asserted against those defendants.

4.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3-6, 8-11, 26-36, 42-47, 49, 51-52, 55, and 58-59 of the Complaint.

5. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint except admit that XL acknowledged coverage under the Policy for John Lakian and Diane Lamm for the Knox Action.

6. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint except admit that Kobre & Kim, LLP is not an Insured under the Policy.

7. Admit the allegations set forth in paragraphs 1-2, 7, 12-15, 23, 25, 39-41, 54, and 56-57 of the Complaint.

8. As regards paragraphs 53 of the Complaint, repeat and reallege the allegations set forth above responding to paragraphs 1-52 of the Complaint.

## CROSS-CLAIM

9. Defendants Knox and DJW repeat and reallege the allegations set forth in paragraphs 1 through 8 above as if same were fully set forth at length herein.

10. Capital L Group, LLC, John Lakian, and Diane Lamm are Insureds under the Policy.

11. Defendant Knox, in the Knox Action, obtained a judgment against Capital L Group, LLC in the amount of $2,573,918.63 on March 27, 2014, and is continuing to litigate other claims against John Lakian.

12. Defendant DJW, in the Knox Action, obtained a judgment against Capital L Group, LLC in the amount of $64,566.10 on March 27, 2014, and is continuing to litigate other claims against John Lakian.

13. In its Order dated December 8, 2015, the United States Court of Appeals for the Second Circuit acknowledged that "Knox and DJW have obtained a legal judgment against Capital L for over $2.5 million, and on the face of the Policy, XL is obligated to pay for Capital L's losses, including its 'judgments.'"

14. Accordingly, the Second Circuit, in its December 8, 2015 Order, concluded that "Knox and DJW claimed a direct, substantial and legally protectable interest in the subject of the interpleader action."

15. Plaintiff XL, by depositing insurance monies with this Court pursuant to its interpleader action, has abandoned all coverage defenses pertaining to such monies.

16. Moreover, Plaintiff XL, in its Complaint, acknowledged coverage of John Lakian and Diane Lamm as regards the Knox Action.

17. Defendants Knox and DJW, by virtue of their existing judgments against Capital L Group, LLC in the Knox Action and their pending claims against John Lakian in the Knox Action, are entitled to be paid for same out of the monies deposited with the Court by XL.

18. Defendants Knox and DJW, by virtue of their judgments against Capital L Group, LLC, are entitled to first preference as regards the deposited monies and should be paid accordingly.

19. Defendants Knox and DJW are entitled to a judgment declaring their respective rights to the monies deposited by XL with the Court, and directing that the Court Clerk pay out such monies to these defendants.

WHEREFORE, Plaintiffs Knox and DJW hereby demand that judgment be entered as follows:

(a) On their Cross-Claim, a judgment declaring that they are entitled to the monies deposited with the Court by XL, and directing the Court Clerk to pay out such monies to them, together with such other, further and different relief that the Court deems just and proper in the circumstances, and the costs and disbursements of this action.

3

Dated: White Plains, New York
       December 22, 2015

                                     **COLLIER, HALPERN,**
                                     **NEWBERG & NOLLETTI, LLP**
                                     Attorneys for Defendants
                                     Knox, LLC d/b/a Knox, LLC of
                                     New York and DJW Advisors, LLC

By:                                

                                     Philip M. Halpern (PH 2658)
                                     A Member of the Firm
                                     One North Lexington Avenue
                                     White Plains, New York 10601
                                     (914) 684-6800