**COLLIER, HALPERN, NEWBERG & NOLLETTI, LLP**
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601
(914) 684-6800
FAX (914) 684-6986
http://www.chnnb.com

PHILIP M. HALPERN (ALSO CT)
DAVID A. NEWBERG
HARRY J. NICOLAY, JR. (ALSO NJ)
JAMES J. NOLLETTI †
SCOTT M. SALANT (ALSO MA)

† Fellow, American Academy of Matrimonial Lawyers

HOWARD S. BONFIELD (ALSO NJ)
EILEEN GONG (ALSO CA)
SHARI B. HOCHBERG (ALSO NJ)
ALEXANDRA M. MAXWELL (ALSO CT)

WILLIAM J. COLLIER, JR. (ALSO CT)
   SENIOR COUNSEL

HON. PETER P. ROSATO (ret.)
LEWIS W. SIEGEL
   COUNSEL

NEW YORK OFFICE:
630 THIRD AVENUE - 7TH FLOOR
NEW YORK, NEW YORK 10017
(212) 431-1300
FAX: (212) 696-4064

CONNECTICUT OFFICE:
1111 SUMMER STREET
STAMFORD, CT 06905
(203) 348-5255

PAUL J. MONSELL (1948-1993)
DONALD L. WALLACE (1925-2002)

January 13, 2016

**VIA ELECTRONIC FILING AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District Of New York
500 Pearl Street
New York, New York 10007

    Re:    **XL Specialty Ins. Co. v. John R. Lakian, et al (S.D.N.Y.) (14-CV-5225)**

Dear Judge Torres:

    We represent Defendants Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW") in the above-referenced interpleader action. We are writing to oppose Proposed Intervenor Pangea Capital Management, LLC's ("Pangea") January 7, 2016 letter request for a pre-motion conference seeking leave to move to intervene in this action as of right (pursuant to Fed. R. Civ. P. 24(a)) or permissively (pursuant to Fed. R. Civ. P. 24(b)).

    As set forth in its January 7, 2016 letter, Pangea's claimed basis for seeking intervention is the recent issuance of an arbitration award on January 4, 2016 in favor of Pangea against John Lakian, one of the insureds under the XL Specialty Insurance Company ("XL") policy, the proceeds of which were deposited into Court on July 28, 2014. *See* ECF Docket Entry dated July 31, 2014 ("CASHIERS OFFICE CRIS DEPOSIT dated 7/15/14, from Judge Analisa Torres, $1,372,596.10 from SPECIALTY INSURANCE COMPANY *deposited on 7/28/14*, Receipt Number 465401101200 and placed into CRIS on 7/31/14.") (emphasis supplied).

### Under Second Circuit Law, The Rights Of All Claimants To The Interpleaded Funds Became Fixed As Of The Date That The Funds Were Deposited With The Court, Yet Pangea Lacked A Protectable Interest In The Funds As Of That Date

Although Pangea contends that "it has a legally protectable interest in the funds that are the subject of this interpleader action by virtue of the" arbitration award, Pangea's argument misses the mark, as Pangea did not obtain the arbitration award *until January 4, 2016, which is almost 18 months after* the July 28, 2014 date on which the interpleaded funds at issue were deposited with the Court.

In *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140 (2d Cir. 1988), the Second Circuit acknowledged that the rights of those claiming a stake in the funds in an interpleader action are determined "*as of the time the interpleader fund is deposited with the court.*" *Id.*, 853 F.2d at 143 (emphasis supplied). Consistent with *Avant Petroleum*, the rights of the claimants to the interpleaded funds at issue in this action became fixed as of the July 28, 2014 date on which insurer XL deposited the funds into Court, such that any events occurring subsequent to that date have no effect upon any claimant's interests in or rights to those funds. *Id.*

However, as of the July 28, 2014 date on which XL deposited the funds into Court, Proposed Intervenor Pangea had not yet obtained the arbitration award that forms the purported basis for its request to intervene. Rather, taking a snapshot of Pangea's respective rights vis a vis insured John Lakian as of July 28, 2014, Pangea had no claim to the interpleaded funds beyond its hope that it may one day in the future obtain a judgment against insured John Lakian. Such an unfulfilled hope of obtaining a future judgment, however, does not meet the "protectable interest" requirement for intervention under Rule 24.

In that regard, in order for a proposed intervenor to demonstrate that it has the requisite "protectable interest" in the property that is the subject of the action in which intervention is sought, the proposed intervenor must show that such "interest be direct, substantial and legally protectable." *Washington Elec. Co-op, Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990). However, "[a]n interest that is remote from the subject matter of the proceeding, *or that is contingent upon the occurrence of a sequence of events before it becomes colorable*, will not satisfy the rule." *Id.* at 97 (emphasis supplied).

In the *Washington Electric* case, the Second Circuit affirmed the District Court's order denying intervention - - both as of right under Fed. R. Civ. P. 24(a) and for permissive intervention under Fed. R. Civ. P. 24(b) - - where the proposed intervenor lacked a protectable interest, as its purported interest was based upon the contingency of first obtaining a judgment. *Id.* at 97-99; *see also B & A Demolition and Removal, Inc.*, 818 F.Supp. 2d 592, 596 (E.D.N.Y. 2011) (citing *Washington Electric* with approval and denying motion to intervene as of right where proposed intervenor had not obtained judgment and held "at best a contingent interest in this case," while denying motion for permissive intervention "[f]or similar reasons").

   Here, as Pangea had not obtained its arbitration award against insured John Lakian as of the July 28, 2014 date on which XL deposited the interpleaded funds into Court, Pangea cannot demonstrate that it possessed the requisite protectable interest in the funds at issue as of the applicable July 28, 2014 interpleader cutoff date (*see Avant Petroleum*), and is thus precluded from intervening in this action, both as of right under Fed. R. Civ. P. 24(a) and permissively under Fed. R. Civ. P. 24(b).

   For the foregoing reasons, Defendants Knox and DJW respectfully request that this Court deny in its entirety Pangea's January 7, 2016 letter request: (a) for a pre-motion conference and (b) for leave to move to intervene in this action.

Very truly yours,

*[signature]*

Philip M. Halpern

cc:  All counsel of record (via electronic filing)