Eric R. Levine
Eric P. Heichel
Kiah Beverly-Graham
EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.
805 Third Avenue
New York, NY 10022
212-752-1000
*Counsel for Defendant Eiseman*
*Levine Lehrhaupt & Kakoyiannis, P.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
XL SPECIALTY INSURANCE COMPANY,                                :
                                                               :
                         Plaintiff,         :    Case No. 14-Civ.-5225 (ANT)
                                                               :
    -against-                                                 :
                                                               :    **ECF Case**
JOHN R. LAKIAN, DIANE W. LAMM,                                 :
KOBRE & KIM LLP, EISEMAN LEVINE                                :
LEHRHAUPT & KAKOYIANNIS, P.C.,                                 :
BRIEF CARMEN & KLEIMAN, LLP,                                   :
MERRILL COMMUNICATIONS, LLC,                                   :
KNOX, LLC D/B/A KNOX, LLC OF NEW                               :
YORK, and DJW ADVISORS, LLC,                                   :
                                                               :
                         Defendants.        :
---------------------------------------------------------------x

## ANSWER TO CROSS-CLAIM

      Defendant Eiseman Levine Lehrhaupt & Kakoyiannis, P.C. ("ELLK") for its Answer to the Cross-Claim, dated December 22, 2015 (the "Cross-Claim"), of Defendants Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC ("DJW"), states as follows.

      1.     Paragraph 9 of the Cross-Claim does not contain an allegation to which a response is required. To the extent a response is required, ELLK denies the allegations in paragraph 9 of the Cross-Claim.

2. ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Cross-Claim and respectfully refers the Court to the Policy (as defined by the Cross-Claim) for its terms.

3. ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Cross-Claim.

4. ELLK denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Cross-Claim.

5. ELLK denies the allegations in paragraph 13 of the Cross-Claim and respectfully refers the Court to the Order of the United States Court of Appeals for the Second Circuit, dated December 8, 2015, which speaks for itself.

6. ELLK denies the allegations in paragraph 14 of the Cross-Claim and respectfully refers the Court to the Order of the United States Court of Appeals for the Second Circuit, dated December 8, 2015, which speaks for itself.

7. ELLK denies the allegations in paragraph 15 of the Cross-Claim.

8. ELLK denies the allegations in paragraph 16 of the Cross-Claim and respectfully refers the Court to the Complaint (as that term is used in the Cross-Claim), which speaks for itself.

9. ELLK denies the allegations in paragraph 17 of the Cross-Claim.

10. ELLK denies the allegations in paragraph 18 of the Cross-Claim.

11. ELLK denies the allegations in paragraph 19 of the Cross-Claim.

## DEFENSES

### First Defense
(**Failure to State a Claim**)

12. Knox and DJW's purported Cross-Claim should be barred because it fails to state any claim upon which relief can be granted.

### Second Defense
(**No Entitlement to Policy Proceeds**)

13. Knox and DJW's purported Cross-Claim should be barred because they have no interest in, or right or entitlement to, the Policy or its proceeds.

### Third Defense
(**Subrogation**)

14. As putative subrogees to Capital L Group LLC ("Capital L"), Knox and DJW's interest in, or right or entitlement to, the Policy or its proceeds is no greater than that of Capital L.

### Third Defense
(**Breach of Policy - Failure to Defend**)

15. Because Capital L breached the Policy by its failure to defend the Knox Action (as defined in the Cross-Claim), DJW and Knox, as putative subrogees to Capital L, are barred from recovery under the Policy.

### Fourth Defense
(**Breach of Policy - Failure to Give Notice**)

16. Because Capital L breached the Policy by its failure to give notice to XL (as that term is defined in the Cross-Claim) of the Knox Action, DJW and Knox, as putative subrogees to Capital L, are barred from recovery under the Policy.

### Fifth Defense
### (Breach of Policy - Concession of Liability)

17. Because Capital L breached the Policy by conceding liability in the Knox Action without XL's consent, DJW and Knox, as putative subrogees to Capital L, are barred from recovery under the Policy.

### Sixth Defense
### (Breach of Policy – Increase of XL's Exposure)

18. Because Capital L breached the Policy by causing XL's exposure in the Knox Action to increase, DJW and Knox, as putative subrogees to Capital L, are barred from recovery under the Policy.

### Seventh Defense
### (Breach of Policy – Failure to Assist or Cooperate)

19. Because Capital L breached the Policy by its failure to assist or cooperate in the defense of the Knox Action, DJW and Knox, as putative subrogees to Capital L, are barred from recovery under the Policy.

### Eighth Defense
### (Junior/Subordinate Priority)

20. Knox and DJW's alleged entitlement to proceeds from the Policy is junior and subordinate to ELLK's, and therefore Knox and DJW may not recover any of the proceeds of the Policy unless and until ELLK's claims to the proceeds of the Policy are fully satisfied.

### Ninth Defense
### (Incorporation of Other Defenses)

21. ELLK hereby incorporates by reference any and all defenses asserted by its co-defendants-in-cross-claim in this Action.

## **RESERVATION OF RIGHTS**

22.     ELLK may have additional defenses which are unknown at this time that may become known during the course of this Action.  ELLK reserves the right to assert additional defenses as they become known.

Dated: New York, New York
       January 15, 2016

                EISEMAN LEVINE LEHRHAUPT
                & KAKOYIANNIS, P.C.

                By:     /s/ Eric R. Levine_____
                          Eric R. Levine
                          (elevine@eisemanlevine.com)
                          Eric P. Heichel
                          (eheichel@eisemanlevine.com)
                          Kiah Beverly-Graham
                          (kbeverly-graham@eisemanlevine.com)

                805 Third Avenue
                New York, NY 10022
                212-752-1000
                *Counsel for Defendant Eiseman*
                *Levine Lehrhaupt & Kakoyiannis, P.C.*