**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------- X
XL SPECIALTY INSURANCE COMPANY,              :        **ECF FILING**

                             Plaintiff,          :        14 Civ. 5225 (AT)

                   - v. -                              :

JOHN R. LAKIAN, DIANE W. LAMM and KOBRE &    :        **ANSWER TO CROSS-**
KIM LLP, EISMAN LEVINE LEHRHAUPT &                    **CLAIM**
KAKOYIANNIS, P.C., BRIEF CARMEN & KLEIMAN,   :
LLP, KNOX, LLC d/b/a KNOX, LLC OF NEW YORK,
and DJW ADVISORS, LLC,                       :

                             Defendants.
---------------------------------------------------------------------------- X

       Defendant Brief Carmen & Kleiman, LLP ("BCK")", as and for its Answer to the Cross-Claim of Defendants Knox, LLC d/b/a Knox, LLC of New York ("Knox") and DJW Advisors, LLC, alleges as follows:

       1.      Avers that no response is required to Par. 9 of the Cross-Claim.

       2.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Par. 10 of the Cross-Claim and refers to the said Policy for the provisions therein.

       3.      Denies knowledge and information sufficient to form a belief as to the allegations contained in Par. 11 of the Cross-Claim.

       4.      Denies knowledge and information sufficient to form Admits the allegations contained in Par. 12 of the Cross-Claim.

       5.      In response to Par. 13 of the Cross-Claim, refers to the Order dated December 8, 2015 of the United States Court of Appeals for the Second Circuit for the provisions therein.

       6      In response to Par. 14 of the Cross-Claim, refers to the Order dated December 8, 2015 of the United States Court of Appeals for the Second Circuit for the provisions therein.

7. Denies the allegations contained in Par. 15 of the Cross-Claim.

8. In response to Par. 16 of the Cross-Claim, refers to the said Complaint for the allegations therein.

9. Denies the allegations contained in Par. 17 of the Cross-Claim.

10. Denies the allegations contained in Par. 18 of the Cross-Claim.

11. Denies the allegations contained in Par. 19 of the Cross-Claim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

12. Knox and DJW's purported Cross-Claim should be barred because it fails to state any claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE
### (No Entitlement To Policy Proceeds)

13. Knox and DJW's purported Cross-Claim should be barred because they have no interest in, or right or entitlement to, the Policy, or its proceeds.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Subrogation)

14. As putative subrogees to Capital L Group LLC ("Capital L"), Knox and DJW's interest in, right to or entitlement to, the Policy or its proceeds is no greater than that of Capital L.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE
### (Breach of Policy – Failure to Defend)

15. Because Capital L breached the Policy by its failure to defend the Knox Action (as defined in the Cross-Claim), Knox and DJW, as putative subrogees to Capital L, are barred from recovery under the Policy.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
### (Breach of Policy – Failure to Give Notice)

16. Because Capital L breached the Policy by its failure to give notice of the Knox Action to XL (as the term is defined in the Cross-Claim of the Knox Action), Knox and DJW, as putative subrogees to Capital L, are barred from recovery under the Policy.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE
### (Breach of Policy – Concession of Liability)

17. Because Capital L breached the Policy by conceding liability in the Knox Action without XL's consent, Knox and DJW, as putative subrogees to Capital L, are barred from recovery under the Policy.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE
### (Breach of Policy – Increase of XL's Exposure)

18. Because Capital L breached the Policy by causing XL's exposure in the Knox Action to increase, Knox and DJW, as putative subrogees to Capital L, are barred from recovery under the Policy.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE
### (Breach of Policy – Failure to Assist or Cooperate)

19. Because Capital L breached the Policy by its failure to assist or cooperate in defense of the Knox Action, Knox and DJW, as putative subrogees to Capital L, are barred from recovery under the Policy.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE
### (Junior/Subordinate Priority)

20. Knox and DJW's alleged entitlement to proceeds from the Policy is junior and

subordinate to BCK's, and therefore Knox and DJC may not recover any of the proceeds of the Policy, unless and until BCK's claims to the proceeds of the Policy are fully satisfied.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE
### (Laches)

21. Knox and DJW's Cross-Claim is barred, in whole or in part, by the doctrine of laches.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

22. Knox and DJW's Cross-Claim is barred, because Knox and DJW, by their acts, omissions and/or conduct, have waiver, in whole or in part, their right to obtain the relief sought in the Cross-Claim.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

23  Knox and DJW's Cross-Claim is barred by unclean hands.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE
### (Incorporation of Other Defenses)

24. BCK hereby incorporates by reference any and all defenses asserted by its co-defendants-in-cross-claim in this Action.

### RESERVATION OF RIGHTS

25. BCK may have additional defenses which are unknown at this time that may become known during the course of this Action.  BCK reserves the right to assert additional defenses as they become known.

WHEREFORE, BCK demands judgment dismissing the Cross-Claim, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, NY
January 15, 2016

**BRIEF CARMEN & KLEIMAN, LLP**

By: /s/ Richard E. Carmen
**Richard E. Carmen, Esq.**
805 Third Avenue, 12th Floor
New York, NY  10022
(212) 758-6160