UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
XL SPECIALTY INSURANCE COMPANY,  : **ANSWER WITH**
 : **COUNTERCLAIM**
                Plaintiff, : **AND CROSS-CLAIMS**
 :
      -against- : 14 Civ. 5225 (ANT)
 :
JOHN R. LAKIAN, DIANE W. LAMM, KOBRE & :
KIM, LLP, EISEMAN LEVINE LEHRHAUPT & :
KAKOYIANNIS, P.C., BRIEF CARMEN & KLEIMAN,:
LLP, MERRILL COMMUNICATIONS, LLC, KNOX :
LLC D/B/A KNOX, LLC OF NEW YORK, DJW :
ADVISORS, LLC, and PANGEA CAPITAL :
MANAGEMENT, LLC :
 :
                Defendants. :
------------------------------------------------------------------- X

      Defendant Pangea Capital Management, LLC ("Pangea"), by and through its attorneys, Ingram Yuzek Gainen Carroll & Bertolotti, LLP, answers the July 14, 2014 complaint (the "Complaint") of plaintiff XL Specialty Insurance Company ("XL"), as follows:

      1.    Denies the allegations set forth in paragraph 60 of the Complaint.

      2.    Denies the allegations of paragraphs 15-22 and 24 of the Complaint, and respectfully refers the Court to the referenced insurance policy (the "Policy") for a statement of its terms.

      3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 1, 3-11, 28, 30-32, 35-52, 55, and 58-59, of the Complaint.

      4.    Denies the allegations of paragraph 2 of the Complaint, except admits that John Lakian ("Lakian") and Diane Lamm ("Lamm") were named as defendants in the Branigan Action, as that phrase is defined in the Complaint.

5. Denies the allegations of paragraph 14 of the Complaint, except admits that venue is proper in this district.

6. Denies the allegations of paragraph 23 of the Complaint, except admits that Lakian is an insured person under the Policy.

7. Denies the allegations of paragraphs 26-27 of the Complaint, except admits that Pangea and Mark Branigan ("Branigan") commenced a state court action against Lakian, Lamm, and others, on or about June 6, 2012 seeking damages in excess of $10 million, and alleges that the action was voluntarily discontinued in favor of binding arbitration (the "Arbitration").

8. Denies the allegations of paragraph 29 of the Complaint, except admits that Lamm was initially represented in the Arbitration by Kobre & Kim, LLP ("K&K").

9. Denies the allegations of paragraph 33 of the Complaint, except admits that K&K ceased representing Lamm in the Arbitration.

10. Denies the allegations of paragraph 34 of the Complaint, except admits that Eiseman Levine Lehrhaupt & Kakoyiannis ("Eiseman Levine") represented Lamm in the Arbitration after K&K was substituted out as counsel.

11. Admits the allegations of paragraphs 12-13, 25, 54, and 56-57 of the Complaint.

12. Repeats and realleges its responses to the allegations set forth in paragraph 53 of the Complaint.

### STATEMENT OF COUNTERCLAIM

13. Pangea repeats and realleges the foregoing paragraphs as if fully set forth at length herein.

14. The Policy requires XL to pay for the losses of its insureds resulting from claims for wrongful acts made during the policy period.

15. A "loss" under the Policy is defined to include "damages, judgements, settlements or other amounts (including punitive or exemplary damages where insurable by law)...."

16. Lakian is a named insured under the Policy, whose "losses" are covered under the Policy.

17. On February 2, 2016, Pangea obtained an award against Lakian in the Arbitration (the "Award"), which holds Lakian liable to Pangea for damages totaling almost $15.5 million, including interest, on Pangea's claims for fraud, breach of fiduciary duty, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). A copy of the Award is annexed hereto as Exhibit A.

18. On February 3, 2016, Pangea commenced an action in this Court seeking to confirm the Award.

19. The Award, which Pangea expects will shortly be reduced to a judgment, constitutes a "loss" subject to coverage under the Policy.

20. Similarly, any judgment resulting from the confirmation of the Award will likewise constitute a "loss" subject to coverage under the Policy.

21. Upon information and belief, XL, by this interpleader action, has deposited the remaining proceeds of the Policy with the Court in order for the Court to resolve competing claims thereto.

22. Pangea, by virtue of the Award against Lakian and its anticipated judgment thereon, is one such claimant, and is entitled to be paid out of the monies deposited with the Court by XL.

23. Pangea is thus entitled to a judgment declaring its right to the funds interpleaded by XL, and directing the Clerk to pay all such funds to it.

## STATEMENT OF CROSS-CLAIMS

24. Pangea repeats and realleges the foregoing paragraphs as if fully set forth at length herein.

25. The Policy requires XL to pay for the losses of its insureds resulting from claims for wrongful acts made during the policy period.

26. A "loss" under the Policy is defined to include "damages, judgements, settlements or other amounts (including punitive or exemplary damages where insurable by law)....."

27. Lakian is a named insured under the Policy, whose "losses" are covered under the Policy.

28. On February 2, 2016, Pangea obtained the Award against Lakian, which holds Lakian liable to Pangea for almost $15.5 million in damages, as detailed above.

29. On February 3, 2016, Pangea commenced an action in this Court seeking to confirm the Award.

30. The Award, which Pangea expects will shortly be reduced to a judgment, constitutes a "loss" subject to coverage under the Policy.

31. Similarly, any judgment resulting from the confirmation of the Award will likewise constitute a "loss" subject to coverage under the Policy.

32. Upon information and belief, XL, by this interpleader action, has deposited the remaining proceeds of the Policy with the Court in order for the Court to resolve competing claims thereto.

33. Pangea, by virtue of the Award against Lakian, and its anticipated judgment thereon, is one such claimant, and is entitled to be paid out of the monies deposited with the Court by XL.

4

34. The other parties to this interpleader action are XL, which has no interest in the interpleaded funds, various law firms and an e-discovery vendor retained by Lakian and Lamm to assist with their defense in the Arbitration and a related action commenced by Knox, LLC and DJW Advisors, LLC (the "Knox Action"), all of which claim to be owed various amounts for unpaid legal fees and e-discovery charges, and the plaintiffs in the Knox Action (the "Knox Plaintiffs"), who seek to collect on a default judgment that they obtained in the Knox Action against Capital L Group, LLC ("Capital L").

35. Apart from Panega and the Knox Plaintiffs, upon information and belief, no other party to this interpleader action has obtained a judgment or award against any party insured under the Policy.

36. Upon information and belief, the Knox Plaintiffs, in turn, may be precluded from any recovery herein in connection with their judgment against Capital L by virtue of Capital L's default in the Knox Action, which is, upon information and belief, a material breach of the Policy.

37. Lakian, by contrast, appeared and defended himself in both the Arbitration and the Knox Action.

38. Pangea is thus entitled to first preference over all other competing claimants with respect to the funds deposited with the Court by XL, and should be paid accordingly.

39. Pangea is entitled to a judgment declaring its right to the funds deposited with the Court by XL, and directing the Clerk to pay all such funds to it.

WHEREFORE, Pangea demands judgment as follows:

A. A declaration that Pangea is entitled to be paid $1,372,596.10 – the full amount of the funds interpleaded with the Court pursuant to this interpleader action;

B. An order directing the Clerk to pay Pangea $1,372,596.10 – the full amount of the funds interpleaded with the Court pursuant to this interpleader action;

C. The costs and expenses of this litigation, including reasonable attorneys' fees; and

D. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 9, 2016

INGRAM YUZEK GAINEN CARROLL
& BERTOLOTTI, LLP

By: _____
Dean G. Yuzek
Caitlin L. Bronner

*Attorneys for Defendant*
 *Pangea Capital Management, LLC*
250 Park Avenue
New York, New York 10177
(212) 907-9600
dyuzek@ingramllp.com
cbronner@ingramllp.com

509381_2/03257-0002